COOLEY GODWARD KRONISH LLP
STEVEN M. STRAUSS (99153) (sms@cooley.com)
JOHN S. KYLE (199196) (jkyle@cooley.com)
4401 Eastgate Mall
San Diego, CA  92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

COOLEY GODWARD KRONISH LLP
JEFFREY S. KARR (186372) (jkarr@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:    (650) 843-5000
Facsimile:    (650) 857-0663

Attorneys for Defendants
QUALCOMM INCORPORATED, SNAPTRACK, INC. and
NORMAN KRASNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>Defendants. | Case No.  08-cv-1992-MMA(POR)<br><br>**DEFENDANT QUALCOMM INCORPORATED, SNAPTRACK, INC., AND NORMAN KRASNER'S ANSWER TO FOURTH AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:      Hon. Michael M. Anello |

Defendants Qualcomm Incorporated ("Qualcomm"), SnapTrack, Inc. ("SnapTrack") and Norman Krasner ("Krasner") (collectively referred to hereafter as "Defendants") answer the Fourth Amended Complaint filed by Plaintiffs Gabriel Technologies Corporation ("Gabriel") and Trace Technologies, LLC ("Trace") (collectively referred to hereafter as "Plaintiffs").  Each allegation not expressly admitted is denied.  The following numbered paragraphs of this Answer correspond to the numbered paragraphs in the Fourth Amended Complaint, other than with

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED COMPLAINT**

**CASE NO. 08-CV-1992-MMA(POR)**

respect to the affirmative defenses set forth herein, and the Prayer for Relief.

## ANSWER

## I. INTRODUCTION

**1.** Defendants admit that Krasner has over 60 published domestic patents related to, among other things, global positioning satellite systems. Defendants deny each and every remaining allegation in paragraph 1 of the Fourth Amended Complaint.

**2.** Defendants admit that SnapTrack entered into a license agreement with Loc8.net. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Loc8.net is a predecessor-in-interest to Gabriel. Defendants deny each and every remaining allegation in paragraph 2 of the Fourth Amended Complaint.

**3.** Defendants admit that Qualcomm gave stock worth approximately $1 billion at the time to acquire SnapTrack. Defendants deny each and every remaining allegation in paragraph 3 of the Fourth Amended Complaint.

**4.** The allegations in paragraph 4 are not factual allegations; therefore, Defendants are not required to admit or deny them. To the extent any of the allegations require a response, Defendants deny them.

## II. PARTIES

**5.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, therefore, deny them.

**6.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and, therefore, deny them.

**7.** Defendants admit that Qualcomm is a Delaware corporation with its principal place of business in San Diego, California. Defendants admit that, for purposes of Plaintiffs' Fourth Amended Complaint in this action, Qualcomm was served through its counsel of record, Cooley Godward Kronish LLP. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 7.

**8.** Defendants admit that SnapTrack is a California corporation with its principal place of business in California. Defendants admit that SnapTrack has been a wholly owned

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**                    1.                    **CASE NO. 08-CV-1992-MMA(POR)**

subsidiary of Qualcomm since 2000.  Defendants admit that, for purposes of Plaintiffs' Fourth Amended Complaint in this action, SnapTrack was served through its counsel of record, Cooley Godward Kronish LLP.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 8.

**9.**      Defendants admit that Krasner is a California resident.  Defendants admit that, for purposes of Plaintiffs' Fourth Amended Complaint in this action, Krasner was served through his counsel of record, Cooley Godward Kronish LLP.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 9.

### III.  JURISDICTION AND VENUE

**10.**      The allegations in paragraph 10 are legal and non-factual allegations; therefore, Defendants are not required to admit or deny them.  To the extent any of the allegations require a response, Defendants deny them.  Defendants also deny that there is any claim for equitable patent infringement, so such a claim cannot confer jurisdiction in this court.

**11.**      The allegations in paragraph 11 are legal and non-factual allegations; therefore, Defendants are not required to admit or deny them.  To the extent the allegations require a response, Defendants deny them.

### IV.  FACTS APPLICABLE TO ALL COUNTS

**Gabriel, Trace, and Locate.**

**12.**      Defendants deny the allegations in the first two sentences of paragraph 12.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 12 and, therefore, deny them.

**13.**      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, therefore, deny them.

**14.**      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, therefore, deny them.

**Krasner and SnapTrack.**

**15.**      Defendants admit that SnapTrack had discussions with Richard Crowson

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**                           2.                    **CASE NO. 08-CV-1992-MMA(POR)**

("Crowson") and William Clise ("Clise") regarding a license agreement between Locate and SnapTrack. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Crowson and Clise were the founders of Locate and, therefore, deny such allegation. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 15 of the Fourth Amended Complaint.

16. Defendants deny each and every allegation in paragraph 16 of the Fourth Amended Complaint.

17. Defendants admit that SnapTrack and Locate negotiated terms of a license agreement which included a license to certain intellectual property of SnapTrack. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 17 of the Fourth Amended Complaint.

18. Defendants deny each and every allegation in paragraph 18 of the Fourth Amended Complaint.

19. Defendants admit that SnapTrack developed assisted Global Positioning System ("aGPS") technology and related intellectual property. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 19 of the Fourth Amended Complaint.

20. Defendants deny each and every allegation in paragraph 20 of the Fourth Amended Complaint.

21. Defendants deny the allegations in the first sentence of paragraph 21 of the Fourth Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 21 of the Fourth Amended Complaint and, therefore, deny them.

**SnapTrack and Locate Enter Into the License Agreement.**

22. Defendants admit that, in negotiating the terms of a license agreement, representatives of SnapTrack discussed intellectual property rights with representatives of Locate. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 22 of the Fourth Amended Complaint.

23. Defendants admit that on August 20, 1999, SnapTrack and Locate entered into a

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                                    3.                    CASE NO. 08-CV-1992-MMA(POR)

License Agreement ("1999 License Agreement").  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 23 of the Fourth Amended Complaint.

24.     Defendants deny that paragraph 24 accurately or completely characterizes the language and terms of the 1999 License Agreement and to the extent that paragraph 24 purports to characterize the 1999 License Agreement, Defendants refer to the 1999 License Agreement itself for its full and complete terms.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 24.

25.     Defendants admit that, under the 1999 License Agreement, Locate agreed to pay the fees set out in Exhibit F to the 1999 License Agreement in part for SnapTrack's delivery of software as provided in the 1999 License Agreement.  Defendants deny that paragraph 25 accurately or completely characterizes the language and terms of the 1999 License Agreement and to the extent that paragraph 25 purports to characterize the 1999 License Agreement, Defendants refer to the 1999 License Agreement itself for its full and complete terms.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 25.

26.     Defendants admit that the quoted language in paragraph 26 appears in Section 8 of the 1999 License Agreement.  Defendants deny that paragraph 26 accurately or completely characterizes the language and terms of the 1999 License Agreement and to the extent that paragraph 26 purports to characterize the 1999 License Agreement, Defendants refer to the 1999 License Agreement itself for its full and complete terms.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 26.

27.     Defendants deny that paragraph 27 accurately or completely characterizes the language and terms of the 1999 License Agreement and to the extent that paragraph 27 purports to characterize the 1999 License Agreement, Defendants refer to the 1999 License Agreement itself for its full and complete terms.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 27.

28.     Defendants admit that the quoted language in paragraph 28 appears in Section 8 of the 1999 License Agreement.  Defendants deny that paragraph 28 accurately or completely characterizes the language and terms of the 1999 License Agreement and to the extent that

1  paragraph 28 purports to characterize the 1999 License Agreement, Defendants refer to the 1999

2  License Agreement itself for its full and complete terms.   Except as expressly admitted,

3  Defendants deny each and every remaining allegation in paragraph 28.

4      **29.**    Defendants admit that the quoted language in paragraph 29 appears in Section

5  8(b)(i) of the 1999 License Agreement.   Defendants deny that paragraph 29 accurately or

6  completely characterizes the language and terms of the 1999 License Agreement and to the extent

7  that paragraph 29 purports to characterize the 1999 License Agreement, Defendants refer to the

8  1999 License Agreement itself for its full and complete terms.   Except as expressly admitted,

9  Defendants deny each and every remaining allegation in paragraph 29.

10      **30.**    Defendants admit that the quoted language in paragraph 30 appears in Section 9(a)

11  of the 1999 License Agreement.   Defendants deny that paragraph 30 accurately or completely

12  characterizes the language and terms of the 1999 License Agreement and to the extent that

13  paragraph 30 purports to characterize the 1999 License Agreement, Defendants refer to the 1999

14  License Agreement itself for its full and complete terms.   Except as expressly admitted,

15  Defendants deny each and every remaining allegation in paragraph 30.

16      **31.**    Defendants deny that paragraph 31 accurately or completely characterizes the

17  language and terms of the 1999 License Agreement and to the extent that paragraph 31 purports

18  to characterize the 1999 License Agreement, Defendants refer to the 1999 License Agreement

19  itself for its full and complete terms.  Defendants are without sufficient knowledge or information

20  to form a belief as to the truth of the remaining allegations in paragraph 31 and, therefore, deny

21  them.

22      **32.**    Defendants deny each and every allegation in paragraph 32 of the Fourth

23  Amended Complaint.

24      **SnapTrack Finds a Buyer:  Qualcomm.**

25      **33.**    Defendants admit that Qualcomm has been involved in prior intellectual property

26  disputes.   The remaining allegations in paragraph 33 are not factual allegations; therefore,

27  Defendants are not required to admit or deny them.   To the extent the allegations require a

28  response, Defendants deny them.

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

**Defendants' Answer to Fourth Amended
Complaint**                          5.                          **Case No. 08-cv-1992-MMA(POR)**

**34.** Defendants admit that Qualcomm was founded in 1985. Defendants admit that Qualcomm developed and patented technology related to Code Division Multiple Access ("CDMA"). Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 34 of the Fourth Amended Complaint.

**35.** Defendants admit that Qualcomm earns revenues by licensing its many patents, some of which relate to CDMA. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 35 of the Fourth Amended Complaint.

**36.** Defendants admit that Qualcomm earned $343 million in license, royalty, and development revenue in the 1999 Fiscal Year. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 36 of the Fourth Amended Complaint.

**37.** Defendants admit that Qualcomm was and is a leader in aGPS. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 37 of the Fourth Amended Complaint.

**38.** Defendants admit that Qualcomm decided to acquire SnapTrack and conducted due diligence. Except as expressly admitted, Defendants deny the allegations in paragraph 38 of the Fourth Amended Complaint.

**39.** Defendants admit that Bruce Greenhaus was a Qualcomm vice president and was an attorney admitted to practice before the U.S. Patent and Trademark Office. Defendants admit that Greenhaus was involved in conducting due diligence for the SnapTrack acquisition. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 39 of the Fourth Amended Complaint.

**40.** Defendants deny each and every allegation in paragraph 40 of the Fourth Amended Complaint.

**41.** Defendants admit that Qualcomm issued a press release on January 26, 2000, and that the quoted language appears in the press release. Defendants deny that paragraph 41 accurately or completely characterizes the language of the January 26, 2000 press release and to the extent that paragraph 41 purports to characterize the January 26, 2000 press release, Defendants refer to the press release for its full and complete terms.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                                    6.                        CASE NO. 08-CV-1992-MMA(POR)

**42.**     Defendants admit that the press release Qualcomm issued on January 26, 2000 contained a quote from Dr. Irwin Mark Jacobs, then Chairman and CEO of Qualcomm, and that the quoted language in paragraph 42 appears in the press release.  Defendants deny that paragraph 42 accurately or completely characterizes the language of the January 26, 2000 press release and to the extent that paragraph 42 purports to characterize the January 26, 2000 press release, Defendants refer to the press release itself for its full and complete language.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 42 of the Fourth Amended Complaint.

**43.**     Defendants admit that the quoted language in paragraph 43 appears in the January 26, 2000 press release.  Defendants deny that paragraph 43 accurately or completely characterizes the language of the January 26, 2000 press release and to the extent that paragraph 43 purports to characterize the January 26, 2000 press release, Defendants refer to the press release itself for its full and complete language.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 43 of the Fourth Amended Complaint.

**44.**     Defendants deny each and every allegation in paragraph 44 of the Fourth Amended Complaint.

**45.**     Defendants deny each and every allegation in paragraph 45 of the Fourth Amended Complaint.

**46.**     Defendants admit that Qualcomm issued a press release on March 2, 2000 announcing that it had completed the acquisition of SnapTrack, and that SnapTrack became a wholly-owned subsidiary of Qualcomm.  Defendants admit that the quoted language in paragraph 46 appears in the March 2, 2000 press release.  Defendants deny that paragraph 46 accurately or completely characterizes the language of the March 2, 2000 press release and to the extent that paragraph 46 purports to characterize the March 2, 2000 press release, Defendants refer to the press release itself for its full and complete language.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 46 of the Fourth Amended Complaint.

**47.**     Defendants admit that Krasner received Qualcomm stock as part of Qualcomm's acquisition of SnapTrack and that Krasner became a Qualcomm employee.  Except as expressly

admitted, Defendants deny the remaining allegations in paragraph 47 of the Fourth Amended Complaint.

**48.**     Defendants deny each and every allegation in paragraph 48 of the Fourth Amended Complaint.

**49.**     Defendants deny each and every allegation in paragraph 49 of the Fourth Amended Complaint.

**50.**     Defendants deny each and every allegation in paragraph 50 of the Fourth Amended Complaint.

**51.**     Defendants admit that Qualcomm issued a press release on January 16, 2002 announcing a new gpsOne™ mobile-based product feature for position location related applications and services.   Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 51 of the Fourth Amended Complaint.

**52.**     Defendants admit that by the end of 2005, the number of gpsOne-enabled handsets in the world exceeded 150 million.  Defendants admit that Qualcomm GPS technology is widely deployed.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 52 of the Fourth Amended Complaint.

### Krasner, SnapTrack, and Qualcomm Misappropriate Gabriel's Trade Secrets and Confidential Information.

**53.**     Defendants deny each and every allegation in paragraph 53 of the Fourth Amended Complaint.

**54.**     Defendants admit that Krasner filed patent applications on aGPS technology. Defendants deny each and every remaining allegation in paragraph 54 of the Fourth Amended Complaint.

**55.**     Defendants deny each and every allegation in paragraph 55 of the Fourth Amended Complaint.

**56.**     Defendants deny each and every allegation in paragraph 56 of the Fourth Amended Complaint.

**57.**     Defendants deny each and every allegation in paragraph 57 of the Fourth

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**                    8.                    **CASE NO. 08-CV-1992-MMA(POR)**

Amended Complaint.

**58.**    Defendants deny each and every allegation in paragraph 58 of the Fourth Amended Complaint.

**59.**    Defendants deny each and every allegation in paragraph 59 of the Fourth Amended Complaint.

**60.**    Defendants deny each and every allegation in paragraph 60 of the Fourth Amended Complaint.

**61.**    Defendants deny each and every allegation in paragraph 61 of the Fourth Amended Complaint.

**62.**    Defendants deny each and every allegation in paragraph 62 of the Fourth Amended Complaint.

**63.**    Defendants admit that the patents and applications set forth in paragraph 63 claim certain inventions.  Except as expressly admitted, Defendants deny each and every allegation in paragraph 63 of the Fourth Amended Complaint.

**64.**    Defendants admit that the patent applications set forth in paragraph 64 claim certain inventions.  Except as expressly admitted, Defendants deny each and every allegation in paragraph 64 of the Fourth Amended Complaint.

**65.**    Defendants deny each and every allegation in paragraph 65 of the Fourth Amended Complaint.

**66.**    Defendants admit that Qualcomm licenses its patent portfolio to leading companies in the wireless telecommunications industry.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 66 of the Fourth Amended Complaint.

**67.**    Defendants deny each and every allegation in paragraph 67 of the Fourth Amended Complaint.

**68.**    Defendants deny each and every allegation in paragraph 68 of the Fourth Amended Complaint.

**The Specific Patents and Patent Applications.**

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT

9.

CASE NO. 08-CV-1992-MMA(POR)

**69.**     Defendants admit that they did not name Locate or its employees as inventors on any of the Patents or Applications discussed in the Fourth Amended Complaint.   Except as expressly admitted, Defendants deny each and every allegation in paragraph 69 of the Fourth Amended Complaint.

The '209 Patent and the '757 Patent

**70.**     Defendants admit the allegations in paragraph 70 of the Fourth Amended Complaint.

**71.**     Defendants admit that SnapTrack and Locate discussed latency from time to time. Except as expressly admitted, Defendants deny each and every allegation in paragraph 71 of the Fourth Amended Complaint.

**72.**     Defendants deny each and every allegation in paragraph 72 of the Fourth Amended Complaint.

**73.**     Defendants deny each and every allegation in paragraph 73 of the Fourth Amended Complaint.

The '372 Patent

**74.**     Defendants admit the allegations in paragraph 74 of the Fourth Amended Complaint.

**75.**     Defendants deny each and every allegation in paragraph 75 of the Fourth Amended Complaint.

**76.**     Defendants deny each and every allegation in paragraph 76 of the Fourth Amended Complaint.

**77.**     Defendants deny each and every allegation in paragraph 77 of the Fourth Amended Complaint.

The '050 Patent

**78.**     Defendants admit the allegations in paragraph 78 of the Fourth Amended Complaint.

**79.**     Defendants deny that paragraph 79 accurately or completely characterizes the '050 Patent and to the extent that paragraph 79 purports to characterize the '050 Patent, Defendants

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                    10.                CASE NO. 08-CV-1992-MMA(POR)

refer to the '050 Patent itself for its full and complete language.  On this basis, Defendants deny the allegations in paragraph 79.

**80.**     Defendants deny each and every allegation in paragraph 80 of the Fourth Amended Complaint.

**81.**     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 of the Fourth Amended Complaint and, therefore, deny them.

The '980 Patent

**82.**     Defendants admit that Qualcomm employees Douglas N. Rowitch and Christopher Patrick are named as inventors of the '980 Patent.  Defendants deny that paragraph 82 accurately or completely characterizes claim 1 of the '980 Patent and to the extent that paragraph 82 purports to characterize claim 1 of the '980 Patent, Defendants refer to the '980 Patent itself for its full and complete language.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 82 of the Fourth Amended Complaint.

**83.**     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 of the Fourth Amended Complaint and, therefore, deny them.

The '249 Patent

**84.**     Defendants admit that the '249 Patent names Peter Gaal, a Qualcomm employee, as inventor.  Defendants deny that paragraph 84 accurately or completely characterizes the '249 Patent and to the extent paragraph 84 purports to characterize the '249 Patent, Defendants refer to the '249 Patent itself for its complete language.  Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 84 of the Fourth Amended Complaint.

**85.**     Defendants deny that paragraph 85 accurately characterizes the documents it refers to, and to the extent that paragraph 82 purports to characterize the documents, Defendants refer to the documents for their full and complete language.   On this basis, Defendants deny the allegations in paragraph 85 of the Fourth Amended Complaint.

**86.**     Defendants deny each and every allegation in paragraph 86 of the Fourth

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                                        11.                    CASE NO. 08-CV-1992-MMA(POR)

Amended Complaint.

The '402 Patent

**87.** Defendants admit the allegations in paragraph 87 of the Fourth Amended Complaint.

**88.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88 of the Fourth Amended Complaint and, therefore, deny them.

**89.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 of the Fourth Amended Complaint and, therefore, deny them.

**90.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 of the Fourth Amended Complaint and, therefore, deny them.

**91.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91 of the Fourth Amended Complaint and, therefore, deny them.

**92.** Defendants deny each and every allegation in paragraph 92 of the Fourth Amended Complaint.

The '786 Patent and the '436 Application

**93.** Defendants admit that that '786 Patent and '436 Application name Krasner as the inventor. Defendants admit that the '786 Patent and '436 Application are both entitled "Method and Apparatus for Communicating Emergency Information Using Wireless Devices." Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 93 of the Fourth Amended Complaint.

**94.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 of the Fourth Amended Complaint and, therefore, deny them.

**95.** Defendants are without sufficient knowledge or information to form a belief as to

1    the truth of the allegations in paragraph 95 of the Fourth Amended Complaint and, therefore,

2    deny them.

3         The '876 Patent

4         **96.**    Defendants admit that, on its face, the '876 Patent claims to be related to U.S.

5    Provisional application No. 60/406,261 that was filed on August 26, 2002.  Defendants deny that

6    paragraph 96 accurately reflects or completely characterizes the '876 Patent and to the extent that

7    paragraph 96 purports to characterize the '876 Patent, Defendants refer to the '876 Patent itself

8    for its full and complete language.  Defendants admit that Qualcomm employees Anjali Jha and

9    Francesco Grilli are named as inventors on the '876 patent.  Except as expressly admitted,

10   Defendants deny each and every remaining allegation in paragraph 96 of the Fourth Amended

11   Complaint.

12        **97.**    Defendants are without sufficient knowledge or information to form a belief as to

13   the truth of the allegations in paragraph 97 of the Fourth Amended Complaint and, therefore,

14   deny them.

15        The '277 Patent and the '856 Application

16        **98.**    Defendants admit that, on its face, the '277 Patent claims to be related to U.S.

17   Provisional application No. 60/542,496 that was filed on February 5, 2004.  Defendants deny that

18   paragraph 98 accurately or completely characterizes the '277 Patent and to the extent that

19   paragraph 98 purports to characterize the '277 Patent, Defendants refer to the '277 Patent for its

20   full and complete language.  Defendants admit that Qualcomm employee Kirk Burroughs is

21   named as the inventor of the '277 Patent.  Except as expressly admitted, Defendants deny each

22   and every remaining allegation in paragraph 98 of the Fourth Amended Complaint.

23        **99.**    Defendants are without sufficient knowledge or information to form a belief as to

24   the truth of the allegations in paragraph 99 of the Fourth Amended Complaint and, therefore,

25   deny them.

26        The '799 Application

27        **100.**    Defendants admit that, on its face, the '799 Application claims to be related to

28   U.S. Provisional application No. 60/419,680 that was filed on October 17, 2002.  Defendants

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**                    13.                    **CASE NO. 08-CV-1992-MMA(POR)**

1    deny that paragraph 100 accurately or completely characterizes the '799 application and to the

2    extent that paragraph 100 purports to characterize the '799 Application, Defendants refer to the

3    '799 application itself for its full and complete language.   Defendants admit that Leonid

4    Sheynblat is named as the inventor on the '799 Application.   Except as expressly admitted,

5    Defendants deny each and every remaining allegation in paragraph 100 of the Fourth Amended

6    Complaint.

7        **101.**   Defendants are without sufficient knowledge or information to form a belief as to

8    the truth of the allegations in paragraph 101 of the Fourth Amended Complaint and, therefore,

9    deny them.

10       The '062 Application

11       **102.**   Defendants admit that, on its face, the '062 Application claims to be related to

12    U.S. Provisional application No. 60/452,358 that was filed on March 5, 2003.   Defendants deny

13    that paragraph 102 accurately or completely characterizes the '062 Application and to the extent

14    that paragraph 102 purports to characterize the '062 Application, Defendants refer to the '062

15    Application for its full and complete language.   Defendants admit that the inventors named on the

16    '062 Application are Jun Wang, Leonid Sheynblat, Parag Agahse, Randall Gellens and Raymond

17    Hsu.   Except as expressly admitted, Defendants deny each and every remaining allegation in

18    paragraph 102 of the Fourth Amended Complaint.

19       **103.**   Defendants are without sufficient knowledge or information to form a belief as to

20    the truth of the allegations in paragraph 103 of the Fourth Amended Complaint and, therefore,

21    deny them.

22       The '409 Application

23       **104.**   Defendants admit that Anjali Jha and Krasner are named as inventors on the '409

24    Application.   Defendants deny that paragraph 104 accurately or completely characterizes the '409

25    Application and to the extent that paragraph 104 purports to characterize the '409 Application,

26    Defendants refer to the '409 Application for its full and complete language.   On this basis and

27    except as expressly admitted, Defendants deny the allegations in Paragraph 104 of the Fourth

28    Amended Complaint.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                   14.                   CASE NO. 08-CV-1992-MMA(POR)

**105.** Defendants deny that paragraph 105 accurately or completely characterizes the claims in the '409 Application and to the extent that paragraph 105 purports to characterize the language of the '409 Application, Defendants refer to the '409 Application itself for its full and complete language. Defendants deny each and every remaining allegation in paragraph 105 of the Fourth Amended Complaint.

The '986 Application

**106.** Defendants admit that the '986 Application lists Krasner and Sheynblat as inventors. Defendants deny that paragraph 106 accurately or completely characterize the '986 Application and to the extent that paragraph 106 purports to characterize the '986 Application, Defendants refer to the '986 Application itself for its full and complete language. On this basis and except as expressly admitted, Defendants deny the allegations in paragraph 106.

**107.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 107 of the Fourth Amended Complaint and, therefore, deny them.

**108.** The allegations in paragraph 108 call for legal conclusions not factual allegations; therefore, Defendants are not acquired to admit or deny them. To the extent the allegations in paragraph 108 require a response, Defendants deny them.

**Qualcomm Continues Its Wrongdoing.**

**109.** Defendants admit that Qualcomm Ventures conducted due diligence regarding a potential investment in Locate, and that Qualcomm Ventures did not invest in or acquire Locate. Defendants deny each and every remaining allegation in paragraph 109 of the Fourth Amended Complaint.

**110.** Defendants admit that, in 2004, SnapTrack and Qualcomm entered into discussions with Locate and/or Trace regarding amending the 1999 License Agreement and that SnapTrack and Qualcomm presented Trace and/or Locate with a proposed Amended and Restated License Agreement. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 110 of the Fourth Amended Complaint and, therefore, deny them.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT

15.

CASE NO. 08-CV-1992-MMA(POR)

111. Defendants deny each and every allegation in paragraph 111 of the Fourth Amended Complaint.

112. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 112 of the Fourth Amended Complaint and, therefore, deny them.

113. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 113 of the Fourth Amended Complaint and, therefore, deny them.

114. Defendants deny each and every allegation in paragraph 114 of the Fourth Amended Complaint.

115. Defendants admit that, at the time Qualcomm was negotiating an Amended and Restated License Agreement with Locate and/or Trace, Qualcomm requested that Locate pay approximately $342,000 in late fees owed under the 1999 License Agreement. Defendants admit that Qualcomm agreed to forgo the late fees when Locate and/or Trace entered into this 2006 Amended and Restated License Agreement. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 115 of the Fourth Amended Complaint.

116. Defendants admit that Phillip Fries was Senior Legal Counsel at Qualcomm. Defendants admit that, at the time Qualcomm was negotiating that Amended and Restated License Agreement with Locate and/or Trace, Qualcomm requested that Locate pay approximately $342,000 in late fees owed under the 1999 License Agreement. Defendants admit that Qualcomm agreed to forgo the late fees when Locate and/or Trace entered into the 2006 Amended and Restated License Agreement. Except as expressly admitted, Defendants deny each and every remaining allegation in paragraph 116 of the Fourth Amended Complaint.

117. Defendants admit that Greenhaus met with Gabriel's counsel and Chief Technology Officer in August 2005. Defendants deny each and every remaining allegation in paragraph 117 of the Fourth Amended Complaint.

118. Defendants deny each and every allegation in paragraph 118 of the Fourth Amended Complaint.

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                                    16.                    CASE NO. 08-CV-1992-MMA(POR)

1    **119.**   Defendants are without sufficient knowledge or information to form a belief as to

2    the truth of the allegations in paragraph 119 of the Fourth Amended Complaint and, therefore,

3    deny them.

4    **120.**   Defendants deny each and every allegation in paragraph 120 of the Fourth

5    Amended Complaint.

6    **121.**   Defendants deny each and every allegation in paragraph 121 of the Fourth

7    Amended Complaint.

8    **122.**   Defendants deny that paragraph 122 accurately or completely characterizes the

9    language and terms of the 2006 License Agreement and to the extent that paragraph 122 purports

10   to characterize the language and terms of the 2006 License Agreement, Defendants refer to the

11   2006 License Agreement itself.   On this basis, Defendants deny each and every allegation in

12   paragraph 122 of the Fourth Amended Complaint.

13   **123.**   Defendants admit that SnapTrack and Trace entered into an Amended and

14   Restated License Agreement on January 16, 2006 ("2006 License Agreement").   Defendants deny

15   each and every remaining allegation in paragraph 123 of the Fourth Amended Complaint.

16   **124.**   Defendants admit that the quoted language in paragraph 124 appears in

17   Section 8(a) of the 2006 License Agreement.   Defendants deny that paragraph 124 accurately or

18   completely characterizes the language and terms of the 2006 License Agreement and to the extent

19   that paragraph 124 purports to characterize the language and terms of the 2006 License

20   Agreement, Defendants refer to the 2006 License Agreement itself.   Defendants deny each and

21   every remaining allegation in paragraph 124 of the Fourth Amended Complaint.

22   **125.**   Defendants are without sufficient knowledge or information to form a belief as to

23   the truth of the allegations in the first sentence of paragraph 125 of the Fourth Amended

24   Complaint and, therefore, deny them.   Defendants admit that SnapTrack is an assignee on at least

25   55 patents, that Qualcomm has filed at least 6,500 patent applications, and that Qualcomm is the

26   assignee of at least 2,345 U.S. patents.   Except as expressly admitted, Defendants deny the

27   allegations of paragraph 125 of the Fourth Amended Complaint.

28   **126.**   Defendants are without sufficient knowledge or information to form a belief as to

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**          17.          **CASE NO. 08-CV-1992-MMA(POR)**

1  the truth of the allegations in paragraph 126 of the Fourth Amended Complaint and, therefore,
2  deny them.

3    **127.**    Defendants deny each and every allegation in paragraph 127 of the Fourth
4  Amended Complaint.

5    **128.**    Defendants admit that Gabriel made a presentation to Qualcomm in June 2007.
6  Defendants deny each and every remaining allegation in paragraph 128 of the Fourth Amended
7  Complaint.

8    **129.**    Defendants are without sufficient knowledge or information to form a belief as to
9  the truth of the allegations in the second sentence of paragraph 129 of the Fourth Amended
10  Complaint and, therefore, deny them.  Defendants deny each and every remaining allegation in
11  paragraph 129 of the Fourth Amended Complaint.

12    **130.**    The allegations in paragraph 130 are legal and not factual allegations; therefore,
13  Defendants are not required to admit or deny them.  To the extent paragraph 130 contains factual
14  allegations, Defendants deny each and every one of them.

15                                     **V.  <u>CAUSES OF ACTION</u>**

16  <u>**COUNT TWO:  Breach of the Amended and Restated License Agreement**</u>

17    **131.**    Defendants incorporate by reference and reallege their responses to each and every
18  allegation set forth above, as though fully set forth herein.

19    **132.**    Defendants admit the allegations in paragraph 132 of the Fourth Amended
20  Complaint.

21    **133.**    Defendants deny each and every allegation in paragraph 133 of the Fourth
22  Amended Complaint.

23    **134.**    Defendants deny each and every allegation in paragraph 134 of the Fourth
24  Amended Complaint.

25    **135.**    Defendants deny each and every allegation in paragraph 135 of the Fourth
26  Amended Complaint.

27    **136.**    Defendants deny each and every allegation in paragraph 136 of the Fourth
28  Amended Complaint.

Cooley Godward
Kronish LLP
Attorneys At Law
San Diego

Defendants' Answer to Fourth Amended
Complaint                                        18.                          Case No. 08-cv-1992-MMA(POR)

**COUNT FIVE:  Correction of Inventorship (Pursuant to 35 U.S.C. § 256)**

**137.**     Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

**138.**     Defendants admit that Krasner and representatives of SnapTrack and Qualcomm applied for and were issued U.S. Patents in compliance with the United States Patent Act.

**139.**     Defendants deny each and every allegation in paragraph 139 of the Fourth Amended Complaint.

**140.**     Defendants deny each and every allegation in paragraph 140 of the Fourth Amended Complaint.

**141.**     Defendants deny each and every allegation in paragraph 141 of the Fourth Amended Complaint.

**COUNT SIX:  Declaratory Judgment Of Ownership Interest In The Patents (Pursuant to 28 U.S.C. § 2201)**

**142.**     Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

**143.**     The allegations in paragraph 143 are not factual allegations, therefore Defendants are not required to admit or deny them.

**144.**     The allegations in paragraph 144 are legal and not factual allegations, therefore Defendants are not required to admit or deny them.  To the extent paragraph 144 contains factual allegations, Defendants deny each and every one of them.

**145.**     The allegations in paragraph 145 are legal and not factual allegations, therefore Defendants are not required to admit or deny them.  To the extent paragraph 145 contains factual allegations, Defendants deny each and every one of them.

**146.**     The allegations in paragraph 146 are legal and not factual allegations, therefore Defendants are not required to admit or deny them.  To the extent paragraph 146 contains factual allegations, Defendants deny each and every one of them.

**147.**     Defendants deny each and every allegation in the first sentence of paragraph 147 in the Fourth Amended Complaint.  The allegations in the second sentence of paragraph 147 are

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                                    19.                     CASE NO. 08-CV-1992-MMA(POR)

legal and not factual allegations, therefore Defendants are not required to admit or deny them, but to the extent the allegations require a response, Defendants deny them.

**148.** Defendants deny each and every allegation in paragraph 148 of the Fourth Amended Complaint.

**149.** The allegations in paragraph 149 are not factual allegations, therefore Defendants are not required to admit or deny them, but to the extent the allegations require a response, Defendants deny them.

**COUNT EIGHT:  Misappropriation (Pursuant to California Uniform Trade Secrets Act)**

**150.** Defendants incorporate by reference and reallege their responses to each and every allegation set forth above, as though fully set forth herein.

**151.** Defendants deny each and every allegation in paragraph 151 of the Fourth Amended Complaint.

**152.** Defendants deny each and every allegation in paragraph 152 of the Fourth Amended Complaint.

**153.** Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 153 of the Fourth Amended Complaint and, therefore, deny them.

**154.** Defendants deny each and every allegation in paragraph 154 of the Fourth Amended Complaint.

**155.** Defendants deny each and every allegation in paragraph 155 of the Fourth Amended Complaint.

**156.** Defendants deny each and every allegation in paragraph 156 of the Fourth Amended Complaint.

**157.** The allegations in paragraph 157 are legal not factual allegations, therefore Defendants are not required to admit or deny them.  To the extent the allegations in paragraph 163 require a response, Defendants deny them.

## VI.  **JURY REQUEST**

**158.** The allegations in paragraph 158 are not factual allegations, therefore Defendants

are not required to admit or deny them.

## VII.  REQUEST FOR RELIEF

**159.**    The allegations in paragraph 159 are not factual allegations, therefore Defendants are not required to admit or deny them.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

**160.**    Each of Plaintiffs' purported claims fail to state a claim upon which relief may be granted.

### Second Affirmative Defense

(Breach of Contract)

**161.**    Plaintiffs' claims should be denied because Plaintiffs have breached the express terms of the 2006 License Agreement.  Plaintiffs' breach has relieved Defendants of their continuing obligations under the 2006 License Agreement and precludes an award of damages to Plaintiffs.

### Third Affirmative Defense

(Breach of Implied Covenant of Good Faith and Fair Dealing)

**162.**    Plaintiffs' claims should be denied because Plaintiffs breached the implied covenant of good faith and fair dealing that runs with every written contract, and this breach relieved Defendants of their continuing obligations under the 2006 License Agreement and precludes an award of damages to Plaintiffs.

### Fourth Affirmative Defense

(License)

**163.**    Plaintiffs' claims are barred because Defendants have an irrevocable, perpetual, non-exclusive, royalty-free, fully paid-up, worldwide right and license to Plaintiffs' intellectual property under the 2006 License Agreement.

### Fifth Affirmative Defense

(Prevention of Performance)

**164.**    Plaintiffs breached the 2006 License Agreement by failing to timely, fully and adequately perform the terms and conditions therein, among other things, thereby preventing Defendants performance and discharging any obligation on the part of Defendants.

**Sixth Affirmative Defense**

(Failure to Fulfill Conditions Precedent)

**165.**    Any purported claim for breach of contract is barred to the extent Plaintiffs failed to fulfill any contractual conditions precedent.

**Seventh Affirmative Defense**

(Negligence or Fault)

**166.**    Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' own negligent conduct or because Plaintiffs are at fault in bringing about any alleged loss or harm they may have suffered.

**Eighth Affirmative Defense**

(Waiver)

**167.**    Plaintiffs are barred, in whole or in part, from seeking any relief under the doctrine of waiver.

**Ninth Affirmative Defense**

(Estoppel)

**168.**    Plaintiffs are estopped, in whole or in part, from asserting their claims against Defendants.

**Tenth Affirmative Defense**

(Laches)

**169.**    Plaintiffs have unreasonably delayed in bringing this action against Defendants. Such delay has resulted in prejudice to Defendants such that Plaintiffs are barred, in whole or in part, from seeking any relief.

**Eleventh Affirmative Defense**

(Failure to Mitigate Damages)

**170.**    To the extent Plaintiffs suffered any damages, Plaintiffs have failed to mitigate

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT                         22.                         CASE NO. 08-CV-1992-MMA(POR)

1    such damages.

2                    **Twelfth Affirmative Defense**

3                        (Unclean Hands)

4    **171.**    The doctrine of unclean hands bars Plaintiffs from seeking any relief.

5                    **Thirteenth Affirmative Defense**

6                        (Good Faith)

7    **172.**    Plaintiffs are barred, in whole or in part, from seeking any relief because any

8    representations which may have been made by Defendants were based on information supplied to

9    Defendants by other sources, which information Defendants believed to be true, and/or were

10   otherwise made in good faith and with genuine belief that they had a reasonable factual and

11   historical basis.

12                   **Fourteenth Affirmative Defense**

13                       (Truth)

14   **173.**    Plaintiffs are barred, in whole or in part, from seeking any relief because any

15   representations which may have been made by Defendants were true.

16                   **Fifteenth Affirmative Defense**

17                       (Statute of Limitations)

18   **174.**    Plaintiffs are barred, in whole or in part, from seeking any relief by the operation

19   of the applicable statutes of limitations.

20                   **Sixteenth Affirmative Defense**

21                       (Limitation of Liability)

22   **175.**    Plaintiffs cannot recover damages in excess of the applicable limitation of liability

23   contained in the 2006 License Agreement.

24                   **Seventeenth Affirmative Defense**

25                       (Frivolous Action)

26   **176.**    Plaintiffs are barred, in whole or in part, from seeking any relief because the

27   Fourth Amended Complaint is frivolous and was filed in bad faith.

28

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**                                23.                    **CASE NO. 08-CV-1992-MMA(POR)**

**Eighteenth Affirmative Defense**

(Additional Affirmative Defenses)

**177.** Defendants hereby reserve their right to amend this Answer and/or allege additional affirmative defenses in the event that any such additional affirmative defenses become available to Defendants.

## PRAYER FOR RELIEF

WHEREFORE Defendants Qualcomm and SnapTrack pray for the following relief:

**1.** That Plaintiffs take nothing by way of their complaint;

**2.** For reasonable attorneys' fees and costs incurred in the case, according to proof in accordance with 35 U.S.C. § 285 and Cal. Civ. Code § 3426.4;

**3.** For interest on the above amounts in the maximum amount allowed by law; and

**4.** For such other and further relief as the Court may deem just and proper.

Dated: January 21, 2010                    COOLEY GODWARD KRONISH LLP


_____
                    */s/  John S. Kyle*
STEVEN M. STRAUSS (sstraus@cooley.com)
JOHN S. KYLE  (jkyle@cooley.com)
Attorneys for Defendants

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT

24.

CASE NO. 08-CV-1992-MMA(POR)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the foregoing document has been served on January 21, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Civil Local Rule 5.4.  Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

      /s/ *John S. Kyle*

John S. Kyle
COOLEY GODWARD KRONISH LLP
4401 Eastgate Mall
San Diego, CA 92121
Telephone: (858) 550-6000
Fax: (858) 550-6420
Email: jkyle@cooley.com

821237 v3/HN

COOLEY GODWARD
KRONISH LLP
ATTORNEYS AT LAW
SAN DIEGO

**DEFENDANTS' ANSWER TO FOURTH AMENDED
COMPLAINT**

25.

**CASE NO. 08-CV-1992-MMA(POR)**