# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>　　　　　　　　　Plaintiffs,<br>vs.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,<br><br>　　　　　　　　　Defendants. | CASE NO. 08 CV 01992 MMA (POR)<br><br>**ORDER ON:**<br><br>**PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S APRIL 23 ORDER AND/OR MOTION TO MODIFY SCHEDULING ORDER**<br><br>[Doc. No. 72] |

　　　　On April 26, 2010, Plaintiffs Gabriel Technologies Corporation and Trace Technologies, LLC ("Plaintiffs") filed a motion to modify the Court's March 30, 2010 scheduling order or reconsider its April 23, 2010 order denying Plaintiffs' *ex parte* application for an extension of time to comply with the Court's April 20 minute entry. [Doc. No. 72.] In support of their motion, Plaintiffs attach copies of their proposed motion for leave to amend the complaint and fifth amended complaint. [*See* Doc. No. 72-2.] On May 24, 2010, Defendants Qualcomm Incorporated, SnapTrack, Inc., and Norman Krasner (collectively, "Defendants") submitted their opposition to Plaintiffs' motion for reconsideration or modification of the scheduling order. [Doc.

1  No. 75.] Plaintiffs submitted a reply on May 28, 2010. [Doc. No. 76.] The Court in its discretion
2  found Plaintiffs' motion suitable for decision on the papers and without oral argument pursuant to
3  Civil Local Rule 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiffs' motion for
4  reconsideration, and **GRANTS** Plaintiffs' motion to amend the scheduling order.

## BACKGROUND

On September 3, 2009, the Court set forth the events giving rise to this action in its memorandum order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' first amended complaint. [*See* Doc. No. 35.] The Court incorporates that section of its September 3 order by reference herein.

On March 29, 2010, the parties participated in an early neutral evaluation conference with Magistrate Judge Porter. On March 30, Judge Porter entered a scheduling order, which stated in relevant part, "Any *motion* to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **April 19, 2010**." [Doc. No. 61 ¶3 (italics added).]

On April 19, Plaintiffs filed a fifth amended complaint without leave of court. [Doc. No. 65.] On April 20, the Court notified Plaintiffs the fifth amended complaint did not comply with the terms of the scheduling order requiring that an amendment be requested via motion. The Court indicated the document would be stricken if Plaintiffs did not correct the discrepancy by April 21 at 5:00 p.m. [Doc. No. 66.] Plaintiffs timely filed an *ex parte* application on April 21 requesting additional time to comply with the scheduling order and to submit a motion for leave to amend the complaint. [Doc. No. 68.] Because the application did not provide any information demonstrating good cause for the relief requested, the Court denied Plaintiffs' *ex parte* application and ordered the fifth amended complaint stricken. [Doc. No. 71.] On April 26, Plaintiffs filed the present motion, which requests the Court reconsider its April 23 order, or in the alternative, amend the scheduling order to allow Plaintiffs to file a motion for leave to amend the complaint. [Doc. No. 72.]

/ / /

## DISCUSSION

**I.    MOTION FOR RECONSIDERATION OF APRIL 23 ORDER**

Courts possess inherent authority to "rescind, reconsider, or modify an interlocutory order." *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886-87 (9th Cir. 2001). In addition, Federal Rule of Civil Procedure 60(b) expressly permits courts to relieve a party from an order for any reason that justifies relief. Reconsideration, however, is to be "used sparingly as an equitable remedy to prevent manifest injustice." *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008); *RPA Int'l Pty Ltd. v. Compact Int'l, Inc.*, 2010 U.S. Dist. LEXIS 23068 *16 (S.D. Cal.) (citation omitted). Absent highly unusual circumstances, reconsideration is only appropriate if the court is "(1) presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County, Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see United States v. James*, 915 F. Supp. 1092, 1098 (S.D. Cal. 1996) (citation omitted).

Plaintiffs move the Court to reconsider its order denying their *ex parte* application to allow Plaintiffs additional time to file a motion for leave to amend the complaint, to prevent manifest injustice. [Doc. No. 72, p.6.] Plaintiffs concede the fifth amended complaint filed on April 19 did not comply with the Court's scheduling order. [*Id.* at p.5.] They further admit that when given the opportunity to remedy their error, Plaintiffs submitted an inadequately supported *ex parte* application, which failed to provide a single reason for the relief requested. [*Id.* at p.6.] Plaintiffs urge the Court to reconsider its order denying the application so that Plaintiffs may have the opportunity to brief the Court as to why an amended complaint is justified. [*Id.*] In addition, Plaintiffs assert reconsideration is appropriate under Civil Local Rule 7.1(i), which allows a party to present "new or different facts and circumstances . . . [that] were not shown" in its prior application. [*Id.* at p.4.] In response, Defendants argue reconsideration is not appropriate, because "[n]o new facts, law, unusual circumstances, or clear error exist," the initial decision to deny the *ex parte* request was not manifestly unjust, and Civil Local Rule 7.1(i) does not allow parties to "raise facts in a motion for reconsideration that, like here, 'simply were not shown due to lack of diligence.'" [Doc. No. 75, p.5 (quoting *Abdulkhalik v. City of San Diego*, 2009 U.S. Dist. LEXIS

99627 *10 (S.D. Cal.).] The Court agrees with Defendants.

The Court appreciates Plaintiffs' candor, and their acceptance of responsibility for failing to comply with the Court's scheduling order and filing an amended pleading without leave of court. However, the law is clear, that "a motion for reconsideration may not be used to raise arguments or present arguments for the first time when they could reasonably have been raised earlier in the litigation." *RPA Int'l*, 2010 U.S. Dist. LEXIS at *17 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Plaintiffs should have set forth their reasons for requesting additional time to file a motion to amend the complaint in their original *ex parte* application. Plaintiffs' "mistaken but good faith belief this was a routine request that did not require explanation" does not constitute highly unusual circumstances warranting reconsideration. [Doc. No. 72, p.5.] Nor does the Court's refusal to reconsider its April 23 order result in manifest injustice. Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration.

## II. MOTION TO MODIFY SCHEDULING ORDER

In the alternative, Plaintiffs request modification of the scheduling order deadline for filing a motion for leave to amend. Typically, a motion to modify the scheduling order is heard by the magistrate judge who entered the order. Given the procedural posture of this case, however, the Court finds Plaintiffs' motion to modify the scheduling order is appropriately considered in connection with their motion for reconsideration.

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause with the judge's consent." To establish good cause, the moving party must demonstrate it acted diligently in managing the case and seeking the desired amendment. *Masterpiece Leaded Windows Corp. v. Joslin*, 2009 U.S. Dist. LEXIS 43586 *6-7 (S.D. Cal.) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604 (9th Cir. 1992)). The parties agree, that in determining whether the moving party has acted diligently, the Court considers:

> (1) whether the movant was diligent in assisting the Court in creating a workable Rule 16 scheduling order, (2) whether the movant's noncompliance with deadlines occurred, notwithstanding its diligent efforts to comply, because of matters unforeseen at the time of the Rule 16 scheduling conference, and (3) whether the movant was diligent in seeking amendment of the scheduling order once it became apparent that it could not comply with the order.

*Id*. at \*7 (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id*. at \*6.

Here, Plaintiffs assert they diligently assisted the Court in creating the March 30, 2010, scheduling order and have adhered to the schedule except for their oversight regarding the motion for leave to amend. [Doc. No. 72, p.8.] Defendants do not contest Plaintiffs' case management efforts with respect to creating the scheduling order. Accordingly, as there is no indication Plaintiffs were not diligent in assisting the Court to create the scheduling order, Plaintiffs have satisfied the first prong of the Court's diligence inquiry.

With respect to the second prong, Plaintiffs assert they diligently attempted to comply with the scheduling order but they misunderstood the filing deadline imposed by the Court. [Doc. No. 72, p.9-12.] Plaintiffs interpreted the scheduling order as setting a deadline by which they could submit another amended complaint. Instead, the order set a deadline by which Plaintiffs could *move* the Court to consider whether additional amendment was appropriate. [*Id*.] Defendants argue Plaintiffs were careless in assuming they could file another amended complaint without leave of Court at this stage in the litigation, and Plaintiffs' "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." [Doc. No. 75, p.8 (citing *Johnson*, 975 F.2d at 609).] While the Court agrees that an attorney who mismanages his case cannot be said to have acted diligently, the Court concludes the mistake at issue here does not rise to the level of carelessness sufficient to preclude relief. In addition, although the Court admits that a careful reading of the scheduling order should have informed Plaintiffs they were required to submit a *motion* to amend by April 19, the record indicates Plaintiffs have otherwise complied with the scheduling order, and they were diligent in filing what they believed to be a proper document by the April 19 deadline. Because Plaintiffs' noncompliance appears to be inadvertent, the Court finds the second prong weighs in favor of amending the scheduling order.

Plaintiffs assert they also satisfy the third prong in the diligence inquiry because they diligently sought to modify the scheduling order once it became apparent they had failed to

1  comply with the filing deadline. [Doc. No. 72, p.12-13.] Defendants argue Plaintiffs were not
2  diligent in seeking the modification. Specifically, Defendants point out the Court provided
3  Plaintiffs additional time to submit their motion for leave to amend after notifying Plaintiffs of
4  their error in filing the fifth amended complaint without leave of court, and in response, Plaintiffs
5  filed an unsupported *ex parte* application that "made no attempt to establish Plaintiffs' right to
6  relief." [Doc. No. 75, p.9-10 (citation omitted).] The Court agrees Plaintiffs' failure to include
7  any explanation for the desired relief in their *ex parte* application demonstrated haste rather than
8  diligence, and weighs in favor of denying relief. However, Plaintiffs' submission of the pending
9  motion, which is thorough and adequately supported, within three days of the Court's order
10 denying its *ex parte* application, partially rectifies this initial lack of diligence and tips the balance
11 back in Plaintiffs' favor. The record also indicates Plaintiffs have otherwise been diligent with
12 respect to the scheduling order deadlines and the missed deadline appears to have been the result
13 of an honest misunderstanding. The Court concludes Plaintiffs have satisfied their burden under
14 Rule 16 and should be given the opportunity to have their motion heard.[1] Plaintiffs have
15 demonstrated good cause to modify the scheduling order to allow them to file their motion for
16 leave to amend the complaint past the April 19 deadline.[2]

24 ///

---

[1] The parties also raised various arguments with respect to the prejudice each will suffer if the scheduling order is, or is not, modified. However, these arguments largely focus on whether Plaintiffs' proffered fraudulent concealment claim is viable. Accordingly, the Court defers its consideration of potential prejudice to the parties until Plaintiffs' motion for leave to amend the complaint is fully briefed.

[2] All other terms and conditions of the scheduling order remain in full force and effect.

## CONCLUSION

For the reasons stated herein, the Court **DENIES** Plaintiffs' motion for reconsideration, and **GRANTS** Plaintiffs' motion for leave to amend the scheduling order. Accordingly, the Clerk of Court is **ORDERED** to docket Plaintiffs' motion for leave to amend the complaint, which Plaintiffs filed concurrently with their motion to modify the scheduling order (*see* Doc. No. 72-2), upon entering this order. Defendants shall have ten (10) days from the date Plaintiffs' motion is docketed, to file a brief in opposition, not to exceed twenty-five (25) pages. Plaintiffs shall then have seven (7) days to file a reply brief, not to exceed ten (10) pages. No oral argument will be held.

**IT IS SO ORDERED.**

DATED: July 6, 2010

*/s/ Michael M. Anello*

Hon. Michael M. Anello
United States District Judge