Doc. Unsealed per Order
on 9·20·2010.  (UR)

John van Loben Sels (State Bar No. 201354)
**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
2750 W. El Camino Real, Suite 440
Mountain View, California 94040
Telephone: (650) 209-1230
jvanlobensels@whgclaw.com

Peter A. Sullivan (New York State Bar No. 2563039)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
sullivan@hugheshubbard.com

Gregory M. Williams (District of Columbia Bar No. 467950)
**HUGHES HUBBARD & REED LLP**
1775 I Street, N.W., Suite 600
Washington, D.C. 20006
Telephone: (202) 721-4600
williamg@hugheshubbard.com

**FILED**

AUG - 4 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                         DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| **GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,**<br><br>        Plaintiffs,<br><br>vs.<br><br>**QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,**<br><br>        Defendants. | **CIVIL ACTION NO. 3:08-cv-01992-MMA-POR**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A BOND PURSUANT TO C.C.P. § 1030**<br><br>**Date:**        September 7, 2010<br>**Time:**        2:30 p.m.<br>**Judge:**        Hon. Michael M. Anello |

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

### (FILED UNDER SEAL)

John van Loben Sels (State Bar No. 201354)
**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
2750 W. El Camino Real, Suite 440
Mountain View, California 94040
Telephone: (650) 209-1230
jvanlobensels@whgclaw.com

Peter A. Sullivan (New York State Bar No. 2563039)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
sullivan@hugheshubbard.com

Gregory M. Williams (District of Columbia Bar No. 467950)
**HUGHES HUBBARD & REED LLP**
1775 I Street, N.W., Suite 600
Washington, D.C. 20006
Telephone: (202) 721-4600
williamg@hugheshubbard.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## SAN DIEGO DIVISION

**GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,**

Plaintiffs,

vs.

**QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,**

Defendants.

**CIVIL ACTION NO. 3:08-cv-01992-MMA-POR**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR A BOND PURSUANT TO C.C.P. § 1030**

| | |
|---|---|
| Date: | September 7, 2010 |
| Time: | 2:30 p.m. |
| Judge: | Hon. Michael M. Anello |

## CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER

## (FILED UNDER SEAL)

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................1

Factual Background .............................................................................................1

PROCEDURAL BACKGROUND.......................................................................5

ARGUMENT.......................................................................................................7

    I.    C.C.P. § 1030 IS NOT APPLICABLE.......................................................7

        A.    Applying C.C.P. § 1030 Is Not Mandatory In A Federal Question Case ............................................................................7

        B.    Plaintiffs Are Not ...........................................................................8

    II.    DEFENDANTS CANNOT MEET THE REQUIREMENTS TO OBTAIN A BOND ...................................................................................9

        A.    Plaintiffs' Claims Are Meritorious ..............................................9

            1.    Plaintiffs State Valid Inventorship and Ownership Claims ..............................................................................11

            2.    Defendants Breached Their Contractual Arrangements ..................................................................16

            3.    Plaintiffs' Misappropriation of Trade Secrets Claim is Timely ................................................................18

        B.    Plaintiffs' Claims Are Not Vexatious or Frivolous ...................19

        C.    The Security Requested Is Unreasonable ...................................20

    III.    DEFENDANTS' BOND REQUEST IS VASTLY INFLATED.............21

        A.    The Costs Asserted by Qualcomm Are Not Largely Non-Taxable.........................................................................21

        C.    Qualcomm Has No Basis To Assert That Attorney's Fees Are Recoverable...................................................................24

CONCLUSION....................................................................................................25

1
2

## <u>TABLE OF AUTHORITIES</u>

3

CASES                                                                                     Page(s)

4

*A. Farber and Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143 (C.D. Cal. 2006) .................. *passim*

5

*Aggarwal v. Ponce Sch. of Med.*, 745 F.2d 723 (1st Cir. 1984) ................................................8, 21

6

*Alshafie v. Lallande*, 89 Cal. Rptr. 3d 788 (Cal. Ct. App. 2009) .................................................7, 10

7

*Andrews v. Guzman*, No. CIV S-04-1107, 2009 WL 604943 (E.D. Cal. Mar. 9, 2009) ..............19

8

*BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415 (6th Cir. 2005) ......................................24

9

*Brooks Furniture Mfg. v.Dutailier Intern., Inc.*, 393 F.3d 1378 (Fed. Cir. 2005).........................24

10

*Cargill, Inc. v. Progressive Dairy Solutions, Inc.*, No. CV-F-07-0349, 2008 WL 5135826
    (E.D. Cal. Dec. 8, 2008)..............................................................................................................22

11
12

*Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 (9th Cir. 2003) .........................22

13

*E. & J. Gallo Winery v. Andina Licores S.A.*, No. CV F 05-0101, 2007 WL 1589546
    (E.D. Cal. June 1, 2007)..............................................................................................................24

14
15

*Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456 (Fed. Cir. 1998)..........................................11

16

*Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719 (7th Cir. 2008) ..............24

17

*Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466 (Fed. Cir. 1997) ....................................................11

18

*Flores v. Shephard*, No. 04cv2337-IEG(NLS), 2009 WL 587701 (S.D. Cal. Mar. 5, 2009)........22

19

*Grider v. Ky. & Ind. Terminal R.R.*, 101 F.R.D. 311 (E.D. Ky. 1984)..............................22, 23, 24

20
21

*Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ. 4472(PGG), 2010 WL 1222044
    (S.D.N.Y. Mar. 29, 2010) ............................................................................................................9

22

*Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652 (7th Cir. 1981)..................................................24

23

*Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010) ................................................................................8

24
25

*Hiraide v. Vast Sys. Tech. Corp.*, No. C-08-04714 RMW, 2009 WL 2390352 (N.D. Cal.
    Aug. 3, 2009) ........................................................................................................................10, 21

26

*Institut Pasteur v. Simon*, 384 F. Supp. 2d 802 (E.D. Pa. 2005)............................................11, 12

27

*Ismart Int'l Ltd. v. I-Docsecure, LLC*, 2005 WL 588607 (N.D.Cal.) ......................................10, 16

28

- ii -

### TABLE OF AUTHORITIES

Page(s)

*Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, No. H-07-2684, 2009 WL 1457632 (S.D. Tex. May 26, 2009) ............................................................23

*Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2008 WL 5111293 (S.D. Fla. Dec. 4, 2008)..............................................................................................................................23

*Kourtis v. Cameron*, 358 F. App'x 863 (9th Cir. 2009).........................................................10, 21

*Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311 (Fed. Cir. 2004).............................11

*M.J. Merkin Paint Co. v. Riccardi*, 3 A.2d 890 (N.J. Ch. 1939) .................................................9

*McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833 (S.D.N.Y. 1989)...................................................................................................................9

*Memry Corp. v. Ky. Oil Tech. N.V.*, No. C-04-03843 RMW, 2007 WL 2746737 (N.D. Cal. Sept. 20, 2007)......................................................................................................12, 18

*In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116 (9th Cir. 1987)...............................21

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007)...........................................20

*Morton v. Rank America*, 812 F. Supp. 1062 (C.D. Cal. 1993).....................................................18

*Murphy v. Ginorio*, 989 F.2d 566 (1st Cir. 1993)........................................................................21

*Nguyen v. Taylor*, No. 01cv0851, 2007 WL 1994054 (S.D. Cal. Apr. 27, 2007) ........................22

*Plata v. Darbun Enters., Inc.*, No. 09cv44-IEG(CAB), 2009 WL 3153747 (S.D. Cal. Sept. 23, 2009) ..........................................................................................................*passim*

*Prop. Research Fin. Corp. v. Super. Ct.*, 100 Cal. Rptr. 233 (Cal. Ct. App. 1972) ......................9

*Robinson v. Hubbard*, No. 07-CV-1560, 2007 WL 2815040 (S.D. Cal. Sept. 25, 2007) .............20

*Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344 (Fed. Cir. 2001)....................12

*Sharp v. Big Jim Mines*, 103 P.2d 430 (Cal. Ct. App. 1940) ........................................................9

*Shum v. Intel Corp.*, 499 F.3d 1272 (Fed. Cir. 2007) ..................................................................11

*Shum v. Intel Corp.* No. C-02-03262-DLJ, 2008 WL 4414722 (N.D. Cal. Sept. 26, 2008).............................11, 12

*Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573 (9th Cir. 1994)........7, 8, 20, 21

*Stapler v. El Dora Oil Co.*, 27 Cal. App. 516 (Cal. Ct. App. 1915) ..............................................8

*Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570 (Fed. Cir. 1994)...............................................11

- iii -

## TABLE OF AUTHORITIES

Page(s)

*Tavory v. NTP, Inc.*, 297 Fed. App'x 976 (Fed. Cir. 2008) ...........................................................11

*Thomas v. Treasury Mgmt. Ass'n*, 158 F.R.D. 364 (D. Md. 1994)...........................................22

*Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292 (Fed. Cir. 2002) ........................................12

*Vivus, Inc. v. Kercso*, 977 F. Supp. 1004 (N.D. Cal. 1997)........................................................12

*Wait v. Kern River Mining, Milling & Devel. Co.*, 157 Cal. 16 (Cal. 1909) ..............................9

*Walker v. Stanton*, No. EDCV 08-24-VAP (OPx), 2008 WL 4401388 (C.D. Cal. Sept. 2,
    2008) ..................................................................................................................................20

*Windy City Innovations, LLC v. America Online, Inc.*, No. 04 C 4240, 2006 WL 2224057
    (N.D. Ill. July 31, 2006).....................................................................................................23

*Yao v. Super. Ct.*, 104 Cal. App. 4th 327, 127 Cal. Rptr. 2d 912 (Cal. Ct. App. 2002) ..............7, 9

*Zuill v. Shanahan*, 80 F.3d 1366 (9th Cir. 1996) ......................................................................23

**STATUTES AND RULES**

28 U.S.C. § 285 .........................................................................................................................24

28 U.S.C. § 1332 ..........................................................................................................................9

28 U.S.C. § 1332(c)(1).................................................................................................................8

28 U.S.C. § 1920 ....................................................................................................................21, 22

28 U.S.C. § 1920(2) .................................................................................................................22

28 U.S.C. § 1920(4) .................................................................................................................22

28 U.S.C. § 1920(6) ...............................................................................................................22, 23

35 U.S.C. § 256 .........................................................................................................................11

Cal. Civ. Code § 3426.1(b)(2) .................................................................................................18

Cal. Civ. Code § 3426.4 ...........................................................................................................24

Cal. Code. Civ. Proc. § 391 ...................................................................................................19, 20

Cal. Code. Civ. Proc. § 1030 ............................................................................................. *passim*

Cal. Code. Civ. Proc. § 1030(a) ..............................................................................................21

Cal. Code. Civ. Proc. § 2019 ...................................................................................................16

## TABLE OF AUTHORITIES

Page(s)

Civ. L.R. 54.1(b)(3)(a)..........................................................................................................23

Civ. L.R.. 65.1.2(a) ...............................................................................................................7

Cal. Corp. Code § 101 ...........................................................................................................9

Cal. Corp. Code § 167............................................................................................................9

Cal. Corp. Code § 171............................................................................................................9

Fed. R. Civ. P. 54(d) .......................................................................................10, 21, 22, 24

**PATENTS**

U.S. Patent No. 6,861,980......................................................................................4, 13

U.S. Patent No. 7,570,958......................................................................................4, 15

1       Plaintiffs Gabriel Technologies and Trace Technologies LLC ("Plaintiffs") submit this

2 Memorandum of Points and Authorities in support of their opposition to Qualcomm Inc.

3 ("Qualcomm"), Snaptrack, Inc. ("SnapTrack"), and Norman Krasner's (collectively

4 "Defendants") Motion for a Bond Pursuant to California Code of Civil Procedure section 1030.

5 **INTRODUCTION**

6       Defendants' Motion for a Bond Pursuant to C.C.P. section 1030 is a meritless tactical

7 maneuver designed to hinder Plaintiffs' prosecution of this action.  The Court should deny it.  As

8 a threshold matter, C.C.P. section 1030 is inapplicable because Plaintiffs are California resident

9 corporations with their principal places of business in this state.  Furthermore, C.C.P. section

10 1030 does not require a plaintiff to post a bond unless its claims are vexatious and frivolous,

11 which is manifestly not the case here.  Finally, Defendants' projected award of costs are based

12 largely on non-taxable items and their claim for attorneys' fees is groundless.

13 **FACTUAL BACKGROUND**

14       This action is for the unlawful taking of intellectual property concerning a form of Global

15 Positioning System techniques and services now in widespread use in mobile phones and other

16 devices.  Defendants Qualcomm, Snaptrack and Krasner, a principal of Snaptrack,

17 misappropriated and patented certain assisted Global Positioning System ("aGPS") and related

18 intellectual property developed by Gabriel's predecessor-in-interest, Locate Technologies

19 ("Locate"), either on its own or in connection with Snaptrack under an agreement that provided

20 that Locate and Snaptrack were to own jointly any intellectual property that resulted from their

21 co-development activities.  Defendants surreptitiously sought patent protection on the technology

22 without (i) seeking permission from Locate, (ii) notifying it of the activity, or (iii) providing the

23 appropriate ownership interest.  Qualcomm incorporates the intellectual property into its gpsOne

24 technology, which, in turn, Qualcomm integrates into its CDMA-based integrated circuits (or

25 "chipsets").

26       William Clise and Michael Crowson founded Locate in late 1998 and early 1999,

27 formally incorporating the company in April 1999.  The objective of Locate was to create a

28 - 1 -

# PAGES 2 - 5
# - SEALED

On April 26, 2010, Plaintiffs moved, *inter alia*, for a modification of the Court's March 30, 2010 scheduling order to permit Plaintiffs to seek leave to further amend their complaint. A proposed Motion for Leave to Amend the Complaint, asserting a new claim of fraudulent concealment, was submitted as an attachment. (Dkt. 72.)

On May 10, 2010, Plaintiffs served Defendants with written discovery responses. (Pls.' Resps. to Defs.' First Set Of Requests For Produc. of Docs., Williams Decl. Ex. 5; Pls.' Resps. to Defs.' First Set Of Reqs. For Admis., Williams Decl. Ex. 6; Pls.' Resps. And Objections To Defs.' First Set Of Interrogs., Williams Decl. Ex. 7.) On June 22, 2010, in response to Defendants' comments and objections, Plaintiffs revised and supplemented their discovery responses. (Pls.' First Supplemental Resps. and Objections to Defs.' First Set of Interrogs., Williams Decl. Ex. 8; Letters from G. Williams to J. Kyle dated June 22, 2010, Williams Decl. Ex. 9.)

On May 19, 2010, Plaintiffs served Defendants with their First Set of Requests for Production of Documents. (Pls.' First Set Of Reqs. For Produc. Of Docs., Williams Decl., Ex. 10.) Defendants replied on June 21, 2010, refusing to comply with any of Plaintiffs' requests. (Def. Qualcomm Inc.'s Objections And Resps. to Pls.' First Set Of Reqs. For Produc., Williams Decls., Ex. 11).

On July 2, 2010, Defendants filed a Motion for a Bond Pursuant to C.C.P. § 1030. (Dkt. 81.)

On July 6, 2010, the Court granted Plaintiffs' Motion of April 26, 2010 insofar as it sought a modification of the Scheduling Order, and docketed Plaintiffs' Motion for Leave to Amend the Complaint. (Dkt. 83.) On July 16, 2010, Defendants filed their opposition to this motion, and Plaintiffs filed their reply on July 23, 2010. (Dkt. 88, 89.)

On August 2, 2010, Plaintiffs served revised trade secret designations, which were modified and clarified pursuant to discussions with Defendants. (Revised C.C.P. Section 2019 Disclosure, Williams Decl. Ex. 12.)

# ARGUMENT

I.     **C.C.P. § 1030 IS NOT APPLICABLE.**

    A.     **Applying C.C.P. § 1030 Is Not Mandatory In A Federal Question Case.**

California Code of Procedure Section 1030 does not apply directly to a case, such as this, in which federal jurisdiction is based on a federal question as opposed to diversity of citizenship. *See A. Farber and Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1145 (C.D. Cal. 2006). Federal district courts, however, "have inherent power to require plaintiffs to post security for costs" and may "follow the forum state's practice," at least when the plaintiff is a non-resident. *Id.* (quoting *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994)).[2] In such circumstances, federal courts assess a request for a cost bond as a matter to be decided under the court's inherent authority, with reference to C.C.P. § 1030 and applicable California case law for guidance. *See id.* at 1145-46 (assuming *arguendo* in federal question case that C.C.P. § 1030 provided "guidance" on cost bond issue and denying bond). The purpose of the California statute is "to prevent out-of-state residents from filing frivolous lawsuits against California residents" and ensure enforcement if an award of costs or attorneys fees is warranted. *Yao v. Super. Ct.*, 104 Cal. App. 4th 327, 331, 127 Cal. Rptr. 2d 912 (Cal. Ct. App. 2002); *see also Plata v. Darbun Enters., Inc.*, No. 09cv44-IEG(CAB), 2009 WL 3153747, at *12 (S.D. Cal. Sept. 23, 2009); *Alshafie v. Lallande*, 89 Cal. Rptr. 3d 788, 794 (Cal. Ct. App. 2009).

Beyond the forum's practice, federal courts balance several factors in assessing the propriety of a bond, including whether the litigation has "the appearance of vexatiousness" and (i) the probability of plaintiff's success on the merits, and the background and purpose of the suit; (ii) the reasonable extent of the requested security from the defendant's perspective; and

---

2.    As explained below, Plaintiffs are California residents both for the purposes of federal diversity jurisdiction and C.C.P § 1030. Accordingly, the Court should determine whether a cost bond is warranted under its inherent power or under Civ. L.R.. 65.1.2(a), which allows a court to require security for cost "where authorized by law and for good cause shown," and without reference to C.C.P § 1030. Defendants cannot, and have not even attempted to, justify a bond under this standard.

- 7 -

(iii) the reasonable extent of the requested security from the plaintiff's perspective. *Simulnet E.*

*Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 575, 576 (9th Cir. 1994) (citing *Aggarwal*

*v. Ponce Sch. of Med.*, 745 F.2d 723, 727-28 (1st Cir. 1984)); *Farber*, 417 F. Supp. 2d at 1146

(citing *Simulnet*, 37 F.3d at 575-76).  The relevant inquiry under the first factor is whether the

lawsuit is "frivolous or vexatious."  *Plata*, 2009 WL 3153757, at *12 (citing *Simulnet*, 37 F.3d at

576).

**B.**     **Plaintiffs Are Not "Foreign Corporations" Within the Meaning of C.C.P. § 1030.**

C.C.P. § 1030 provides for the possibility of a cost bond only with respect to nonresidents

and "foreign corporations."  Plaintiffs are California corporations within the meaning of C.C.P. §

1030.  Gabriel's board authorized Gabriel and Trace to move their headquarters to California in

May 2010.  They made that move on July 16, 2010.  (Tingo Aff. ¶ 2.)  Gabriel's sole corporate

officer resides in California.  (*Id.* ¶ 3.)  Plaintiffs' books and substantially all of their assets are

located in California.  (*Id.* ¶ 4.)  Their records are either currently located in, or in the process of

being moved to, California.  (*Id.* ¶ 5.)  Plaintiffs' principal place of business is thus in California.

*Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010) (principal place of business "is best read as

referring to the place where a corporation's officers direct, control, and coordinate the

corporation's activities" and is "normally . . . the place where the corporation maintains its

headquarters").

C.C.P. § 1030 does not define "foreign corporation."  However, for purposes of diversity

jurisdiction, under 28 U.S.C. § 1332(c)(1), a corporation is "a citizen of any State in which it has

been incorporated and of the State where it has its principal place of business."  *Id.*  California

courts have similarly held in other, analogous contexts that a company with its principal place of

business in California, although incorporated under the law of another state, is not a foreign

corporation.[3]

---

3.     *See Stapler v. El Dora Oil Co.*, 27 Cal. App. 516, 520 (Cal. Ct. App. 1915) ("Since all of the members of the board of directors reside in this state, wherein all its property is situate and

-8-

1  Such a conclusion is consistent with the purpose of C.C.P. § 1030 to ensure an award of

2  costs in favor of a resident defendant can be enforced in the event of a frivolous suit by a non-

3  resident plaintiff — a company with its principal place of business in California will not be

4  beyond the reach of the courts to enforce a cost award. *See Yao*, 104 Cal. App. 4th at 331.

5  Indeed, the primary defendant here, Qualcomm, is also a corporation organized under the laws of

6  Delaware with its principal place of business in California. (*See* Defendant's Answer to Fourth

7  Amended Complaint, Dkt. 54, ¶ 7 (Jan. 21, 2010).) It would be inconsistent with the purposes of

8  C.C.P. § 1030 to allow Qualcomm to avail itself of the statute as a resident defendant based on

9  its principal place of business, yet to deny Plaintiffs resident status.[4]

10  **II.   DEFENDANTS CANNOT MEET THE REQUIREMENTS TO OBTAIN A BOND.**

11      **A.   Plaintiffs' Claims Are Meritorious.**

12      Defendants suggest that the requirement of C.C.P. § 1030 that defendant must show a

13  "reasonable possibility" of obtaining judgment means only that it be conceivable that certain of

14  its defenses might prevail. (*See, e.g.*, Defs.' Mem. of P. and A., Dkt. 81, at 6.) That is not the

15

16  all its corporate business, including that of its board of directors, is transacted, the corporation, although organized under the laws of Arizona, must be deemed a *resident of this state* and

17  subject to the jurisdiction of the courts thereof.") (emphasis added); *see also Sharp v. Big Jim Mines*, 103 P.2d 430, 433 (Cal. Ct. App. 1940); *Wait v. Kern River Mining, Milling & Devel.*

18  *Co.*, 157 Cal. 16, 21 (Cal. 1909); *see also Guzman v. Macy's Retail Holdings, Inc.*, No. 09 Civ.

19  4472(PGG), 2010 WL 1222044, at *10 (S.D.N.Y. Mar. 29, 2010) ("A corporation's principal place of business, rather than its state of incorporation, determines its residence.") (quoting

20  *McMahan & Co. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 727 F. Supp. 833, 384 (S.D.N.Y. 1989)); *see also M.J. Merkin Paint Co. v. Riccardi*, 3 A.2d 890, 890-91 (N.J. Ch. 1939) (finding

21  a "foreign corporation" to be a New Jersey resident for purposes of New Jersey's cost bond statute where, among other factors, it had a place of business in New Jersey).

22

23  4.    The California Corporations Code (like that of New York) defines a "foreign corporation" as a corporation not incorporated in California, but only for the purposes of the

24  Corporations Code itself, not C.C.P. section 1030. *See* Cal. Corp. Code §§ 101, 171, 167. Certain courts in different contexts have treated a corporation incorporated outside California as

25  a foreign corporation based on reasoning and policy considerations not at issue here. *See Prop. Research Fin. Corp. v. Super. Ct.*, 100 Cal. Rptr. 233, 239 (Cal. Ct. App. 1972). Such an

26  interpretation is not consistent with the purposes of C.C.P. section 1030, particularly when that statute is used as guidance to a federal court in a federal question case and in light of 28 U.S.C. §

27  1332.

28                                                    - 9 -

1   law. Defendants must present evidence that "substantially refutes" each and every one of

2   Plaintiffs' claims.[5] *Farber*, 417 F. Supp. 2d at 1148 ("[A]t this early stage of the trial

3   proceedings, the court cannot conclude that . . . defendants have a reasonable possibility of

4   obtaining a judgment on the merits because defendants have not argued or offered evidence to

5   substantially refute [plaintiff's] claims.") (quoting *Ismart Int'l Ltd. v. I-Docsecure, LLC*, 2005

6   WL 588607, at *9 (N.D.Cal.)).  Merely raising a possible defense to a claim does not satisfy

7   Defendants' burden. *See, e.g., Farber*, 417 F. Supp. 2d at 1146-48 (rejecting Defendant's

8   argument that it showed reasonable possibility of obtaining judgment based on, among other

9   things, unclean hands defense and proffered polygraph testimony); *Ismart*, 2005 WL 588607, at

10   *9 (rejecting defendants' procedural defenses as a valid basis for a bond and noting that

11   "reasonable possibility" standard has previously been satisfied by a favorable arbitration award

12   on its own or coupled with evidence supporting the award); *Plata*, 2009 WL 3153747, at *12.

13       Plaintiffs currently assert several claims — patent inventorship and ownership, breach of

14   contract claim, and misappropriation of trade secrets claims — and seek to add a fraudulent

15   concealment claim.  Each of these claims is meritorious.  Defendants' arguments to the contrary

16   do not come close to "substantially refuting" any of the claims, let alone all of them.[6]  Indeed,

17

18

19   _____

   5.      As Defendants concede (*see* Defs.' Mem. of P. and A., Dkt. 81, at 6), the inquiry clearly
20   relates to all of Plaintiffs' claims, not just some subset.  For if Plaintiffs prevail on any of their
   claims, they, not Defendants, would have prevailed for the purposes of Federal Rule of Civil
21   Procedure 54(d) and perhaps be entitled to costs.

22   6.      The cases on which Defendants rely do not support their motion.  These cases confirm
   that for a bond to be appropriate, plaintiffs' claims must be "frivolous."  *Hiraide v. Vast Sys.*
23   *Tech. Corp.*, No. C-08-04714 RMW, 2009 WL 2390352, at *15 (N.D. Cal. Aug. 3, 2009)
   (confirming purpose of C.C.P. § 1030 was "to prevent out-of-state residents from filing frivolous
24   lawsuits against California residents" and ordering after dismissing on the pleadings all but one
   of plaintiff's several claims); *Kourtis v. Cameron*, 358 F. App'x 863, 866-67 (9th Cir. 2009)
25   (unpublished) (affirming an order for bond when a prior action based on substantially identical
   claims had been dismissed); *Alshafie v. Lallande*, 89 Cal. Rptr. 3d 788, 791-92, 801 (Cal. Ct.
26   App. 2009) (reversing order for bond due to inadequate hearing on indigence of plaintiff
27   bringing tortuous series of legal malpractice actions against plaintiff's three former law firms).

28                                                     - 10 -

1   Defendants fail even to inform this Court what this case concerns or to address the relevant legal

2   standards.

3           1.      **Plaintiffs State Valid Inventorship and Ownership Claims.**

4           Plaintiffs allege that their predecessors-in-interest are the sole or co-inventors of

5   multiple patents claimed by Defendants.  Under 35 U.S.C. § 256, an omitted inventor may seek

6   correction of the patent.  Plaintiffs' patent ownership claims rest in part on their inventorship

7   claims.  Absent an assignment of interest, an inventor of a patent owns the instrument.

8           To establish that a party is an inventor or co-inventor, the party must "demonstrate that

9   he conceived of the inventions." *Shum v. Intel Corp.*, 499 F.3d 1272, 1277 (Fed. Cir. 2007).

10  Conception is the "formation in the mind of the inventor, of a definite and permanent idea of the

11  complete and operative invention, as it is hereafter to be applied in practice." *Ethicon, Inc. v.*

12  *U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998) (quotation omitted).  To be named a

13  co-inventor, the plaintiff need only contribute to a single claim on the patent, even if the patent

14  includes multiple claims.  *Id.*; *see also Tavory v. NTP, Inc.*, 297 Fed. App'x 976, 979 (Fed. Cir.

15  2008) ("[A] co-inventor need not contribute to the conception of every claim of a patent; a single

16  claim is sufficient.").  There is "no explicit lower limit on the quantum or quantity of inventive

17  contribution required for a person to qualify as [at least] a joint inventor." *Fina Oil & Chem. Co.*

18  *v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997); *see also Institut Pasteur v. Simon*, 384 F. Supp.

19  2d 802, 804 (E.D. Pa. 2005).  There is, moreover, no statute of limitations for an inventorship

20  claim.  *Stark v. Advanced Magnetics, Inc.*, 29 F.3d 1570, 1573 (Fed. Cir. 1994) ("Section 256

21  does not limit the time during which inventorship can be corrected.") (citation omitted).

22          As Defendants state, a plaintiff must establish an inventorship claim by clear and

23  convincing evidence.  In practice, what this requires is that the inventor present evidence beyond

24  his or her word alone.  *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1327 (Fed.

25  Cir. 2004) ("the alleged co-inventors [or rightful sole inventor] must prove their contribution to

26  the conception with more than their own testimony concerning the relevant facts"); *see also*

27  *Shum v. Intel Corp.*, No. C-02-03262-DLJ, 2008 WL 4414722, at *10 (N.D. Cal. Sept. 26, 2008).

28                                          - 11 -

1  Typically, the most persuasive corroborative evidence is contemporaneous documentation.

2  Testimony by third parties may also be relevant. *See, e.g., Trovan, Ltd. v. Sokymat SA, Irori*, 299

3  F.3d 1292, 1302-03 (Fed. Cir. 2002) ("Reliable evidence of corroboration preferably comes in

4  the form of physical records that were made contemporaneously with the alleged prior invention.

5  Circumstantial evidence about the inventive process may also corroborate.") (internal citations

6  omitted); *Sandt Tech., Ltd. v. Resco Metal & Plastics Corp.*, 264 F.3d 1344, 1351 (Fed. Cir.

7  2001) (oral testimony from third party may constitute corroborating evidence, but such testimony

8  standing alone may be "more suspect").

9      With such evidence, it is difficult to defeat an inventorship claim on summary judgment.

10  As one court explained:

11        [R]esolving summary judgment motions concerning claims of

12        inventorship tends to be a more complex process than many other
such motions, as the inquiry is necessarily very fact-intensive. As

13        the Federal Circuit has noted, "[t]he determination of whether a
person is a joint inventor is fact specific, and no bright-line

14        standard will suffice in every case." Dueling experts and
competing characterizations of alleged inventive contributions

15        often tend to present situations inappropriate for resolution by
summary judgment.

16  *Institut Pasteur*, 384 F. Supp. 2d at 804 (E.D. Pa. 2005) (internal citations omitted); *Shum*, 2008

17  WL 4414722, at *10 (finding that "evidentiary mix" of plaintiff's own testimony, lab notebooks,

18  drawings, admissions from the defendant, and other materials provided sufficient corroboration

19  to overcome summary judgment motion); *Memry Corp. v. Ky. Oil Tech. N.V.*, No. C-04-03843

20  RMW, 2007 WL 2746737, at *8 (N.D. Cal. Sept. 20, 2007) (denying summary judgment on

21  trade secret misappropriation claim where claimant presented evidence that trade secret

22  information may have been transmitted to defendant and some evidence that at defendant's

23  patents may have been developed using asserted trade secrets); *Vivus, Inc. v. Kercso*, 977 F.

24  Supp. 1004, 1012-13 (N.D. Cal. 1997) (finding that evidence corroborating assertion of

25  counterclaimant's prior independent conception of design at issue, while "not overwhelming,"

26  was "sufficient to raise serious factual questions" precluding summary judgment on inventorship

27                - 12 -

28

# PAGES 13 - 15
# - SEALED

1  schema that were conceived and developed in the Locate implementation back in the 1999-2000

2  time frame, prior to the filing of the Qualcomm patent application.

3        Plaintiffs will present clear and convincing evidence that Defendants improperly patented

4  Plaintiffs' sole or the parties' joint intellectual property. To justify a bond, Defendants must

5  demonstrate against the backdrop of the co-development program and the access to Locate's

6  confidential information granted to Defendants that there is no evidence that Plaintiffs'

7  predecessors contributed to a single claim in any of the several patents at issue. Yet, Defendants'

8  arguments consist of nothing more than a recitation of the clear and convincing standard and

9  conclusory assertions that Plaintiffs will not be able to meet that standard.[10] Such an argument

10  falls far short of "substantially refuting" each and every one of Plaintiffs' inventorship claims.

11  *See A. Farber And Partners, Inc. v. Garber*, 417 F. Supp. 2d 1143, 1146-48 (C.D. Cal. 2006);

12  *Ismart Int'l Ltd. v. I-Docsecure, LLC*, No. C-04-03114 RMW, 2005 WL 588607, at \*9 (N.D.

13  Cal. Feb. 14, 2005).

14            **2.**    **Defendants Breached Their Contractual Arrangements.**

15        Plaintiffs' breach of contract claim is straightforward. Under the 1999 Agreement,

16  SnapTrack agreed (i) to treat Locate's confidential information as secret, and (ii) that the parties

17  jointly owned Program Technology and would treat such technology as a trade secret in

18  accordance with the confidentiality provisions of the Agreement unless together they sought to

19  make the necessary intellectual property filings. The parties reaffirmed and incorporated these

20

21  10.    Defendants incorrectly contend that Plaintiffs' allegedly inadequate written discovery

22  responses and trade secret identifications demonstrate that Plaintiffs will not be able to prove
their inventorship claims. As an initial matter, Plaintiffs have provided more than adequate

23  discovery responses and trade secret designations. In the former, Plaintiffs have, among other
things, identified the actual inventors for the disputed patents as well as the claims in the patents

24  to which they contributed. (Williams Decl., Ex. 8, at 2-6.) Any alleged deficiency, moreover,
would be a basis for a motion to compel, not a cost bond. Defendants' unsupported contention

25  that the designated trade secrets constitute nothing more than "general concepts" again is not a

26  basis for a cost bond and rings particularly hollow when those trade secrets were deemed
sufficiently novel and non-obvious to receive patent protection. (C.C.P. Section 2019

27  Disclosure, Williams Decl., Ex. 12.)

28                              - 16 -

1 provisions into the 2006 Agreement. By patenting or otherwise revealing or relying on Locate's

2 confidential information and/or jointly owned Program Technology, Defendants breached their

3 contractual agreements.

4        Defendants' arguments with respect to Plaintiffs' breach of contract claim are meritless.

5 Defendants first contend that neither the 1999 Agreement nor the parties identified any Program

6 Technology and therefore Defendants could not have violated the agreement. The argument fails

7 for several reasons. The parties explicitly agreed to own jointly "Program Technology," defined

8 as "work carried out by the parties in connection with this Agreement that are identified as

9 Program Technology in the Project Plan." (1999 Agreement, Williams Decl., Ex. 1, §§ 8(b), 1.)

10 The Project Plan describes the "work carried out by the parties in connection with this

11 Agreement" and specifies what is not Program Technology. (*Id.* at § 1.) For example, "The

12 SnapTrack deliverables covered in the Project Plan . . . are not Program Technology as defined

13 in the License Agreement." (Id. at 16.) By implication, the technology to be developed that is

14 discussed in the Project Plan and not otherwise exempted is Program Technology.

15        Further, the 1999 Agreement provided that the parties would work together as the

16 program progressed to identify with greater specificity what constituted Program Technology.

17 Plaintiffs allege that when Locate officials asked whether certain advancements and refinements

18 during the co-development program constituted Program Technology, Snaptrack officials falsely

19 informed them that they were covered by SnapTrack's prior patents. (Proposed Fifth Am.

20 Compl., Mem. of P. & A. In Supp. of Pls.' Mot. For Leave to Amend Compl., (Dkt. 84), Ex. A, ¶

21 160.) The reason the parties did not identify Program Technology was the misrepresentations of

22 Snaptrack officials.

23        Moreover, Plaintiffs allege that, as shown above, Defendants misappropriated and used

24 Locate's trade secrets and confidential information. Those claims are unrelated to the Program

25 Technology provisions of the agreements.

26        *Second*, Defendants assert that Plaintiffs waived their breach of contract claim by

27 entering into the 2006 Agreement knowing that the parties had not identified Program

28                                                    - 17 -

Technology. This argument suffers from all the flaws of Defendants' initial contention. It rests on the faulty notion that the parties did not identify any potential Program Technology and ignores both Snaptrack's misrepresentations to Locate with respect to Program Technology and Plaintiffs' claims with respect to Locate's confidential information.[11]

**3.     Plaintiffs' Misappropriation of Trade Secrets Claim is Timely.**

Defendants do not challenge the substance of Plaintiffs' misappropriation of trade secrets claim. They cannot do so. The California Uniform Trade Secrets Act defines "misappropriation" as "[d]isclosure or use of a trade secret of another without express or implied consent." Cal. Civ. Code § 3426.1(b)(2). It is beyond dispute that the patenting of another's trade secret or of a joint trade secret without the other party's consent constitutes a misappropriation. *See, e.g., See, e.g., Memry Corp. v. Ky. Oil Tech.*, No. C-04-03843 RMW, 2007 WL 2746737, at *1, *8 (N.D. Cal. Sept. 20, 2007) (denying summary judgment in action claiming misappropriation of trade secrets based on use of trade secrets in patents); *Morton v. Rank America*, 812 F. Supp. 1062, 1074-75 (C.D. Cal. 1993) (use of jointly owned trade secrets by defendant without consent of plaintiff would constitute misappropriation).   Rather, Defendants repeat their argument that Plaintiffs' misappropriation claims are barred by the statute of limitations because Plaintiffs' have allegedly conceded that they knew of Defendants' misappropriation in 1999. As explained previously, this argument is untenable, resting entirely

---

11.     Defendants suggest that Plaintiffs' inventorship, breach of contract and misappropriation of trade secret claims are coterminous. That is not the case. The claims are related, but they are distinct. For example, for its inventorship claims, it is not necessary for Gabriel to show that the invention in question constituted Program Technology to prove that Locate was an inventor. The invention claim can be based on a Locate trade secret, as many of Plaintiffs' claims do. Conversely, Defendants' use of Plaintiffs' confidential information or trade secrets in connection with a patent application might not rise to the level of a contribution to the conception of the invention, but could constitute a breach of contract or misappropriation.

- 18 -

1   on a distortion of Plaintiffs' proposed Fifth Amended Complaint.  (*See* Reply Mem. in Supp. of

2   Mot. for Leave to Amend Compl., Dkt. 89, at 3.)[12]

3   **B.   Plaintiffs' Claims Are Not Vexatious or Frivolous.**

4   Because Defendants cannot satisfy either of the two requirements of C.C.P. section 1030

5   — the nonresidency of the Plaintiffs and a showing that substantially refutes all of Plaintiffs'

6   claims — there is no need for the Court to consider the additional factors federal courts rely on in

7   determining whether a cost bond is justified.  Those factors, however, also support the denial of

8   Defendants' motion.

9   *First,* Plaintiffs' claims are not vexatious.  A plaintiff whose core claims survive a motion

10   to dismiss is, by definition, not vexatious.  *See Farber*, 417 F. Supp. 2d at 1147 (because

11   plaintiff's complaint survived motion to dismiss, "it is clear plaintiff has not acted vexatiously in

12   bringing this litigation"); *Plata v. Darbun Enters., Inc.*, No. 09cv44-IEG(CAB), 2009 WL

13   3153747, at *12 (S.D. Cal. Sept. 23, 2009) (relying in part on fact that Plaintiffs' claims had

14   survived a motion to dismiss in denying cost bond).   Indeed, under C.C.P. section 391, a

15   "vexatious litigant" is a party who (i) has brought at least five lawsuits in the past seven years

16   that were determined adversely or were unjustifiably permitted to remain pending for at least two

17   years without trial or hearing; (ii) after final determination of an action, repeatedly attempts to

18   relitigate the validity of the determination or the claims or issues of facts of law decided in the

19   final determination; (iii) "repeatedly files unmeritorious motions, pleadings, or other papers,

20   conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended

21   to cause unnecessary delay"; or (iv) had previously been declared to be a vexatious litigant in

22   another action based on substantially similar facts.  *Id; see Andrews v. Guzman*, No. CIV S-04-

23   1107, 2009 WL 604943, at *3 (E.D. Cal. Mar. 9, 2009) (finding plaintiff to be a vexatious

24   litigant under C.C.P. § 391, where he "commenced, prosecuted or maintained at least five actions

25

26   12.   For the reasons explained in Plaintiffs' briefing in support of their motion to amend their
complaint, Plaintiffs' proposed fraudulent concealment claim is also valid and Defendants'

27   contentions otherwise are groundless.

28

- 19 -

that were determined adversely to plaintiff" including one where the court declared him to be a vexatious litigant). Federal courts apply similar criteria without reference to C.C.P. § 391. *See Robinson v. Hubbard*, No. 07-CV-1560, 2007 WL 2815040, at *3-4 (S.D. Cal. Sept. 25, 2007) (ordering plaintiff to show cause why he should not be declared a vexatious litigant, where plaintiff had filed nine lawsuits in two years, some of which asserted the same claims as other lawsuits which were dismissed for failure to state a claim or to prosecute, eight of which were found to be frivolous, noting that plaintiff's litigation history demonstrated abuse of the judicial process). None of the above criteria apply to Plaintiffs.

As demonstrated above, Plaintiffs' claims are meritorious. *See Plata*, 2009 WL 3153747, at *12 (denying cost bond despite reasonable possibility defendant would prevail because plaintiffs' claims had survived motion to dismiss and plaintiffs also had a reasonable possibility of prevailing). Plaintiffs' suit is certainly not frivolous, which federal courts interpret to mean those that are patently without merit, make false or grossly exaggerated factual assertions, or contain patently absurd or irrelevant allegations. *See, e.g., Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1060-61 (9th Cir. 2007); *Walker v. Stanton*, No. EDCV 08-24-VAP (OPx), 2008 WL 4401388, at *11 (C.D. Cal. Sept. 2, 2008); *Robinson*, 2007 WL 2815040, at *3. Defendants do not and cannot offer any evidence that any of these factors apply to Plaintiffs' claims.

Rather than address the merits of Plaintiffs' claims, Defendants make a series of heated allegations about the alleged purpose of the lawsuit and about Plaintiffs' financial condition or unrelated disputes with other parties. In addition to being either false or inflated, these allegations are irrelevant to this motion and this suit generally. The allegations are, moreover, more than a bit ironic given Qualcomm's own checkered history. (*See, e.g.*, Qualcomm Press Release regarding Settlement of Intellectual Property Dispute with Broadcom dated April 26, 2009, Williams Decl., Ex. 13.)

**C.     The Security Requested Is Unreasonable.**

The second *Simulnet* factor, "the reasonable extent of the security to be posted" from the defendant's perspective, refers to "defendant's legitimate need for prophylaxis of a bond."

- 20 -

1  *Plata*, 2009 WL 3153747, at *12. Gabriel resides in California. If Defendants prevail in this

2  lawsuit, they need not go out of state to recover any costs that may be awarded to them.

3       The third factor, "the reasonable extent of the security to be posted" from the plaintiff's

4  perspective, refers to "plaintiff's ability to post surety for costs." *Id.*. Gabriel is no longer an

5  operating company, and a cost bond would interfere with its ability to prosecute this action and

6  impose a substantial burden on it. *See, e.g., Murphy v. Ginorio*, 989 F.2d 566, 569 (1st Cir.

7  1993) (holding that the lower court abused its discretion in not considering the plaintiff's lack of

8  finances when it granted defendant's motion for bond); *Aggarwal v. Ponce Sch. of Med.*, 745

9  F.2d 723, 728-29 (1st Cir. 1984) (same).

10  **III.   DEFENDANTS' BOND REQUEST IS VASTLY INFLATED.**

11       Defendants seek a $2.9 million bond. That amount exceeds by many multiples the bonds

12  granted in the cases on which Defendants rely. *See Kourtis v. Cameron*, 358 Fed.App'x 863,

13  866-67 (9th Cir. 2009) (unpublished) (affirming cost bond, but reducing bond from $100,000 to

14  $50,000 based on plaintiff's ability to pay); *Simulnet E. Assocs. V. Ramada Hotel Operating Co.*,

15  37 F.3d 573 (9th Cir. 1994) (reversing order for cost bond of $500,000); *In re Merrill Lynch*

16  *Relocation Mgmt., Inc.*, 812 F.2d 1116, 1118, 1124 (9th Cir. 1987) (affirming post-judgment

17  costs award of $2,498.52); *Hiraide v. Vast Sys. Tech. Corp.*, No. C-08-04714 RMW, 2009 WL

18  2390352, at *15 (N.D. Cal. Aug. 3, 2009) (ordering cost bond of $50,000). The request,

19  moreover, relies in large part on projected e-discovery costs of $1.5 million, which clearly

20  includes non-recoverable attorney time, and a groundless request for $1 million fees based on the

21  untenable assertion that this case is vexatious and futile.

22      **A.   The Costs Asserted by Qualcomm Are Not Largely Non-Taxable.**

23       Numerous categories of costs asserted by Qualcomm are not covered by 28 U.S.C. §

24  1920, the Southern District of California Local Rules, or the relevant case law. Defendants may

25  only secure "an award of costs and attorney's fees which may be awarded in the action or special

26  proceeding." C.C.P. § 1030(a). Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute,

27  these rules, or a court order provides otherwise, costs — other than attorney's fees — should be

28   

- 21 -

1  allowed to the prevailing party." *Id.* However, courts have discretion under Rule 54(d) to allow

2  or disallow costs, and may deny costs where an award would be inappropriate or inequitable.

3  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003); *see Nguyen*

4  *v. Taylor*, No. 01cv0851, 2007 WL 1994054, at *1 (S.D. Cal. Apr. 27, 2007). In particular, this

5  Court has considered denying costs where "the issues were close and difficult and [] the losing

6  party litigated in good faith." *Flores v. Shephard*, No. 04cv2337-IEG(NLS), 2009 WL 587701,

7  at *1 (S.D. Cal. Mar. 5, 2009).

8      Furthermore, not all expenses are compensable as costs. *Thomas v. Treasury Mgmt.*

9  *Ass'n*, 158 F.R.D. 364, 372 (D. Md. 1994) (courts are not permitted to reimburse prevailing party

10  for every expense incurred); *Grider v. Ky. & Ind. Terminal R.R.*, 101 F.R.D. 311, 312 (E.D. Ky.

11  1984) ("[C]osts almost always amount to less than the successful litigant's total expenses . . . .").

12  The types of costs that may be awarded under Rule 54(d) "are limited to those enumerated in 28

13  U.S.C. § 1920." *Cargill, Inc. v. Progressive Dairy Solutions, Inc.*, No. CV-F-07-0349, 2008 WL

14  5135826, at *1 (E.D. Cal. Dec. 8, 2008). Of relevance to the costs asserted by Qualcomm are the

15  following categories: "Fees for exemplification and the costs of making copies of any materials

16  where the copies are necessarily obtained for use in the case," "compensation of interpreters"

17  and "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the

18  case." 28 U.S.C. §§ 1920(2), (4), (6).

19      At a minimum, the following categories of requested costs are unallowable and/or

20  inflated. Because it is the burden of the party seeking a cost bond to establish adequately the

21  amount of its costs and Defendants have failed to do so, each of these categories should be

22  disallowed in their entirety.

23      • $1.5 million for "Costs of collecting, searching, identifying, managing and producing
         electronic documents in response to Gabriel's discovery demands."
24

25      Presumably, Qualcomm intends for this line item to fall under the "fees for

26  exemplification" category. 28 U.S.C. § 1920(4). However, this item as described clearly entails

27  intellectual effort beyond mere mechanical processes analogous to copying, and as such falls into

28                                          - 22 -

1   the realm of noncompensable attorney's fees. *See Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th

2   Cir. 1996) ("Fees for exemplification . . . are permitted only for the physical preparation and

3   duplication of documents, not the intellectual effort involved in their production.") (quotation

4   and citation omitted); *Kellogg Brown & Root Int'l, Inc. v. Altanmia Commercial Mktg. Co.*

5   *W.L.L.*, No. H-07-2684, 2009 WL 1457632, at *5 (S.D. Tex. May 26, 2009) ("The steps of

6   extracting data from an electronic medium and storing that data for possible use in discovery is

7   more like the work of an attorney or legal assistant in locating and segregating documents that

8   may be responsive to discovery than it is like copying those documents for use in a case.");

9   *Klayman v. Freedom's Watch, Inc.*, No. 07-22433-CIV, 2008 WL 5111293, at *2 (S.D. Fla. Dec.

10  4, 2008) (costs to search, find and retrieve discoverable electronically stored information would

11  be incurred by lawyers and paralegals in paper context and so are not compensable); *Windy City*

12  *Innovations, LLC v. America Online, Inc.*, No. 04 C 4240, 2006 WL 2224057, at *3 (N.D. Ill.

13  July 31, 2006) (costs of electronic coding and keyword searching not recoverable, because, in

14  absence of electronic system, work would be performed by an attorney or paralegal).

15  - Approximately $98,000 for "Costs incurred with taking oral depositions, including
16    (Plaintiffs name 24 witnesses; we name 19 witnesses; also assume at least 1 technical expert)"

17      The costs of taking a deposition are not taxable unless "it could be reasonably expected

18  that the deposition would be used for trial preparation, rather than mere discovery." Civ. L.R.

19  54.1(b)(3)(a). Defendants cannot pretend that depositions of 43 witnesses are reasonably

20  expected to be used for trial preparation, rather than mere discovery. This cost estimate is

21  inflated. Further, Defendants seek expenses for copies of deposition transcripts, but deposition

22  transcripts beyond the original are not recoverable. *Grider*, 101 F.R.D. at 312.

23  - $220,800 for "Fees paid to interpreters/translators: salaries, fees, expenses, costs of
24    interpreter; fees for translation of documents received in evidence (92 foreign patents . . .)"

25      28 U.S.C. Section 1920(6) provides for "compensation of interpreters." *Id.* There is a

26  disagreement among the circuits as to whether this provision is limited to live translation of

27

28                                              - 23 -

Memo. of Points and Authorities ISO Plaintiffs' Opposition to                    08-cv-1992-MMA-POR
Defendants' Motion for a Bond Pursuant to C.C.P. § 1030

speech or includes translations of written documents. *See Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727-28 (7th Cir. 2008) (live translation only); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005) (written documents).  Although some district courts in the Ninth Circuit have allowed for recovery of costs for translation of written documents in certain circumstances, the Ninth Circuit itself has not ruled on the issue. *See E. & J. Gallo Winery v. Andina Licores S.A.*, No. CV F 05-0101, 2007 WL 1589546, at *1 (E.D. Cal. June 1, 2007) ("There appears to be no appellate authority from the Ninth Circuit that directly addresses which interpretation services are compensable and which are not.").  In the absence of controlling authority, this Court should side with the Seventh Circuit, whose construction of the statute derives from the plain meaning of "interpreter" as "a person who translates living speech from one language to another," and as distinct from a translator of documents. *Extra Equipamentos*, 541 F.3d at 727.

Further, this cost item is misleading.  The foreign patents at issue derive from the English language patent applications, thus little to no translation will be required.

- Unspecified portion of $50,000 for "Costs of photographs"

The cost of photographs for evidentiary purposes are not taxable. *See Grider*, 101 F.R.D. at 312.

### C.  Qualcomm Has No Basis To Assert That Attorney's Fees Are Recoverable.

Fed. R. Civ. P. 54(d) "embodies the American rule, whereby parties ordinarily cannot recover attorneys' fees as costs." *Hairline Creations, Inc. v. Kefalas*, 664 F.2d 652, 655-66 (7th Cir. 1981) (citation omitted).  Defendants argue that they are entitled to fees under Cal. Civ. Code § 3426.4, which allows for the award of fees where a claim of misappropriation made is made "in bad faith." *Id.*  They also argue they are entitled to fees under 28 U.S.C. § 285, which allows for the award of fees "in exceptional cases" which has been held to refer to "vexatious or unjustified litigation" among other types of misconduct. *Id.*; *Brooks Furniture Mfg. v. Dutailier Intern., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).  As established above, Plaintiffs' claims constitute none of the above.

- 24 -

1

## CONCLUSION

2       For the foregoing reasons the Court should deny Defendants' Motion for a Bond Pursuant

3  to C.C.P. § 1030, or, in the alternative, should reject the greater part of Defendants' requested

4  amount of security as unwarranted.

5

                         Respectfully submitted,

6

7

                     By: /s/ John van Loben Sels

8                         John D. van Loben Sels
                         State Bar No. 201354

9                         WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
                         2750 W. El Camino Real, Suite 440

10                        Mountain View, California 94040
                         Telephone: (650) 209-1230

11                        Facsimile:  (650) 209-1231

12

13                        Peter A. Sullivan
                         New York State Bar No. 2563039

14                        HUGHES HUBBARD & REED LLP
                         One Battery Park Plaza

15                        New York, NY 10004
                         Telephone: (212) 837-6000

16                        Facsimile:  (212) 422-4726

17                        Gregory M. Williams
                         District of Columbia Bar No. 467950

18                        HUGHES HUBBARD & REED LLP
                         1775 I Street, N.W., Suite 600

19                        Washington, D.C. 20006
                         Telephone: (202) 721-4600

20                        Facsimile:  (202) 721-4646

21

22                     **COUNSEL FOR PLAINTIFFS GABRIEL**

23                     **TECHNOLOGIES CORPORATION AND**
                     **TRACE TECHNOLOGIES, LLC**

24

25

26

27

28

                                   - 25 -