# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>             Plaintiffs,<br>    vs.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,<br><br>             Defendants. | CASE NO. 08 CV 01992 MMA (POR)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[Doc. No. 84] |

On July 6, 2010, the Court granted Plaintiffs Gabriel Technologies Corporation and Trace Technologies, LLC ("Plaintiffs") motion to modify the Court's March 30, 2010 scheduling order to permit Plaintiffs to file a motion to amend the complaint after the deadline had passed. [Doc. No. 83.] The same day, the Clerk of Court filed Plaintiffs' motion for leave to file a fifth amended complaint. [Doc. No. 84.] Defendants Qualcomm Incorporated, SnapTrack, Inc., and Norman Krasner ("Defendants") submitted their opposition on July 16 [Doc. No. 88], and Plaintiffs submitted their reply brief on July 23 [Doc. No. 89]. The Court considered Plaintiffs' motion suitable for decision on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the following reasons, the Court **DENIES** Plaintiffs' motion for leave to file a fifth amended complaint.

**BACKGROUND**

On September 3, 2009, the Court set forth the events giving rise to this action in its memorandum order granting in part and denying in part Defendants' motion to dismiss Plaintiffs' first amended complaint. [*See* Doc. No. 35.] The Court incorporates that section of its September 3 order by reference herein.

In its September 3 order, the Court also dismissed six of Plaintiffs' claims with prejudice, and dismissed Plaintiffs' third cause of action for "fraud and fraudulent inducement" without prejudice, and with leave to amend. [*Id*.] On September 14, 2009, Plaintiffs filed a second amended complaint, which contained an amended fraud and fraudulent inducement claim and incorrectly re-alleged the claims dismissed with prejudice. [Doc. No. 36.] The Court held a telephonic status conference with the parties on October 8, and granted Plaintiffs leave to file a third amended complaint that did not include the claims previously dismissed with prejudice. [Doc. No. 39.] Plaintiffs filed their third amended complaint on October 9, which included the amended fraud and fraudulent inducement claim. [Doc. No. 40.] Defendants again moved to dismiss Plaintiffs' fraud claim. [Doc. No. 41.]

On December 14, 2009, the Court granted Defendants' motion and dismissed Plaintiffs' fraud and fraudulent inducement claim with prejudice. [Doc. No. 48.] On January 11, 2010, Plaintiffs filed their fourth amended complaint, which did not contain any causes of action for fraud. [Doc. No. 53.] Defendants answered on January 29. [Doc. No. 54.] Thereafter, the parties participated in an early neutral evaluation conference on March 29, and the magistrate judge entered a scheduling order the following day, which stated in relevant part, "Any *motion* to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **April 19, 2010**." [Doc. No. 61 ¶3 (italics added).]

On April 19, Plaintiffs filed a fifth amended complaint, which the Court struck on April 23 for failure to comply with the scheduling order. [Doc. Nos. 65, 71.] After additional motion practice, the Court accepted Plaintiffs' motion for leave to amend the complaint for filing on July 6. [Doc. No. 72.] In connection with the pending motion, Plaintiffs submitted their proposed fifth

1  amended complaint, which includes two additional patents, and a "new" claim for fraudulent
2  concealment. [*See* Doc. No. 84, Exhibit A ¶¶63(x), 63(xi), 156-168.]

### DISCUSSION

### I.  LEGAL STANDARD

Plaintiffs assert the Court must consider whether their proposed fifth amended complaint is proper under the liberal requirements of Federal Rule of Civil Procedure 15. Rule 15(a)(2) states the court should freely grant plaintiff leave to amend the complaint when justice so requires. Fed. R. Civ. Proc. 15(a)(2). In cases where the defendant has filed a responsive pleading, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (citation omitted); *see also AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Defendants assert "[t]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). In addition, Defendants correctly point out that a "motion for leave to amend the Complaint to add a claim that was previously dismissed *with prejudice* is improper." *Ruiz v. Gap, Inc.*, 2009 U.S. LEXIS 10400 *8 (N.D. Cal., Feb. 3, 2009) (emphasis added).

### II.  GROUNDS FOR LEAVE TO AMEND

Plaintiffs argue they should be allowed to amend the complaint to add a "new" cause of action for "fraudulent concealment." [Doc. No. 84, p.1.] Plaintiffs assert this new theory is based on the same set of operative facts involved in its existing causes of action, but is distinct from their earlier fraud and fraudulent inducement claims, which were dismissed with prejudice. [Doc. No. 84, p. 2; *see* Doc. No. 48; Doc. No. 35 p.8-13.] In addition, Plaintiffs assert leave to amend is warranted under Rule 15 because they promptly sought to add this new theory in good faith, the amendment will not prejudice Defendants, and Plaintiffs will suffer prejudice if they are not permitted to add this meritorious claim. [*See generally*, Doc. No. 84.] Defendants, however, contend Plaintiffs' request for leave should be denied because Plaintiffs have merely re-labeled their prior fraud and fraudulent inducement claims as one for fraudulent concealment. [Doc. No.

88, p.3-6.] Defendants further argue Plaintiffs' request does not satisfy Rule 15, because Plaintiffs fail to justify the undue delay in asserting this new theory, Defendants will suffer significant prejudice if the late amendment is permitted, and the proposed amendment is futile and would not survive a motion to dismiss.  [Doc. No. 88, p.6-18.]

### III.   COMPARISON OF PREVIOUSLY DISMISSED AND PROPOSED FRAUD CLAIMS

The Court first considers Defendants' primary argument that Plaintiffs' "new" fraudulent concealment claim is merely an attempt to re-label and re-plead their fraud and fraudulent inducement claim, which the Court dismissed with prejudice in December 2009.  Plaintiffs argue their fraudulent concealment claim is separate and distinct from their earlier fraudulent inducement claim because each cause of action requires proof of different elements.

#### (A)   Fraudulent Concealment

To state a fraudulent concealment claim, Plaintiffs must allege facts that demonstrate: (1) Defendants concealed or suppressed a material fact (2) that they had a duty to disclose, (3) with the intent to deceive Plaintiffs who were "unaware of the concealed fact and would not have acted had [they] known of the fact."  *Melanson v. United Air Lines, Inc.*, 931 F.2d 558, 563 (9th Cir. 1991).  Thus, in their proposed fifth amended complaint, Plaintiffs allege that Locate (Plaintiff Gabriel Technologies' predecessor in interest) engaged in co-development efforts and negotiations with Defendant Snaptrack in or around 1999 through 2001.  [Doc. No. 84, Exhibit A, ¶¶2, 157, 160.]  During this time, Locate disclosed substantial confidential information to SnapTrack, with the expectation that such information would remain confidential.  [*Id*. at ¶¶158-59.]  For example, Locate provided SnapTrack "confidential information concerning other Locate inventions that were its own intellectual property separate and apart from the co-development program with SnapTrack."  [*Id*. at ¶161.]  Defendants then "used Locate's intellectual property, confidential information, and inventions to unjustly file patent applications in their own names, as if Krasner and other Qualcomm employees, alone and in combination, were the actual inventors."  [*Id*. at 162.]

> [Defendants] intentionally and knowingly *concealed their misappropriation* of Locate's innovative technology and the fact that they were filing patent applications [that] incorporat[ed] jointly-owned

> Program Technology as well as Locate's solely-owned technology without notifying Locate and obtaining patents on those filed patent applications. *Had Locate known* that . . . [Defendants] were going to take Locate's technology for themselves, Locate would not have shared its confidential information and intellectual property [with Defendants.]

[*Id*. at 163 (emphasis added).] In short, Plaintiffs allege Defendants concealed their wrongful misappropriation of Locate's technology, and if Plaintiffs had known Defendants intended to misuse Locate's confidential information as their own, Locate would never have disclosed it.

### (B)  Fraudulent Inducement

Plaintiffs' assert their prior fraudulent inducement claim is distinct, because it required proof that, (1) Defendants made a promise about a material matter (2) with no intention of honoring that promise (3) which induced Plaintiffs to take action that they otherwise would not have taken. *Melanson*, 931 F.2d at 563. In Plaintiffs' third amended complaint, they alleged Defendants fraudulently induced Plaintiff Gabriel to enter the 1999 License Agreement by:

> [I]ntentionally and knowingly misrepresent[ing] that Locate would jointly own Program Technology and that Locate would retain its own intellectual property. In addition, . . . [Defendants] intentionally and knowingly *failed to disclose that they were misappropriating* Locate's technology and filing patents and patent applications incorporating jointly-owned Program Technology as well as Locate's technology.

[Doc. No. 40, ¶138 (emphasis added).] Defendants intended Plaintiffs " to rely on the misrepresentations and/or *concealment* prior to and after entering into the License Agreement." [*Id*. at ¶139 (emphasis added).] Plaintiffs justifiably "relied on the misrepresentations and/or the *undisclosed* information" and were not immediately aware of Defendants' wrongdoing due to their "false representations and *concealment*." [*Id*. at ¶140 (emphasis added).] In sum, Plaintiffs' fraudulent inducement claim asserted that Defendants misrepresented their intentions regarding Locate's intellectual property, and concealed that they were unlawfully misappropriating Locate's confidential information to induce Locate to enter the 1999 License Agreement.

In the current motion, Plaintiffs argue the Court's prior orders "do not discuss or even mention a fraudulent concealment claim." [Doc. No. 84, p.8.] The Court disagrees. First, in its December 2009 order, the Court expressly considered Plaintiffs' allegations regarding Defendants' concealment and failure to disclose certain information, as well as Plaintiffs' assertions of

affirmative misrepresentations. [Doc. No. 48.] As a whole, Plaintiffs' allegations failed, again, to satisfy the pleading requirements of Rule 9(b), and the Court determined additional opportunities to amend would be futile. [*Id.*] Second, the label a plaintiff attaches to its cause of action is not dispositive—the court must examine the factual allegations to determine the nature of the plaintiff's claim. *Rains v. Criterion Sys.*, 80 F.3d 339, 343 n.2 (9th Cir. 1996); *Howe v. Bank of America N.A.*, 179 Cal. App. 4th 1443, 1449 (2009); *Peterson v. Cellco Partnership*, 164 Cal. App. 4th 1583, 1595-96 (2008). Here, despite the different labels Plaintiffs have attached to the allegations in their various attempts to state a viable cause of action for fraud, the gravaman of the allegations has remained the same throughout.

When Plaintiffs' fraud claims in the third amended complaint and proposed fifth amended complaint are considered side by side, the similarities are readily apparent. In the third amended complaint, Plaintiffs alleged Defendants "misrepresented," "failed to disclose," and "concealed" their misappropriation of Locate's technology "prior to and after entering the License Agreement." [*Third Amended Complaint*, Doc. No. 40, ¶¶138-140.] Plaintiffs asserted Defendants engaged in this fraudulent behavior to induce Gabriel to enter the 1999 License Agreement. [*Id.*] Similarly, in the proposed fifth amended complaint, Plaintiffs allege Defendants "concealed their misappropriation" of Locate's technology, and "intended Plaintiffs to rely on the concealment prior to and after entering into the License Agreement, causing Gabriel to enter into the License Agreement and causing Gabriel to share its valuable trade secrets with [Defendants]." [Doc. No. 84, Exhibit A ¶¶163, 166.] Although Plaintiffs omit the word "induce" from their proposed new claim, both the third and fifth amended complaints allege that Defendants concealed their misappropriation to obtain access to Locate's confidential information and technology. Whether stated as concealment to "induce Gabriel to rely on the misrepresentations and/or concealment prior to and after entering into the License Agreement" [Doc. No. 40, ¶139] or concealment of the misappropriation "causing Gabriel to enter into the Licensing Agreement" [Doc. No. 84, Exhibit A ¶166], Plaintiffs seek damages for alleged deceptive conduct that caused them to take actions they would not have otherwise taken if they had known the truth. In other words, Plaintiffs assert they

1  would have acted differently if they had known Defendants intended to utilize and disclose
2  Locate's information for their own benefit.
3       Accordingly, Plaintiffs' allegations that Defendants concealed information from Locate is
4  not new.  Both of the Court's prior orders from September 3, 2009 and December 14 2009
5  addressed Plaintiffs' allegations that Defendants "concealed" and "failed to disclose" certain
6  information.  [*See* Doc. No. 35, p.10; Doc. No. 48, p.3-5.]  And, in its December order, the Court
7  dismissed Plaintiffs' fraud claim without further leave to amend.  Although Plaintiffs have
8  attached a different label to their newly proposed fraud claim, the gravaman of the wrongful
9  conduct and the resulting harm are the same as before.  Because the Court previously dismissed
10 Plaintiffs' fraud claim with prejudice and without leave to amend, the Court **DENIES** Plaintiffs'
11 motion for leave to file a fifth amended complaint that reasserts the previously dismissed claim.

## CONCLUSION

13      For the reasons stated herein, the Court **DENIES** Plaintiffs' motion for leave to file a fifth
14 amended complaint.  Accordingly, the pleadings are closed and the Fourth Amended Complaint,
15 filed January 11, 2010 [Doc. No. 53], remains the operative pleading in this action.
16     **IT IS SO ORDERED.**

18 DATED: August 13, 2010

                        Hon. Michael M. Anello
                        United States District Judge