John D. van Loben Sels (State Bar No. 201354)
**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
2570 W. El Camino Real, Suite 440
Mountain View, California 94040
jvanlobensels@whgclaw.com
Telephone: (650) 209-1230
Facsimile: (650) 209-1231

Peter A. Sullivan (New York State Bar No. 2563039)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
sullivan@hugheshubbard.com
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

Gregory M. Williams (District of Columbia Bar No. 467950)
**HUGHES HUBBARD & REED LLP**
1775 I Street, N.W., Suite 600
Washington, D.C. 20006
williamg@hugheshubbard.com
Telephone: (202) 721-4600
Facsimile: (202) 721-4646

Attorneys for Plaintiffs
Gabriel Technologies Corporation and
Trace Technologies, LLC

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | |
|---|---|
| **GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,** <br><br> Plaintiffs, <br><br> vs. <br><br> **QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,** <br><br> Defendants. | **CIVIL ACTION NO. 3:08-cv-01992-MMA-POR** <br><br> **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY OR TO MODIFY THE SCHEDULING ORDER** |

- i -

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...................................................................................1

STATEMENT OF FACTS ........................................................................................1

ARGUMENT .........................................................................................................4

    I.     The Court Should Stay Discovery Pending Plaintiffs' Posting of
the Cost Bond...........................................................................................4

    II.    In the Alternative, The Court Should Modify the Scheduling
Order. ......................................................................................................5

        A.    Good Cause Exists To Modify The Scheduling Order. ..............................6

            1.     Plaintiffs Acted Diligently in Assisting the Court in
Creating the Scheduling Order...........................................6

            2.     The Need For An Extension Resulted Despite
Plaintiffs' Diligent Efforts to Comply With The
Scheduling Order. ............................................................7

            3.     Plaintiffs Were Diligent in Seeking Amendment of
the Scheduling Order. .......................................................8

        B.    Justice Requires That Plaintiffs Be Given An Extension Of
The Discovery Deadline. ......................................................................9

CONCLUSION......................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284 (S.D. Cal. 2000)........................................4

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605 (E.D. Cal. 1999) ..............................................6

*Jimenez v. R. Sambrano*, No. 04cv1833 L (PCL), 2009 WL 937042 (S.D. Cal. Apr. 6, 2009) ........................................................................................9

*Johnson v. Mammoth Recreations*, 975 F.2d 604 (9th Cir. 1992) ..............................6, 8, 9

*Little v. City of Seattle*, 863 F.2d 681 (9th Cir. 1988)........................................4

*Masterpiece Leaded Windows Corp. v. Joslin*, No. 08-CV-0765-JM, 2009 WL 1456418 (S.D. Cal., May 22, 2009) ........................................................6, 8, 9

*Schafer v. Ashworth*, No. 2:06-cv-1259-MCE-DAD, 2007 WL 4365495 (E.D. Cal. Dec. 12, 2007) ........................................................................6, 9

*Singh v. Wendy's Int'l, Inc.*, No. 2:09-cv-0664 FCD DAD, 2009 WL 4505896 (E.D. Cal. Nov. 24, 2009) ........................................................6

STATUTES AND RULES

Fed. R. Civ. P. 26(c) ........................................................................4

Fed. R. Civ. P. 16(b)(4)........................................................................6

Plaintiffs Gabriel Technologies and Trace Technologies LLC ("Plaintiffs") submit this Memorandum of Points and Authorities in support of their motion to stay discovery pending Plaintiffs' posting of the cost bond ordered by the Court on September 20, 2010 (the "September 20 Order") or, in the alternative, to modify the Scheduling Order of March 30, 2010 (the "Scheduling Order") to allow for a 120-day extension of all discovery deadlines.

## PRELIMINARY STATEMENT

This motion seeks to stay discovery pending Plaintiffs' posting of the Court-ordered $800,000 cost bond. Good cause exists for granting the stay, because, if Plaintiffs are unable to raise the funds necessary to post the bond, this action may be dismissed. Plaintiffs are making vigorous efforts to raise the funds, but in the event that they are unable to do so, pursuing discovery in the meantime may result in unnecessary and avoidable waste of the parties' resources. Going forward with discovery could also necessitate use of the Court's time to address an ongoing discovery dispute that the parties have currently been unable to resolve – a dispute that will be rendered moot if this action is dismissed for failure to post the bond.

In the alternative, this motion seeks a modification of the Scheduling Order to allow for a 120-day extension of all discovery deadlines. This extension will allow some leeway pending the Plaintiffs' attempt to post the bond, as well as permit time for the parties to resolve their current discovery dispute over Plaintiffs' trade secret identification. Citing an alleged failure to properly identify the trade secrets at issue, Defendants have thus far failed to produce any discovery in this action, making it impossible for Plaintiffs to take depositions and to comply with the Scheduling Order's October 30, 2010 deadline for the completion of non-expert discovery. Good cause therefore exists for granting a modification of the Scheduling Order.

## STATEMENT OF FACTS

On March 30, 2010, the Court entered the Scheduling Order in the instant action. The Scheduling Order stated that non-expert discovery was to be completed "on or before **October 30, 2010**." (Scheduling Order [Docket No. 61] at 2 (emphasis in original).) Plaintiffs' counsel

- 1 -

participated in the ENE conference and the Rule 16 scheduling conference, and they negotiated in good faith an eDiscovery protocol and a protective order with Defendants' counsel.  (Williams Decl. ¶ 4.)[1]

To comply with the Scheduling Order, Plaintiffs have engaged in diligent discovery efforts.  (*Id.* ¶ 6.)  These efforts include:  gathering one million pages of documents and filtering those documents based on agreed search terms; producing almost two hundred thousand pages of documents; responding to Defendants' initial document requests on May 10, 2010; responding to requests for admissions on May 10, 2010; responding to Defendants' first set of interrogatory requests on May 10, 2010 and supplementing those responses on June 22, 2010; submitting Plaintiffs' identification of trade secrets pursuant to California Code of Civil Procedure § 2019.210 by the May 1, 2010 Scheduling Order deadline; and revising the trade secrets identification in response to objections raised by Defendants.  (*Id.*)

Defendants, however, have produced no documents, arguing that Plaintiffs' trade secret identification is insufficient.  (*Id.* ¶ 7.)  Defendants have also refused to make adequate initial Rule 26(a) disclosures on the same basis.  (*Id.* ¶ 8.)  As a result of this failure to produce discovery, Plaintiffs have been unable to schedule depositions.  (*Id.* ¶ 9.)

Plaintiffs have made attempts to resolve the dispute over the trade secret identifications. Plaintiffs have amended their identifications to address Defendants' objections and to refine and narrow the descriptions therein.  (*Id.* ¶ 10.)  These include amendments made on June 22, 2010 and August 2, 2010.  (*Id.*)  Following these amendments, the parties have exchanged telephone calls and correspondence.  (*Id.*)  After Plaintiffs' latest amendment of August 2, 2010, Defendants have continued to claim that the identifications are inadequate, while Plaintiffs believe that they have provided sufficient identification and that they have addressed all of Defendants' reasonable concerns.  (*Id.* ¶ 11.)  Plaintiffs sought further clarification of

---

1.    References to "Williams Decl." are to the Declaration of Gregory M. Williams, dated September 30, 2010, and submitted herewith.

1   Defendants' position on the trade secret identification on August 19, 2010, and at that time,

2   Plaintiffs raised the need to address the discovery schedule.  (*Id*.)

3           On July 2, 2010, Defendants filed a motion for a cost bond under California Code of

4   Civil Procedure § 1030.  (Docket No. 81.)  Defendants sought a bond of $2.9 million purportedly

5   to secure costs and fees in the event that they are the prevailing party in this action.  (*Id*. at 1-2.)

6   On September 20, 2010, the Court ordered Plaintiffs to post an $800,000 bond within 90 days.

7   (Docket No. 110.)

8           Plaintiffs are currently involved in vigorous efforts to raise the funds necessary to post

9   the bond, but at this time are not able determine whether these efforts will be successful.

10  (Williams Decl. ¶ 13.)  Pursuant to the Court's September 20 Order, if Plaintiffs are unable to

11  post the bond within ninety days, the case may be dismissed.  Therefore, any further discovery

12  efforts undertaken prior to the posting of the bond could result in unnecessary costs to the parties

13  if Plaintiffs are ultimately unable to post the bond.  Proceeding with discovery could also

14  potentially result in unnecessary use of the Court's time, if the Court's attention is necessary to

15  settle the parties' dispute over trade secret identification.

16          In order to avoid this potential waste, Plaintiffs' counsel conferred with Defendants'

17  counsel on Wednesday, September 22, 2010, Thursday, September 23, 2010, and again on

18  Monday, September 27, 2010, raising the issue of a stay or, in the alternative, a modification of

19  the Scheduling Order to allow for a 120-day extension of the non-expert discovery deadline of

20  October 30, 2010 and all succeeding deadlines.  (*Id*. ¶ 14.)  Defendants' counsel represented that

21  they had not been able to reach their client to be able to formulate a position on the stay but were

22  willing to agree to a 30-day extension and to discuss the need for further extensions if required.

23  (*Id*. ¶ 15.)  Given that Defendants have not agreed to produce any documents, Plaintiffs did not

24  find that a 30-day extension would be sufficient.  (*Id*. ¶ 16.)

25          In keeping with the Scheduling Order's decree that "all disputes concerning discovery

26  shall be brought to the attention of this Court no later than thirty days following the date upon

27

28

- 3 -

which the event giving rise to the discovery dispute occurred" (Scheduling Order at 2), Plaintiffs organized a telephone conference with the Court on September 27, 2010 to discuss the current state of discovery.  (Williams Decl. ¶ 17.)  In this conference call, the Court gave Plaintiffs permission to make this motion.  (*Id.* ¶ 18.)

**ARGUMENT**

## I. THE COURT SHOULD STAY DISCOVERY PENDING PLAINTIFFS' POSTING OF THE COST BOND.

Pending Plaintiffs' posting a bond, or the expiration of the 90-day period to do so, it would be in the best interest of all parties if discovery in this action were stayed.  The Court has the discretion to stay discovery for good cause.  *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also* Fed. R. Civ. P. 26(c).  Federal Rule of Civil Procedure 26(c) permits a party to move the court, on showing of good cause, to issue an order to protect a party or person from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The motion must include a certification that the movant has, in good faith, conferred or attempted to confer with other affected parties in an attempt to resolve the matter without court action.  *Id.*  The Court may issue an order offering such relief by, among other options: (1) forbidding the disclosure or discovery, and/or (2) specifying the terms, including time and place, for the disclosure or discovery.  Fed. R. Civ. P. 26(c)(1)(a)-(b).

When considering such a motion, courts in this district "take a preliminary peek at the merits" of any pending dispositive motions to see if there appears to be an immediate and clear possibility of success and "balance the harm of staying discovery with the benefit of allowing discovery to continue."  *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 286, 289 (S.D. Cal. 2000) (citation omitted).  Here, the fact that failure to post the bond within the allotted time may result in the dismissal of the action results in both these factors supporting a stay of discovery.

Although there are no dispositive motions currently pending in the instant case, the September 20 Order credibly threatens the viability of the entire action.  If Plaintiffs are unable

- 4 -

1   to post the required security within the stated timeframe, their action may be dismissed, which

2   would wholly obviate the need for further discovery.  (*See* September 20 Order at 24.)

3         Balancing the harms shows that both parties could suffer harm if a stay is not granted

4   while, little, if any, harm will result from granting the stay.  Far from being harmed by a stay of

5   discovery, Defendants may benefit.  The delay in discovery will, at worst for Defendants, put off

6   the time at which Defendants must incur costs to produce discovery.  At best for Defendants,

7   they will be able to avoid producing discovery that they may not ultimately be required to

8   produce at all.  Defendants may also avoid incurring any further litigation costs to resolve the

9   discovery dispute over trade secret identification.  Since, as yet, Defendants have produced no

10  documents, a temporary stay will not disrupt their ongoing discovery efforts and will only serve

11  to conserve Defendants' resources.

12        Plaintiffs are attempting to raise the funds necessary for the bond.  However, if they are

13  unable to do so by the ninety-day deadline and the action is dismissed, any further discovery

14  costs incurred in the meantime would be a waste of the parties' resources.  It could also result in

15  unnecessary expenditure of judicial resources, since, if the parties are unable to resolve

16  Defendants' refusal to produce documents, they may require the Court's attention.  Therefore,

17  until Plaintiffs post the security required by the September 20 Order, the potential harm of

18  moving forward with discovery at this time outweighs any benefit of allowing discovery to

19  continue.  Plaintiffs therefore respectfully request that the Court issue an order to stay discovery

20  pending either the posting of the bond, or the expiration of the 90-day period.

21  **II.   IN THE ALTERNATIVE, THE COURT SHOULD MODIFY THE SCHEDULING
        ORDER.**

22

23        If the Court finds that a stay is not warranted, good cause independently exists for

24  modification of the Scheduling Order to allow for a 120-day extension of the October 30, 2010

25  deadline for completion of non-expert discovery and all succeeding deadlines.  The need for an

26  extension has arisen despite the diligent efforts of Plaintiffs to meet the discovery deadlines, and

27  Defendants will suffer no prejudice as a result of the extension.  An extension would permit the

- 5 -

28

parties to resolve their discovery dispute over trade secret identification and to complete

discovery once that dispute has been resolved.

### A. Good Cause Exists To Modify The Scheduling Order.

Under Rule 16(b)(4), a scheduling order "may be modified only for good cause with the

judge's consent." Fed. R. Civ. Pro. 16(b)(4); *see also* July 6, 2010 Order [Docket No. 83] ("July

6 Order") at 4.  To establish good cause, the moving party must demonstrate that it acted

diligently in managing the case and in seeking the desired amendment.  *Masterpiece Leaded*

*Windows Corp. v. Joslin*, No. 08-CV-0765-JM, 2009 WL 1456418, at *2 (S.D. Cal. May 22,

2009) (citing *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609  (9th Cir. 1992)); *Schafer v.*

*Ashworth*, No. 2:06-cv-1259-MCE-DAD, 2007 WL 4365495, at * 2 (E.D. Cal. Dec. 12, 2007).

In determining whether the moving party has acted diligently, the Court considers:

> (1) [W]hether the movant was diligent in assisting the Court in
> creating a workable Rule 16 scheduling order, (2) whether the
> movant's noncompliance with deadlines occurred, notwithstanding
> its diligent efforts to comply, because of matters unforeseen at the
> time of the Rule 16 scheduling conference, and (3) whether the
> movant was diligent in seeking amendment of the scheduling order
> once it became apparent that it could not comply with the order.

*Masterpiece*, 2009 WL 1456418, at *2 (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608

(E.D. Cal. 1999)); *Singh v. Wendy's Int'l, Inc.*, No. 2:09-cv-0664 FCD DAD, 2009 WL 4505896,

at *2 (E.D. Cal. Nov. 24, 2009).  "Although the existence or degree of prejudice to the party

opposing the modification might supply additional reasons to deny a motion, the focus of the

inquiry is upon the moving party's reasons for seeking modification." *Masterpiece*, 2009 WL

1456418, at *2.  Plaintiffs satisfy each of these requirements.

### 1. Plaintiffs Acted Diligently in Assisting the Court in Creating the Scheduling Order.

Plaintiffs' counsel have worked diligently to assist the Court in creating a workable

scheduling order.  (*See* July 6 Order at 5 ("there is no indication Plaintiffs were not diligent in

assisting the Court to create the scheduling order").)

- 6 -

Since joining the case in late March, Plaintiffs' counsel participated in the ENE conference and the Rule 16 scheduling conference, and they negotiated in good faith an eDiscovery protocol and a protective order with Defendants' counsel.  (Williams Decl. ¶ 4.)  In the case of the protective order, when counsel for Defendants, who was traveling, requested a few additional days to complete the meet and confer process, Plaintiffs' counsel immediately agreed and joined with Defendants to seek a short extension of time (which was granted).  (*Id.* ¶ 5.)  Plaintiffs have since responded to Defendants discovery requests in a timely manner, serving responses to requests for documents, a set of requests for admissions and three sets of interrogatories.  (*Id.* ¶ 6.)

**2.      The Need For An Extension Resulted Despite Plaintiffs' Diligent Efforts to Comply With The Scheduling Order.**

Plaintiffs have made diligent efforts to comply with the Scheduling Order and to complete fact discovery by the October 30, 2010 deadline.  Plaintiffs have, among other things, filed responses to Defendants' document requests.  (*Id.*)  They have expended considerable time, effort and resources gathering over one million pages of documents and then filtering those documents based on agreed search terms.  (*Id.*)  Plaintiffs have produced almost two hundred thousand pages of documents and will produce an additional many hundreds of thousands of documents over the next several weeks.  (*Id.*)  Plaintiffs have responded to Defendants' requests for admissions and three sets of interrogatory requests.  (*Id.*)  Additionally, they submitted their trade secrets designation by the Scheduling Order's May 1, 2010 deadline, and have revised those designations in response to objections raised by Defendants.  (*Id.*)

Despite the fact that Plaintiffs have undertaken numerous measures to comply with the Scheduling Order, Plaintiffs have not yet received any discovery or documents from Defendants.  (*Id.* ¶ 7.)  Defendants refuse to produce a single document to Plaintiffs on their assertion that Plaintiffs' trade secret identifications are insufficient.  (*Id.*)  Defendants also refuse even to make adequate initial Rule 26(a) disclosures on the same basis.  (*Id.* ¶ 8.)  Moreover, it is especially

- 7 -

1   unlikely that Defendants will produce documents while Plaintiffs' $800,000 cost bond is

2   outstanding.

3          Plaintiffs had expected to be taking depositions in September and October in order to

4   comply with the October 30 deadline, but have been unable to begin to take any depositions in

5   the absence of the production of documents by Defendants. (*Id.* ¶ 9.)  Even if Plaintiffs were to

6   receive the requested documents immediately, it would be almost impossible to review these

7   documents and conduct depositions within the time remaining.  (*Id.*)

8          Defendants' refusal to respond to discovery has delayed Plaintiffs' preparation of their

9   case, notwithstanding Plaintiffs' diligent efforts to meet the Scheduling Order's deadlines.  An

10  extension of the deadlines in the Scheduling Order by 120 days would provide time for

11  Defendants to produce documents and for Plaintiffs to review the produced documents in order

12  to prepare properly for depositions.

13                 **3.    Plaintiffs Were Diligent in Seeking Amendment of the Scheduling Order.**

14         Plaintiffs have acted promptly upon realizing that the parties needed an extension of the

15  Scheduling Order's deadlines.  This is not a situation in which a plaintiff treated the scheduling

16  order as a "frivolous piece of paper." *Masterpiece*, 2009 WL 1456418, at *3 (citing *Johnson*,

17  975 F.2d at 610).  Plaintiffs have been making efforts to resolve the trade secret identification

18  issue with Defendants, but it has now become apparent to Plaintiffs that resolution cannot be

19  reached in time to meet the October 30 deadline for the completion of non-expert discovery.

20  (*See* Williams Decl. ¶ 10.)  In addition, when the Court issued its Order regarding the bond on

21  September 20, it became yet more apparent that relief from the Scheduling Order would be

22  necessary, since Plaintiffs required time to raise the necessary funds and since Defendants were

23  likely to be even more unwilling to produce discovery with the bond outstanding.  (*Id.* ¶ 13.)

24  After consulting with Defendants on September 22 and 23, 2010 and being unable to reach an

25  agreement, Plaintiffs sought to bring the issues to the Court's attention, and the parties held a

26  conference call with the Court on September 27, 2010.  (*Id.* ¶ 17.)  The extension by 120 days of

27

28

- 8 -

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY OR TO MODIFY THE SCHEDULING ORDER**
**08-cv-1992-MMA-POR**

the deadlines in the Scheduling Order will not significantly disrupt the Court's management of this case, nor would it "reward the indolent and cavalier." *Masterpiece*, 2009 WL 1456418, at *3 (citing *Johnson*, 975 F.2d at 610).  Because the record here establishes that Plaintiffs have acted diligently, an extension is warranted.

      **B.**    **Justice Requires That Plaintiffs Be Given An Extension Of The Discovery Deadline.**

      In this district, courts have found that if "refusal to allow a modification of the pretrial order could result in injustice, while allowing the modification would cause no substantial injury to the opponent and no more than a slight inconvenience to the court, modification is appropriate." *Jimenez v. R. Sambrano, et al.,* No. 04cv1833 L (PCL), 2009 WL 937042, at *2 (S.D. Cal. Apr. 6, 2009).  Here, refusal to allow Plaintiffs an extension of the discovery deadlines would result in such injustice.  Not only is the extension that Plaintiffs request modest, but Plaintiffs are also seeking it not as a result of their own delays in producing documents, but that of Defendants.

      Although the focus of a request to modify a scheduling order is on the diligence of the movant, there is also no basis here on which to find that extending the deadlines in the Scheduling Order will injure Defendants.  *See Jimenez*, 2009 WL 937042, at *2; *Schafer*, 2007 WL 4365495, at * 2.  Neither party will be able to complete fact discovery by the October 30 deadline.  Defendants have indicated that they are willing to agree to a thirty-day extension and to discuss the need for further extensions if required.  (*See* Williams Decl. ¶ 15.)  Given that Defendants have not agreed to produce any documents, Plaintiffs do not believe that a thirty-day extension is sufficient.  (*Id.* ¶ 16.)

      In addition, there is no basis to find that the Court will suffer serious inconvenience, since all Plaintiffs seek is a modest extension of the discovery deadlines.

      Therefore, a modification of the Scheduling Order is appropriate.  Plaintiffs have shown justice requires an extension, and Defendants will not suffer any harm.

- 9 -

1

**CONCLUSION**

2          For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs'

3    motion to stay discovery or, in the alternative, modify the Scheduling Order to allow for a 120-

4    day extension of the discovery deadlines.

5    Dated:  September 30, 2010

6                                                    Respectfully submitted,

7
                                                     By: */s/ John van Loben Sels*
8                                                        John D. van Loben Sels
                                                         State Bar No. 201354
9                                                        **WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
                                                         2570 El Camino Real, Suite #440
10                                                       Mountain View, CA 94040
                                                         Telephone: (650) 209-1230
11                                                       Facsimile:  (650) 209-1231

12                                                       Peter A. Sullivan
                                                         New York State Bar No. 2563039
13                                                       **HUGHES  HUBBARD & REED LLP**
                                                         One Battery Park Plaza
14                                                       New York, NY 10004
                                                         Telephone: (212) 837-6000
15                                                       Facsimile:  (212) 422-4726

16                                                       Gregory M. Williams
                                                         District of Columbia Bar No. 467950
17                                                       **HUGHES  HUBBARD & REED LLP**
                                                         1775 I Street, N.W., Suite 600
18                                                       Washington, D.C. 20006
                                                         Telephone:  (202) 721-4600
19                                                       Facsimile:  (202) 721-4646

20

21                                                       **COUNSEL FOR PLAINTIFFS GABRIEL
                                                         TECHNOLOGIES CORPORATION AND**
22                                                       **TRACE TECHNOLOGIES, LLC**

23

24

25

26

27                                                 - 10 -

28