UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>          Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>          Defendants. | Civil No. 08CV1992 AJB (MDD)<br><br>**ORDER OVERRULING OBJECTION [Doc. No 237]; DENYING EX PARTE MOTION FOR LEAVE TO FILE AMICUS BRIEF [Doc. No. 234]; AND DENYING EX PARTE MOTION FOR LEAVE TO FILE REPLY AND REQUEST FOR HEARING [Doc. No. 242]**<br><br>**[Doc. Nos. 234, 237 and 242]** |

Plaintiffs, Gabriel Technologies Corporation and Trace Technologies, LLC filed an objection to the Order Denying Motion to Compel by Magistrate Judge Dembin on December 12, 2011. [Doc. No. 237.] Defendants filed a response to the Plaintiffs' objection. [Doc. No. 241.] Plaintiffs subsequently filed an ex parte motion for leave to file a reply and requesting a hearing on the objection. [Doc. No. 242.] In support of their Objection, Plaintiffs also filed an ex parte motion for leave to file an amicus curiae brief. [Doc. No. 234.] For the reasons set forth below, the Plaintiffs' objection, [Doc. No. 237] is OVERRULED and Plaintiffs' ex parte applications, [Doc. Nos. 234 and 242] are DENIED.

## *Background*

The motions in the current case are the result of a lengthy discovery dispute.[1] Plaintiffs have sued Defendants, alleging Defendants misappropriated Plaintiffs' trade secrets which form the

---

[1] This discovery dispute began in March of 2010, and has involved seven trade secret designations, three discovery motions and numerous hearing before two separate magistrate judges over the course of roughly 19 months.

foundation of several of the Defendants' patents.  Plaintiffs filed a motion to compel discovery on September 6, 2011.  [Doc. No. 170.]  Magistrate Judge Dembin denied Plaintiffs' motion on December 12, 2011, because Plaintiffs failed to describe their trade secrets with reasonable particularity. [Doc. No. 237.]  Plaintiffs filed an Objection to the Order on January 9, 2012, arguing the Court incorrectly applied Cal. Civ. Code § 2019.210 in Federal Court.  [Doc. No. 237.]  In support of this objection, Plaintiffs filed an ex parte application for a motion for leave to file an amicus curiae brief by Roger Mr. Milgrim.  [Doc. No. 237.]  Plaintiffs also filed an ex parte motion for leave to file a reply and requesting a hearing on the objection.  [Doc. No. 242.]  At issue in the present order are the Plaintiffs' objection and ex parte applications.

## *Legal Standards*

### *I.     Review Pursuant to 28 U.S.C. § 636(b) and  Fed. R. Civ. P. 72(a)*

Magistrate judges may hear and determine pretrial matters pending before the court pursuant to 28 U.S.C. § 636(b).  Eight motions are specified within 28 U.S.C. § 636(b)(1)(a) as dispositive, and generally the remaining categories of pre-trial motions are non-dispositive.  District court review of magistrate judge orders on non-dispositive motions is limited.  A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate [judge]'s order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).  "[T]he clearly erroneous standard applies to the magistrate judge's . . . discretionary decisions[.]" SLPR, LLC, 2010 U.S. Dist. LEXIS 89247 at *4 (internal citations and quotations omitted). "Under this standard of review, a magistrate [judge]'s order is 'clearly erroneous' if, after considering all of the evidence, the district court is left with the definite and firm conviction that a mistake has been committed, and the order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Yent v. Baca*, 2002 WL 32810316, at *2 (C.D. Cal. 2002).

Discovery orders are ordinarily considered non-dispositive because they do not have the effect of dismissing a cause of action.  *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).  Due to discovery motions' non-dispositive nature, decisions by a magistrate judge regarding the scope and nature of discovery are "afforded broad discretion." *Brighton Collectibles, Inc. v. Marc Chantal USA,*

*Inc.*, 2008 U.S. Dist. LEXIS 21530, *2 (S.D. Cal. March 18, 2008).  Accordingly, a district court may reconsider a magistrate judge's ruling on a discovery motion under the appropriate clearly erroneous or contrary to law standard.  Under this standard, a district court overturns a magistrate judge's ruling only if the district court finds, with firm conviction, a mistake was made or that the magistrate judge misinterpreted or misapplied the appropriate law.[2]  "This essentially amounts to an abuse of discretion standard." *SLPR, LLC v. San Diego Unified Port Dist.*, 2010 U.S. Dist. LEXIS 89247 at *4 (S.D. Cal. August 27, 2010). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

### *Discussion*

Plaintiffs' object to Magistrate Judge Dembin's Order Denying Motion to Compel on two grounds.  The Plaintiffs argue: (1) that the Court incorrectly applied a state law of procedure in federal court and (2) that the Court incorrectly found that Plaintiffs did not describe their trade secrets with reasonable particularity pursuant to Cal. Civ. Code § 2019.210.  As a preliminary matter, the Court will first determine the appropriate standard of review.

### I.     *Nature of the Magistrate Judge's Order*

In their objections, Plaintiffs argue that the Court should review Magistrate Judge Dembin's order de novo, because it has the effect of a dispositive order.  Plaintiffs contend that the "Court's rejection of Gabriel's trade secret designations would preclude any discovery into those claims and deprive Plaintiffs of vital evidence needed to prove such claims." *Id.* While Plaintiffs' correctly point out that the effect of the ruling needs to be analyzed in order to determine whether or not the ruling is dispositive, the Court finds Plaintiffs' analysis of Magistrate Judge Dembin's order mischaracterizes the order and applicable standard of review.

This court finds Magistrate Judge Dembin's Order Denying Plaintiffs' Motion to Compel to be a non-dispositive determination. [Doc. No. 170.]  The Order denying Plaintiffs' motion to compel is not dispositive of Plaintiffs' trade secret claim, because Judge Dembin is not determining the merits of the trade secret, rather he is pointing out that the description of the trade secret has not been adequately

---

[2] *Dish Network, L.L.C. v. Sonicview USA, Inc.*, 2011 U.S. Dist LEXIS 37457, *2-3 (S. D. Cal. April 6, 2011); *see also California v. Kinder Morgan Energy Partners, L.P.*, 2011 U.S. Dist. LEXIS 43655, *6 (S.D. Cal. April 22, 2011).

articulated to meet the sufficient particularity standard.[3]  [Doc. No. 229, at 8.] Pursuant to Cal. Civ. Code § 2019.210, the Plaintiffs must identify their trade secret(s) with reasonable particularity before they are entitled to discovery. It is the Plaintiffs' inability and repeated failure to articulate their trade secrets in compliance with § 2019.210, despite seven separate opportunities over the course of this case, which led to Magistrate Judge Dembin's Order denying the Plaintiff's motion to compel additional discovery.

Based upon the foregoing, the Court finds Magistrate Judge Dembin's Order is a discovery order that is non-dispositive. *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990).  Magistrate Judge Dembin's decision to deny the Plaintiff's motion to compel should be afforded broad discretion. *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, 2008 U.S. Dist. LEXIS 21530, *2 (S.D. Cal. March 18, 2008).  Accordingly, this Court will review Magistrate Judge Dembin's Order under the clearly erroneous and contrary to law standard.[4]  Under this standard, a district court overturns a magistrate judge's ruling only if the district court finds, with firm conviction, a mistake was made or that the magistrate judge misinterpreted or misapplied the appropriate law.

## II.     *Magistrate Judge's Ruling that the Plaintiff Failed to Describe Their Trade Secrets With Reasonable Particularity*

The Plaintiffs contend that Magistrate Judge Dembin incorrectly found that Plaintiffs did not describe their trade secrets with reasonable particularity pursuant to Cal. Civ. Code § 2019.210.

The California Code of Civil Procedure § 2019.210 requires that a party alleging misappropriation of a trade secret must, before commencing discovery relating to the trade secret, identify the trade secret with "reasonable particularity."  Upon review of the Plaintiffs' descriptions, this Court concurs with Magistrate Judge Dembin's ruling that the descriptions of the trade secret's design

---

[3] "The Court agrees that a unique approach to a problem can constitute a process that is a protectable trade secret provided that the approach process is sufficiently described. Accordingly, the Court finds that a sufficiently described procedural approach or framework can constitute a trade secret. However, the Court does not find Plaintiffs have described their procedural approach with adequate specificity." [Doc. No. 229, at 8.]

[4] However, even if the Court were to agree with Plaintiffs' and conclude that the Order Denying Motion to Compel is dispositive, this point would be moot because the statue of limitations has passed on this issue, as set forth by this court on the ruling of the Partial Summary Judgment Order.

approach are too vague to allow for the additional discovery requested by the Plaintiffs,[5] which itself has not been articulated with any level of specificity.[6] Based upon the foregoing, the Court finds Magistrate Judge Dembin exercise of his discretion to limit the scope of discovery where the description of the trade secret has not been adequately articulated to meet the sufficient particularity standard was not clearly erroneous or contrary to law.

### III.     *Plaintiff's Objection to the Application of California Civil Code § 2019.210 in Federal Court*

The Plaintiffs argue that the Court incorrectly applied a state law of procedure in federal court.[7] When questions of state law are raised in federal court, the federal court must apply state substantive law and federal procedural law. *Erie R.R.*, 304 U.S. 64, 78 (1938). In the current case, the issue then becomes whether Cal. Civ. Code § 2019.210 is a substantive or a procedural law. *Computer Economics, Inc. v. Garter Group, Inc.,* 50 F. Supp. 2d 980, 986 (S.D. Cal 1999)**.** The answer to this question lies in a two part test where the court must determine if the state rule conflicts with an applicable Federal Rule of Civil Procedure and if it does, the court must apply the federal rule, but if it does not, the court must

---

[5] The Court denied Plaintiffs' motion to compel because in Trade Secret Designation Number One, Plaintiffs' failed to describe the configuration or essential programming of the components and sub-components and failed to describe the nature of the communications between the components involved in their trade secret. [Doc. No. 229, at 8.] The Court reaffirmed its finding that Trade Secret Designation Numbers Two through Ten were insufficient because they provided less information and more ambiguous terms than Trade Secret Number One. [Doc. No. 229, at 9.]

[6] Instead of specifically articulating their discovery requests and why the requested information was essential to their claim, the majority of Plaintiffs' memorandum of points and authorities in support of their motion to compel focuses on arguing why Plaintiffs' meet the sufficiently particular standard. [Doc. No. 170-1.] The references in Plaintiff's Memorandum to additional discovery requests are sparse and not articulated with any detail or explanation. *See* Doc. No. 170-1, at 15-6 ("Mr. Sheynblat further admitted that he had both a physical folder and an email folder concerning the Locate project, but it appears Plaintiffs were not provided the full contents of those files due to the limits on discovery....] the record suggests a curious pattern of claimed lack of memory among Defendants' witnesses on topics that are central to the merits of Plaintiffs' claims. Only full discovery will give Plaintiffs the opportunity to obtain the facts.")

[7] The Defendants argue that the Plaintiffs' objection to the application of § 2019.210 in federal court, is untimely. Pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure, a party must object to an order of a Magistrate Judge within 14 days of entry of the order. Defendants' contend that the Plaintiffs' objection is untimely because the issue of application of § 2019.210 in federal court was first raised in a conference with Magistrate Judge Porter in March of 2010 and later confirmed in the scheduling order issued by Judge Porter on March 30, 2010. Defendants argue that the Plaintiffs should not be permitted to object to the application of § 2019.210 nearly two years later and only after failing to repeatedly to meets its requirements. While there is arguably merit to the Defendants' argument, this Court will not deny Plaintiffs' objection as untimely since the Magistrate Judge addressed the Plaintiffs' continued challenges on the merits rather than denying them as untimely.

analyze whether failure to apply the state law would significantly affect the outcome of the litigation or encourage litigants to forum shop and file their actions in federal court. *Id.*

Applying the *Erie* Doctrine to the specific issue at hand, the court in *Computer Economics*, *Inc.* found that Rule 26 of the Federal Rules of Civil Procedure does not run into conflict with Cal. Civ. Code § 2019.210, because the federal rule actually assists the Court in defining the appropriate scope of discovery. *Computer Econ, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 989 (S.D. Cal. 1999). A federal rule does not conflict with state law because both rules impose a similar or overlapping requirement, as is the case with Fed. R. Civ. Pro. 26 and Cal. Civ. Code § 2019.210. *Id.* at 987. A federal rule is "sufficiently broad" to control the question before the court when an application of a state law would frustrate the purpose behind the federal rule. *Id.*

In the present case, if the court were to allow the state rule to be applied, this would not frustrate the purpose of the federal rule, rather it would further the purpose of preventing forum shopping. *Id.* at 991. When a state rule is not clearly substantive, the *Erie* doctrine requires the court to analyze the possible effect non-application of the rule would have on the outcome of the litigation and to apply the state rule if the effect would encourage forum shopping, significantly affect the outcome of the litigation or result in inequitable administration of the laws. *Id.* As in *Computer Economics*, not applying Cal. Civ. Code § 2019.210 in this case undoubtedly would influence Plaintiffs' choice of a forum,[8] and has the potential to affect the outcome of the case. Applying Cal. Civ. Code § 2019.210 "strikes a balance between a plaintiff's right to protect its trade secrets and a defendant's right to be free from the burdens associated with unsupported trade secrets claims." *Id.* at 992.

As set forth above, under *Erie R.R.*, it is appropriate to apply Cal. Civ. Code § 2019.210 in a federal court sitting in diversity, because § 2019.210 does not conflict with a federal rule, is a substantive state law and even if that were questionable, which it is not, its non-application would result

---

[8] Here, it is beyond dispute that a plaintiff would choose to file a trade secrets claim in federal court if doing so allowed the plaintiff to avoid the obligations of Section 2019.210. As Judge Whalen found:
> Non-application of CCP Section 2019(d) would entitle a plaintiff to virtually unlimited discovery, enhancing its settlement leverage and allowing it to conform misappropriation claims to the evidence produced by the defendant in discovery. This would inequitably deprive defendants of the protections of CCP Section 2019(d) and attract to federal court the unsupported trade secret lawsuits the statute was enacted to deter.

*Computer Econ, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 992 (S.D. Cal. 1999).

in undesirable forum shopping. *Erie R.R.*, 304 U.S. 64, 78 (1938). Based upon the foregoing, the Court finds Magistrate Judge Dembin application of § 2019.210 in federal court was not clearly erroneous or contrary to law.

### IV. Plaintiffs' Ex-Parte Motion for Amicus Curiae Brief

District courts have discretion to accept amicus briefs from non-parties concerning legal issues that have possible ramifications beyond the parties directly involved in the case or if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan*, 125 F.3d at 1064. An amicus brief is meant to assist the court and not merely extend the length of the litigant's brief. *See Ryan v. Commodity Futures Trading Com'n* (7th Cir. 1997) 125 F.3d 1062, 1063. An amicus brief is normally allowed only when a party is not represented competently or is not represented at all, and when the amicus has an interest in another case that may be affected by the holding in the present case, or when the amicus can present unique information that can help the court in a way that is beyond the abilities the lawyers for the parties are able to provide. *See Id.* If these limitations to filing an amicus brief are not met, then the motion should be denied. *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 n.2 (6th Cir.1976); *Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir.1970).

Plaintiffs have filed an ex parte application seeking leave to file an amicus brief by Robert M. Milgrim. Mr. Milgrim is a private practitioner and the author of "*Milgrim on Trade Secrets*." [Doc. No. 234, at 1.] Mr. Milgrim states that the outcome of the Plaintiffs' motion to compel has the potential to burden and discourage trade secret litigation in federal court, and therefore has the potential of adversely affecting his economic interest in selling his book and being called as an expert witness in trade secret trials. [Doc. No. 234, at 2.] Among the issues Mr. Milgrim lists within his brief, some are irrelevant to the motion before the court, such as his bond argument within his conclusion. [Doc. No. 234, at 5.] Mr. Milgrim's primary argument is, at best, just an echoing of Plaintiffs' original objection to the denial of the motion to compel. [Doc. No. 234-2, at 2.] Mr. Milgrim focuses on the issue of the application of Cal. Civ. Code § 2019.210 in federal court, which has already been raised by Plaintiffs' as the first argument in their objection. [Doc. No. 237, at 7; Doc No. 234-2, at 2.] Mr. Milgrim does not add a unique perspective or knowledge on this issue and his opinion appears at odds with that set forth

previously by him in his text, Milgrim on Trade Secrets.[9] The Court finds Mr. Milgrim's reference to cases and analysis are generally biased[10] and do not rise above the capabilities of Plaintiffs' counsel.

Mr. Milgrim's stated interest in this case seems too far removed from the current issue and his arguments unfairly provide support to the Plaintiffs by ignoring key cases that support the Defendants arguments, such as *Computer Economics, Inc. v. Garter Group, Inc.,* 50 F. Supp. 2d 980 (S.D. Cal 1999). Based upon Mr. Milgrim's lack of unique information or perspective and repetition of Plaintiffs' previous arguments, the Court finds his amicus brief unnecessary and unhelpful. As such, the Plaintiffs ex parte motion for leave to file an amicus curiae brief is DENIED.

### *Conclusion*

For the reasons set forth above, the Plaintiffs' Objection to the Order Denying Motion to Compel is hereby OVERRULED and the Plaintiffs' ex-parte applications for Motion for Leave to File an Amicus Curiae and Motion for Leave to File Reply[11] and Request for Hearing are hereby DENIED. [Doc. Nos. 234, 237 and 242.]

IT IS SO ORDERED.

DATED: March 13, 2012

Hon. Anthony J. Battaglia
U.S. District Judge

---

[9] Milgrim on Trade Secrets, § 14.02[3][a] n. 30 citing *Computer Economics* ("A California federal court, properly, in your author's estimation, has squarely ruled that in a diversity action § 2019.210 is applicable and controlled because it is part of California substantive law and because it does not conflict with any of the basic Federal Rules of Procedure."

[10] For example, Mr. Milgrim incorrectly concludes the Magistrate Judge relied on *Silvaco Data Systems* in denying Plaintiffs' motion to compel. However, in the Order Denying the Motion to Compel, the Magistrate Judge decided against a narrow reading of *Silvaco* where only information and not a design could be protected by a trade secret and agreed with Plaintiffs that their "unique approach to a problem can constitute a process that is a protectable trade secret." *See* Doc. No. 234-2, at 2-4, 8.

[11] At this time both parties have filed extensive briefing on the issue of Magistrate Judge Dembin application of California Civil Code § 2019.210 in Federal Court. Plaintiffs attempted to extend their own brief by filing an ex parte motion for amicus briefing and before receiving an order on that motion, presumptively filed an additional ex parte motion for leave to file additional support to their objection and to request a hearing on the issue. This Court finds that the extensive briefing on the issue is sufficient and denies Plaintiffs' Ex Parte Motion for Leave to File Reply and Request a Hearing. [Doc. No. 242.]