John van Loben Sels (State Bar No. 201354)
**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
2570 W. El Camino Real, Suite 440
Mountain View, California 94040
johnvanlobensels@whgclaw.com
Telephone: (650) 209-1230
Facsimile: (650) 209-1231

Peter A. Sullivan (New York State Bar No. 2563039)
Ronald Abramson (New York State Bar No. 1457126)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
sullivan@hugheshubbard.com
abramson@hugheshubbard.com
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

| | |
|---|---|
| **GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,**<br><br>    Plaintiffs,<br><br>vs.<br><br>**QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,**<br><br>    Defendants. | **CIVIL ACTION NO. 3:08-cv-01992-AJB-MDD**<br><br>**PLAINTIFFS' REPLY BRIEF REGARDING BREACH OF CONTRACT REMEDIES PURSUANT TO MAGISTRATE JUDGE DEMBIN'S JUNE 15, 2012 ORDER** |

Case 3:08-cv-01992-AJB-MDD   Document 275   Filed 07/06/12   Page 2 of 9

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ..........................................................................................................................1

    I.    DEFENDANTS FAILED TO ADDRESS THE LIMITED LEGAL QUESTION OF AVAILABLE REMEDIES FOR BREACH OF CONTRACT. ...........................................................................................................1

        A.    Defendants Improperly Attempt to Relitigate their Motion to Dismiss Plaintiffs' Second Cause of Action for Breach of Contract. ............................................................................................................1

        B.    Defendants Misrepresent the Court's Prior Order Dismissing Plaintiffs' Claim for Unjust Enrichment for Trade Secret Misappropriation as a Cause of Action. ................................2

        C.    Defendants Fail to Address any of the Cases Cited by Plaintiffs in any Meaningful Fashion. ..........................................................3

CONCLUSION .......................................................................................................................5

- i -

Plaintiffs' Reply Brief Regarding Breach of Contract Remedies Pursuant to Magistrate Judge Dembin's June 15, 2012 Order
    08-cv-1992-AJB-MDD

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ajaxo, Inc. v. E*Trade Group, Inc.,* 135 Cal. App. 4th 21 (Cal. Ct. App. 2005) ....................3, 4, 5

*Foster Poultry Farms v. SunTrust Bank*, 377 Fed Appx. 665 (9th Cir. 2010) ...............................3

*Memry Corp. v. Kentucky Oil Technology, N.V.*, 2005 WL 1656877 (N.D. Cal. Jul 14, 2005) ................................................................................................................................3

*Nordberg v. Trilegiant Corp.,* 445 F. Supp. 2d 1082 (N.D. Cal. 2006)...........................................3

*University of Colorado Foundation, Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298 (Fed. Cir. 2003) ..............................................................................................................................4, 5

**TREATISES**

1 Witkin, Summary of Cal. Law (10th), Contracts § 853.................................................................3

1 Arthur Linton Corbin, CONTRACTS, § 120 (revised ed.)...............................................................3

12 Arthur Linton Corbin, CONTRACTS, § 1107 (Interim Edition.) ...................................................3

64 Samuel Williston & Richard A. Lord, A TREATISE ON THE LAW OF CONTRACTS § 64:2 (4th ed.) (1994 updated 2012)..............................................................................................3

- ii -

**Plaintiffs' Reply Brief Regarding Breach of Contract Remedies Pursuant to Magistrate Judge Dembin's June 15, 2012 Order**    08-cv-1992-AJB-MDD

**INTRODUCTION**

On June 15, 2012, the Court issued an Order (the "June 15 Order" Doc. No. 269) directing the parties to brief a single, limited issue; "what remedies are now available to Plaintiffs in connection with their remaining breach of contract claims." Plaintiffs, in accordance with that Order, provided the Court with California authorities supporting the availability of unjust enrichment damages, including disgorgement of license profits, for Defendants' breach of contract in this action. (Doc. No. 272.) Defendants' opposition brief, however, barely mentions the actual question posed by the Court. Rather, the entire thrust of Defendants' opposition brief is a reargument of their previously-denied motion to dismiss Plaintiffs' breach of contract claims. The Court's March 13, 2012 ruling on Defendants' motion for summary judgment (the "March 13 Ruling" Doc. No. 252), expressly denied that motion as to Plaintiffs' Second Claim for Breach of Contract on the remaining intellectual property claims in Ground One and Ground Six. It is improper for Defendants to reargue that motion here.

To the limited extent Defendants actually touch on the issue raised by the Court, they fail to explain why the California cases and authorities cited by Plaintiffs supporting unjust enrichment as an appropriate remedy for breach of contract under California law should not apply here. Plaintiffs have demonstrated that California law permits the remedy of unjust enrichment damages for breach of contract claims, and Defendants have failed to mount any substantive argument to the contrary. Accordingly, Plaintiffs' motion for discovery into damages issues should be granted.

**ARGUMENT**

**I.  DEFENDANTS FAILED TO ADDRESS THE LIMITED LEGAL QUESTION OF AVAILABLE REMEDIES FOR BREACH OF CONTRACT.**

   **A.  Defendants Improperly Attempt to Relitigate their Motion to Dismiss Plaintiffs' Second Cause of Action for Breach of Contract.**

The Court's request in the June 15 Order requested briefing on a single issue:

> "The issue to be briefed is whether, considering the posture of this case, Plaintiffs may avail themselves of a theory of unjust enrichment as a remedy to their

- 1 -

> remaining breach of contract claims. In that regard, it would be beneficial for the parties to provide an answer to the question of what remedies are now available to Plaintiffs in connection with their remaining breach of contract claims."

(Doc. No. 269 at 2-3.) Plaintiffs demonstrated in their opening brief that California law permits a plaintiff to seek unjust enrichment damages for breach of contract, and that a proper measure for those damages in a case such as this includes disgorgement of profits realized by Defendants as a result of their breach. (Doc. No. 272.)

In response, Defendants ignore the question raised by the Court and spend the first seven pages of their brief questioning whether Plaintiffs have a remaining breach of contract claim at all, in effect rearguing their denied motion for summary judgment on that issue. This is beyond the scope of the Court's directive because it did not invite briefing on that issue, Moreover, the Court has already considered and ruled on that issue:[1]

> "Defendants have not demonstrated that the statute of limitations would be triggered on the remaining intellectual property set forth in ground one or grounds two, and four through six, and as such, Defendants motion for summary judgment as to these claims based on the statute of limitations is DENIED. . .
>
> FN 29. Specifically, with regard to Plaintiffs intellectual property rights other than trade secrets in ground one and ground six, Defendants demonstrated that **Plaintiffs weren't aware of Defendants' patents filings until September to December of 2004**. . .

(Doc. No 252, p. 17; fn. 29(emphasis added).)

### B. Defendants Misrepresent the Court's Prior Order Dismissing Plaintiffs' Claim for Unjust Enrichment for Trade Secret Misappropriation as a Cause of Action.

In their opening brief, Plaintiffs explain the difference under California law between unjust enrichment as a cause of action and unjust enrichment as a remedy for breach of contract,

---

1. Defendants also attempt to circumvent the Court's instruction that "[n]o attachments or exhibits may be filed" (Doc. No. 269 at 3), by referencing uncited "facts" purportedly learned through ongoing discovery to support their erroneous assertion that Plaintiffs have no cognizable breach of contract claim remaining. (Doc. No. 274 at 5-7, 9.)

- 2 -

and demonstrate that the remedy of unjust enrichment damages is appropriate in this action. *See*, *e.g.*, *Ajaxo, Inc. v. E*Trade Group, Inc.,* 135 Cal. App. 4th 21, 55-59 (Cal. Ct. App. 2005); *Nordberg v. Trilegiant Corp.,* 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006); *see also* (Doc. 272 at 3).

Defendants ignore that distinction — falling into the very trap identified in Plaintiffs' authorities of confusing the remedy with the cause of action — in their reliance on the March 13 Ruling dismissing Plaintiffs' unjust enrichment *claim*. (Doc. No. 272 at 1). That reliance is misplaced because the March 13 Ruling dismissed Plaintiff's *cause of action* for unjust enrichment; it did not address the *propriety of a remedy* of unjust enrichment as a measure of damages for their breach of contract claim. The March 13 Ruling did not address Plaintiffs' second cause of action for breach of contract at all, which Defendants had not moved to dismiss. (*Id*.) When Defendants actually moved for summary judgment on that cause of action, the Court denied a part of Defendants' motion, for which Plaintiffs seek unjust enrichment damages as a remedy.

### C. Defendants Fail to Address any of the Cases Cited by Plaintiffs in any Meaningful Fashion.

Plaintiffs provided the Court with California precedent and other authorities demonstrating, in fact patterns similar to those here, that the remedy of unjust enrichment is appropriate for breaches of contract, and that an appropriate measure of that unjust enrichment here includes disgorgement of profits resulting from Defendants' breaches. (*See generally* Doc. No. 272 (citing *Foster Poultry Farms v. SunTrust Bank*, 377 Fed Appx. 665 (9th Cir. 2010); *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082 (N.D. Cal. 2006); *Memry Corp. v. Kentucky Oil Technology, N.V.*, 2005 WL 1656877 (N.D. Cal. Jul 14, 2005); 1 Arthur Linton Corbin, CONTRACTS, § 120 (revised ed.); 12 Arthur Linton Corbin, CONTRACTS, § 1107 (Interim Edition.); 1 Witkin, Summary of Cal. Law (10th), Contracts § 853; 64 Samuel Williston & Richard A. Lord, A TREATISE ON THE LAW OF CONTRACTS § 64:2 (4th ed.) (1994 updated 2012).).

- 3 -

Defendants fail to address those authorities and again attempt to relitigate their prior motion by improperly reframing this dispute as one for trade secret misappropriation, rather than breach of contract related to patent rights.[2]  Those arguments are another attempt at rearguing the prior motion for summary judgment.  The Court has already determined that Plaintiffs' permissible claim for breach of contract includes allegations that "Snaptrack. . . filed patent applications and patents without listing Locate as an assignee or Locate personnel as inventors." (Doc. No. 269 at 1-2).  It is for this claim — a claim that survived summary judgment — that Plaintiffs seek unjust enrichment damages.

Defendants summarily dismiss the applicability of *Ajaxo, Inc. v. E*Trade Group Inc.*, 135 Cal App. 4th 21 (Cal. Ct. App. 2005), with a conclusory statement that Defendants cannot "imagine" how the allegations related to patents in this case are similar to the proprietary rights in addressed in *Ajaxo*.  (Doc. No. 274 at 8).  The rights in *Ajaxo* are intellectual property rights akin to those claimed here.  Defendants proffer no basis to treat the intellectual property rights here any differently than those claimed in *Ajaxo*.  Similarly, Defendants ignore the Court's allowance of Plaintiffs' breach of contract claim related to patent rights described above when they cite to *University of Colorado Foundation, Inc. v. Am. Cyanamid Co.*, 342 F.3d 1298 (Fed. Cir. 2003).  (Doc. No. 274 at 8).  Here, Plaintiffs allege that Defendants were unjustly enriched when they wrongfully took and licensed for profit Plaintiffs' patent rights.  Just as in *Am. Cyanamid*, Defendants' unjust enrichment here is directly tied to their wrongful acts.

Defendants' arguments should be rejected because they do not consider the authorities cited above and because they are premised on the absence of a breach of contract claim — a

---

2.  The allegations of breach of contract here do not depend on proof of misappropriation of trade secrets.  Here, whether the subject matter alleged a trade secret under California law is not relevant to whether the contractual provision was breached; it is the terms of the contract that govern.  Failure to comply with the contract constitutes a breach.

- 4 -

Plaintiffs' Reply Brief Regarding Breach of Contract Remedies Pursuant to Magistrate Judge Dembin's June 15, 2012 Order            08-cv-1992-AJB-MDD

premise the Court rejected when it denied Defendants' motion for partial summary judgment.[3]

Plaintiffs demonstrated in their opening brief that the *Ajaxo* and *American Cyanamid* decisions (as well as the other authorities cited) support the recovery of unjust enrichment damages here.

California law recognizes that it is wrong for a party that breaches a contract to benefit from that breach. Here, Plaintiffs are entitled to seek unjust enrichment damages as a remedy for Defendants' breaches.

## CONCLUSION

For the foregoing reasons, Plaintiffs should be permitted discovery on damages issues.

///

///

///

---

3. It is telling that the only damages remedy that Defendants substantively address as unavailable are compensatory damages — a remedy that Plaintiffs have not requested. (Doc. No. 274 at 9).

- 5 -

Respectfully submitted,

By: */s/ John van Loben Sels*
    John D. van Loben Sels
    State Bar No. 201354
    **WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
    2570 W. El Camino Real, Suite 440
    Mountain View, California 94040
    Telephone: (650) 209-1230
    Facsimile:  (650) 209-1231

    Peter A. Sullivan
    New York State Bar No. 2563039
    Ronald Abramson
    New York State Bar No. 1457126
    **HUGHES HUBBARD & REED LLP**
    One Battery Park Plaza
    New York, NY 10004
    Telephone: (212) 837-6000
    Facsimile:  (212) 422-4726

    **COUNSEL FOR PLAINTIFFS GABRIEL TECHNOLOGIES CORPORATION AND TRACE TECHNOLOGIES, LLC**

- 6 -

**Plaintiffs' Reply Brief Regarding Breach of Contract Remedies Pursuant to Magistrate Judge Dembin's June 15, 2012 Order**   08-cv-1992-AJB-MDD