COOLEY LLP
STEVEN M. STRAUSS (99153) (sms@cooley.com)
JOHN S. KYLE (199196) (jkyle@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

TIMOTHY S. TETER (171451) (teterts@cooley.com)
JEFFREY S. KARR (186372) (jkarr@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendants
QUALCOMM INCORPORATED, SNAPTRACK, INC. and
NORMAN KRASNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>  Plaintiffs,<br><br>  v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>  Defendants. | Case No. 08-cv-1992 AJB MDD<br><br>**DEFENDANTS QUALCOMM, INCORPORATED, SNAPTRACK INC., AND NORMAN KRASNER'S SUPPLEMENTAL BRIEF REGARDING THE BURDEN POSED BY PLAINTIFFS' REQUESTED DISCOVERY**<br><br>FILED UNDER SEAL --<br>REDACTED PUBLIC VERSION |

## I. INTRODUCTION

Gabriel's request for documents and a deposition regarding Qualcomm's licensing program and revenues is burdensome and will yield no benefit whatsoever. With respect to burden, Qualcomm has approximately ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Those licensees have executed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ license agreements and amendments potentially responsive to Gabriel's requests. To produce just license agreements, Qualcomm must first analyze each contract and determine which ▓▓▓▓▓▓▓▓▓▓ licenses might convey rights to any of the six remaining patents-in-suit. After making that determination, Qualcomm must then ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ A broader reading of the requests would also require Qualcomm to produce the negotiating history of the ▓▓▓▓▓▓▓▓ agreements, which negotiations can occur over months or years. Production of the negotiating history for all of the agreements Gabriel seeks would result in a massive document collection, review, production and privilege log. A requirement that Qualcomm produce documents related to its license agreements, or even just the license agreements themselves, will result in a substantial burden—all for nothing.

Discovery into Qualcomm's licensing program will provide no benefit to Gabriel. First, in depositions on July 6 and July 9, Gabriel's experts admitted that Locate Networks did not "possess" each and every claim of each remaining patent-in-suit. As a result, Gabriel cannot show that Locate employees were the *sole* inventors on any remaining patents. Absent that showing, Gabriel is not entitled to unjust enrichment damages and the damages discovery becomes irrelevant. Second, Qualcomm does not ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ But the Federal Circuit has held that a plaintiff cannot rely on a portfolio license to extrapolate an imagined, hypothetical value of a tiny sliver of that license, which is exactly what Gabriel intends to do. Third, even if Gabriel could rely on a portfolio license (which it cannot), it would still have to prove that some portion of Qualcomm's licensing revenues result *directly* from the six remaining patents-in-suit. Gabriel has no hope of doing so.

1  Qualcomm's licenses include ████████████████████████████████████████
2  ████████████████████████████████████████████████████████████████████
3  ████████████████████████████████████████████  Gabriel cannot show unjust
4  enrichment if Qualcomm received the same benefit after the alleged wrongful conduct as it did
5  before. In addition, Gabriel cannot possibly expect to analyze some ████ patents and weigh
6  their relative values to allocate some portion to the six patents-in-suit. Simply put, under no
7  circumstances will the benefit to Gabriel outweigh the burden of this discovery.

8  II.   ARGUMENT.

9         A.   Discovery into ████████ License Agreements and Related Documents
                Imposes an Undue Burden on Qualcomm.
10
              1.   The Sheer Number of Qualcomm License Agreements Makes Their
11                 Production Burdensome.

12         The Court must limit the extent of discovery where "the burden or expense of the
13  proposed discovery outweighs its likely benefit." Fed. R. Civ. Proc 26(b)(2)(C)(3). Plaintiffs'
14  document requests seek discovery into every license Qualcomm has entered since 1999, so long
15  as an agreement grants a license to one or more of the six patents-in-suit. The sheer number of
16  Qualcomm license agreements makes Gabriel's request unduly burdensome.

17         At present, Qualcomm has approximately ████████████████████████
18  ████ (Declaration of Eric Reifschneider (hereinafter "Reifschneider Decl.") ¶ 2.) Those ██
19  licensees have executed ████████████████ license agreements and amendments since
20  January 1, 1999. (*Id.*) In order to produce responsive agreements, Qualcomm would need to
21  analyze each patent and each license agreement to determine whether it grants rights to any of the
22  remaining six patents. This burdensome analysis would be necessary because the license
23  agreements vary. Some grant a license ████████████████████████████████
24  ████████████████████████████████████████████ (*Id.*) Some licenses grant ████
25  ████████████████████████████████████████████████ (*Id.*) Thus,
26  Qualcomm would need to analyze each of the six patents and determine whether any claim is
27  ████████████████████████████████████████████████████████████████████
28  ████████████████████████████

In addition, typically █████████████████████████████████ ████████████████████ (*Id.* at ¶ 3.) Qualcomm typically grants ██████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████ (*Id.*) Thus, Qualcomm would need to analyze each license agreement and applicable amendment to determine which ones grant rights to any of the six remaining patents-in-suit based on ████████████████████ and also based on ████ ████████████████████████████ Such a review and analysis would be extremely burdensome given the sheer number of license agreements at issue.

   2. **Qualcomm Must Comply with** ██████████████████████ ██████████████████████████████

Qualcomm's licenses ██████████████████████████ (*Id.*, ¶ 4.) ██████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ (*Id.*) ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████ (*Id.*) ████████████████████████████████████████████████████████ ████████████████████████████████████████████████ (*Id.*) ████████████████ ████████████████████████████████████████████████████ (*See id.*)

   3. **Requiring Production of Negotiating History Documents Increases the Burden to an Almost Impossible Level.**

Production of Qualcomm's licenses alone would be extremely burdensome, but Plaintiffs' first and fifth requests, which seek information regarding "offer[s] to license" and statements of value represented to "potential licensees," appear to demand production of the negotiating history documents for each of the ████ license agreements. Requiring Qualcomm to produce such negotiating history documents would impose a nearly impossible burden.

In 2010, Qualcomm engaged in a confidential arbitration with one of its licensees regarding the terms of its license agreement and amendments. In response to requests for negotiating history documents for the agreements with that single licensee, Qualcomm produced

28,552 pages (after having reviewed thousands more), and prepared a privilege log of some 2,700 entries. ("Declaration of Jeffrey S. Karr (hereinafter, "Karr Decl.") ¶ 2.)  Extrapolating from the experience producing documents related to that single licensee, if Qualcomm had to produce similar documents for all of its ▮ licensees, Qualcomm's production could exceed ▮ pages and could include a privilege log of ▮ entries.  Even if the Court limited the production to documents that specifically mention the patents-in-suit, which Qualcomm does not believe exist, Qualcomm would still have to collect and review literally millions of pages of documents.  The cost to collect, process, and store all of the documents that might need to be reviewed for possible production would be excessively high.

### B. The Potential Benefit to Gabriel—Which is None—Does Not Outweigh the Burden to Qualcomm.

In deciding whether to order production of certain documents, the Court must weigh the relative benefit of the discovery against the burden.  Fed. R. Civ. Proc 26(b)(2)(C)(3).  Here, discovery into Qualcomm's license agreements will not benefit Gabriel at all.

First, to recover under an unjust enrichment theory, Gabriel must prove that Locate employees are the *sole* inventors of every claim in the six remaining patents.  If Locate employees are not the *sole* inventors, both the 2006 License Agreement and 35 U.S.C. § 262 give Qualcomm the right to exploit jointly-owned patents without duty of accounting to Gabriel.  (*See* Defendants' Motion to Dismiss Plaintiffs' Complaint, Doc. No. 22, Ex. 4-10 (2006 License Agreement, Section 8(a)); *see also Tavory v. NTP Inc.,* 297 Fed. Appx. 976, 984 (Fed. Cir. 2008) (finding claim for unjust enrichment based on licensing of alleged joint invention preempted and an impermissible attempt to "sidestep" 35 U.S.C. § 262).  But in depositions this week, even using the wrong legal standard, Gabriel's two expert witnesses could not testify that Locate Networks "possessed" every claim of each of the six remaining patents.[1]  (Karr Decl., ¶ 3).  Thus, Gabriel cannot establish sole inventorship and is not entitled to unjust enrichment damages, regardless of

---

[1] Whether Locate "possessed" the inventions is irrelevant and Gabriel's experts offered no opinion as to whether the allegedly omitted inventors conceived of the inventions in each claim of each remaining patent—the "touchstone" of inventorship. *Fina Oil and Chemical Co. v. Ewen,* 123 F.3d 1466, 1473 (Fed. Cir. 1997).

1  how or to whom Qualcomm licensed the remaining patents.

2  Second, Qualcomm does not ████████████████████████████████████
3  ████████████████████████████████████████████████████ (Reifschneider
4  Decl., ¶ 5.) Any license to the six remaining patents would be part of a license to a substantial
5  portion of Qualcomm's ████ worldwide patents covering a variety of technologies. (*Id*). The
6  Federal Circuit has held that these portfolio licenses are not relevant to determine the appropriate
7  royalty for a very small number of non-comparable patents. *See Lucent Technologies, Inc. v.*
8  *Gateway, Inc.,* 580 F.3d 1301, 1329-1332 (Fed. Cir. 2009) (rejecting damages calculation based
9  on dissimilar license agreements); *ResQNet.com, Inc. v. Lansa, Inc.,* 594 F.3d 860, 870-72 (Fed.
10  Cir. 2010) (finding broad licenses had no relevance to damages calculation for a single patent).

11  Third, Gabriel has no hope of showing the necessary "direct" relationship between the
12  royalties received by Qualcomm and the alleged wrongful conduct relating to the six remaining
13  patents. *See Univ. of Colo. Foundn, Inc. v. Am. Cyanamid Co.,* 342 F.3d 1298, 1311-12 (Fed.
14  Cir. 2003)). Qualcomm's license agreements ████████████████████████████
15  ████████████ (Reifschneider Decl., ¶ 6.) ████████████████████████████████
16  ████████████████████ (*See id*.) As a result, Gabriel cannot show any incremental benefit to
17  Qualcomm from including the six remaining patents ████████████████ *See Shum v. Intel*
18  *Corp.,* 630 F.Supp.2d 1063, 1080 (N.D. Cal. 2009) (holding that plaintiff cannot recover unjust
19  enrichment damages for misappropriation of intellectual property if defendant would have
20  received the same benefit regardless of the alleged misconduct.) Finally, Gabriel cannot possibly
21  expect to analyze ████ patents and allocate royalties based on the relative value of the six
22  remaining patents-in-suit—an absolute requirement for Gabriel's unjust enrichment theory.

23  **III.   CONCLUSION**

24  Gabriel has already required Qualcomm to spend millions of dollars just in discovery on
25  this meritless case. The Court should not require Qualcomm to incur even more burden and more
26  expense for discovery that will provide no benefit to Gabriel. Accordingly, the Court should deny
27  Gabriel's motion to compel.

28

| | | |
|---|---|---|
| 1 | Dated: July 13, 2012 | RESPECTFULLY SUBMITTED, |
| 2 | | COOLEY LLP |

*/s/ Jeffrey S. Karr*
STEVEN M. STRAUSS (sms@cooley.com)
JOHN S. KYLE (jkyle@cooley.com)
TIMOTHY S. TETER (teterts@cooley.com)
JEFFREY S. KARR (jkarr@cooley.com)
Attorneys for Defendants