FILED

2012 JUL 20  PM 4: 05

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

1   John van Loben Sels (State Bar No. 201354)
    WANG, HARTMANN, GIBBS & CAULEY, P.L.C.
2   2570 W. El Camino Real, Suite 440
    Mountain View, California 94040
3   johnvanlobensels@whgclaw.com
    Telephone: (650) 209-1230
4   Facsimile: (650) 209-1231

5
    Peter A. Sullivan (New York State Bar No. 2563039)
6   Ronald Abramson (New York State Bar No. 1457126)
    HUGHES HUBBARD & REED LLP
7   One Battery Park Plaza
    New York, New York 10004
8   sullivan@hugheshubbard.com
    abramson@hugheshubbard.com
9   Telephone: (212) 837-6000
    Facsimile: (212) 422-4726
10

11                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF CALIFORNIA
12                        SAN DIEGO DIVISION

13  GABRIEL TECHNOLOGIES          CIVIL ACTION NO. 3:08-cv-01992-AJB-MDD
    CORPORATION and TRACE
14  TECHNOLOGIES, LLC,
                        Plaintiffs,   PLAINTIFFS' RESPONSE BRIEF
15                                    REGARDING DAMAGES DISCOVERY
        vs.                           PURSUANT TO MAGISTRATE JUDGE
16                                    DEMBIN'S JULY 6, 2012 ORDER
    QUALCOMM INCORPORATED,
17  SNAPTRACK, INC., and NORMAN
    KRASNER,
18                      Defendants.

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

The Court requested briefing on the single issue "of whether and to what extent the requested discovery poses an undue burden or expense upon Defendants within the meaning of Fed. R. Civ. P. 26(c)." Doc. No. 276.  The requested discovery consists of nine specific document requests, a copy of which is attached as Exhibit A to the accompanying declaration of Peter A. Sullivan, Esq. (hereinafter the "Sullivan Decl.").  Plaintiffs tailored their requests narrowly, directing them to documents "sufficient to show" the revenues derived from licensing the six patents in suit, based on the understanding that the patents were generally licensed by Defendants on a portfolio basis at standard rates.  None of the requests call for "all documents" or seek production of similar scope.

Defendants once again stray from the limited issue specified by the Court, addressing the merits and rules provisions other than the one specified by the Court, and arguing burdensomeness based on a misconstruction of the requests.  Without reference to particular requests, Defendants argue that they will be required to review, produce and/or log ███████████ individual transaction documents █████████████████████ ████████████████████.  These protests are well off the mark because Plaintiffs' requests do not call for production of such documents.

In sum, Defendants have not made any showing that the burden of responding to the requests before the Court is either undue or unfair.  Consequently, the Court should allow the requested damages discovery to proceed.

**ARGUMENT**

**I.     PLAINTIFFS' REQUESTS ARE NOT TO UNDULY BURDENSOME.**

    **A.     Plaintiffs' Requests are Narrowly Tailored**

Plaintiffs' requests are directed at discovering the licensing revenues relating to the Patents-in-Suit, so that a qualified expert may determine the profits attributable to Defendants' licensing of those patents.  This is appropriate discovery where, as discussed in Plaintiffs' prior briefing, unjust enrichment based on those profits is at issue.

- 1 -

1    Plaintiffs' requests seek "documents sufficient to show" the types of licenses under which

2  the Patents-in-Suit were licensed (Requests Nos. 1 and 3); any units in which the Patents-in-Suit

3  were grouped together for licensing purposes (Request No. 2); gross revenues per year for the

4  licenses as classified by such groupings (Request No. 4); how the gross license revenues were

5  attributed or attributable to the Patents-in-Suit (Request No. 6); any internal valuations of the

6  Patents-in-Suit (Request No. 5); and how the Patents-in-Suit were licensed as standards-essential

7  patents (Requests Nos. 7 and 8), or in cross-licenses (Request No. 9). (*See* Sullivan Decl. Ex. A,

8  Schedule A). Each of these requests was specifically drafted with respect to types or classes of

9  licenses, so as to *avoid* calling for production of all underlying individual license-related

10 documents.

11     **B.     Defendants' Arguments are Directed Against Misstated Requests**

12    A party resisting discovery must "show specifically how . . . each . . . [request for

13 production] . . . is overly broad, burdensome or oppressive." *Fosselman v. Caropreso*, 2011 WL

14 999549 at *4 (N.D.Cal. 2011) (citing *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982).

15 Defendants fail to address the individual requests for production, or specify the burdens of

16 particular requests. They overlook that the requests were for documents "sufficient to show" the

17 information requested. Instead, Defendants assert that a broader production – well beyond the

18 scope of what was actually requested – would be burdensome.

19    Without discussing any request language whatsoever, Defendants repeatedly assert that

20 Plaintiffs' requests call for production of " ███████ license agreements and related

21 documents." *See* Supp. Br. at 1, 2 and 3. In one example, Defendants claim that Plaintiffs

22 requested production of "the negotiating history documents for each of the ███████ license

23 agreements." They take this position because one of the requests used the words "offer to

24 license" (Supp. Br. at 3). Read in context, however, the word "offer" in the request in question

25 (Request 1) clearly relates to a request for information concerning the *types* of licenses under

26 which Defendants had licensed or offered to license the Patents-in-Suit, not for information

27 concerning individual licenses:

28

1. DOCUMENTS sufficient to show YOUR patent licensing policies, practices and procedures during the PERIOD, including without limitation, the bases and financial terms upon which YOU license, with respect to each of the LICENSE TYPES under which any of the PATENTS-IN-SUIT have been licensed or offered for license during such period.

This request simply refers to documents sufficient to show the terms for various *categories* of licenses that have been used. Defendants equate this to a request for "the negotiating history documents for each of the ███████ license agreements." Defendants allow that their interpretation flows from a "broader reading of the requests" (Supp. Br. at 1). However, the reading is more than simply "broad" – it is a mischaracterization.

Whether or not requests broader than those made would have been burdensome, Defendants' approach of arguing against such broader requests does not meet the applicable standard because it fails to address the scope of the requests that were actually made.

**C.    Defendants Overstate the Difficulties of Determining Their Own Revenues**

Defendants contend that because their patents are licensed ███████████████████████████████████████████████████████, it would be too difficult to determine which of their licenses cover any of the six Patents-in-Suit in any given annual period (Deft. Supp. Br., page 3, lines 4-8). To support this, they submit the declaration of Eric M. Reifschneider, a Senior V.P. in Qualcomm's Technology Licensing Division. However, Mr. Reifschneider's declaration does little other than state the perceived problem. He offers no solutions, and he does not explain why a solution is not feasible.



1

2        We can only wonder if Mr. Reifschneider would have been as unforthcoming had his

3 boss asked for the same information.  We suspect Qualcomm senior managers would expect

4 solutions and alternatives.  If the request could be satisfied in part, or in a different way,

5 Qualcomm management would want to know that information.[1]  The Court should expect no

6 less.

7        Defendants have failed to demonstrate why there is anything extraordinary about

8 extracting the relevant information from the Defendants' files and databases, or otherwise

9 substantially meeting the request in an alternate acceptable manner.[2]

10 **II.    DEFENDANTS RAISE COLLATERAL AND IRRELEVANT ISSUES**

11 **AND MISREAD FEDERAL CIRCUIT DAMAGES PRECEDENTS**

       Defendants make unresponsive arguments to divert the argument from the issue of

12 burdensomeness under Rule 26(c) as specified by the Court.  Defendants seek instead to argue

13 under Rule 26(b)(2)(C)(iii), addressing the "benefit of discovery" – as a surrogate for relevance –

14 rather than sticking to the issue of burdensomeness under Rule 26(c).  From this, the Defendants

15 then wander off into arguing the merits, based on their interpretations of recent expert discovery

16 (Supp. Br. at 4 & n. 1).  Defendants seek to reargue yet again other issues that were previously

17 briefed.  The ground for unjust enrichment that the parties were previously directed to address

18 was specifically directed to breach of contract.  "Sole" vs. "joint" inventorship (Supp. Br. at 1)

19 goes to a patent remedy, not a remedy for breach of contract.

20        The issue of the "benefit" of discovery under Rule 26(b)(2)(C)(iii) is a separate issue

21 distinct from burdensomeness.  Reduced to its essentials, Defendants argue that when they elect

22 

---

23 1.

24

25

26 2.  Should the Court nevertheless be concerned that any particular portion of any request is un-
duly burdensome, it of course has the option to limit discovery accordingly, rather than deny

27 it completely. *See* Fed. R. Civ. P. 26(c)(1)(B)-(H).

28

- 4 -

1   to commingle their patents in a bundle or pool of patents, there is no way to calculate the value

2   of individual patents that were included.  Therefore, discovery of license agreements is futile – of

3   no "benefit" under Rule 26(b)(2)(C)(iii).   Defendants assert that "[t]he Federal Circuit has held

4   that these portfolio licenses are not relevant to determine the appropriate royalty for a very small

5   number of non-comparable patents," (Supp. Br. at 5), citing. two cases: *ResQNet.com, Inc. v.*

6   *Lansa, Inc.*, 594 F.3d 860, 871 (Fed. Cir. 2010); *Lucent Technologies, Inc. v. Gateway, Inc.*, 580

7   F.3d 1301, 1332 (Fed. Cir. 2009).

8        These cases do not support the proposition for which they were cited.  Indeed, no Federal

9   Circuit (or other) authority supports that proposition.  The *ResQNet* and *Lucent* cases address the

10  proper use of existing license agreements by experts to establish a reasonable royalty under the

11  "hypothetical negotiation" approach of *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318

12  F.Supp. 1116 (U.S.P.Q. 1970).  The issue in *Lucent* was that "some of the license agreements

13  [relied upon by the expert] [were] radically different from the hypothetical agreement under

14  consideration."  580 F.3d at 1327-28.  In *ResQNet*, the expert relied on "licenses with no

15  relationship to the claimed invention to drive the royalty rate up to unjustified . . . levels."  594

16  F.3d at 870.  By contrast, the requests here seeks information specifically as to the types of

17  licenses "under which" the Patents-in-Suit have been licensed.  Moreover, these licenses are

18  sought specifically in order to establish revenues attributable to the Patents-in-Suit (see, e.g.,

19  Request. No. 6).  The royalty rates (to the extent even at issue) are largely standardized.  *See*

20  Reifschneider Dec., Par. 6.

21        Indeed, the *Lucent* case, cited by Defendants, points the way on this issue.  The court held

22  that it was improper for the jury in that case to base damages on a single license, rather than on

23  "the average amount of the lump-sum agreements in evidence."  *Lucent Technologies* 580 F.3d

24  at 1331-1332.  It is not the former but the latter – an average figure based on representative

25  licenses covering the subject patents – that Plaintiffs seek to establish here.

26                              **CONCLUSION**

27        For the foregoing reasons, Plaintiffs should be permitted discovery on damages issues.

28

Dated: July 20, 2012

Respectfully submitted,

By: /s/ John van Loben Sels
     John D. van Loben Sels
     State Bar No. 201354
     **WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
     2570 W. El Camino Real, Suite 440
     Mountain View, California 94040
     Telephone: (650) 209-1230
     Facsimile:  (650) 209-1231

     Peter A. Sullivan
     New York State Bar No. 2563039
     Ronald Abramson
     New York State Bar No. 1457126
     **HUGHES HUBBARD & REED LLP**
     One Battery Park Plaza
     New York, NY 10004
     Telephone: (212) 837-6000
     Facsimile:  (212) 422-4726

     **COUNSEL FOR PLAINTIFFS GABRIEL
     TECHNOLOGIES CORPORATION AND
     TRACE TECHNOLOGIES, LLC**