FILED
2012 JUL 20 PM 4:05
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

John van Loben Sels (State Bar No. 201354)
**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
2570 W. El Camino Real, Suite 440
Mountain View, California 94040
johnvanlobensels@whgclaw.com
Telephone: (650) 209-1230
Facsimile: (650) 209-1231

Peter A. Sullivan (New York State Bar No. 2563039)
Ronald Abramson (New York State Bar No. 1457126)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
sullivan@hugheshubbard.com
abramson@hugheshubbard.com
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**SAN DIEGO DIVISION**

**GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,**
Plaintiffs,

vs.

**QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,**
Defendants.

**CIVIL ACTION NO. 3:08-cv-01992-AJB-MDD**

**DECLARATION OF PETER A. SULLIVAN IN SUPPORT OF PLAINTIFFS' RESPONSE BRIEF REGARDING DAMAGES DISCOVERY PURSUANT TO MAGISTRATE JUDGE DEMBIN'S JULY 6, 2012 ORDER**

I, Peter A. Sullivan, make the following declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a partner with the law firm Hughes Hubbard & Reed, LLP, counsel for Plaintiffs. I make this declaration of my own knowledge in support of Plaintiffs' Response Brief Regarding Damages Discovery pursuant to Magistrate Judge Dembin's July 6, 2012 Order.

2. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Fed. R. Civ. P. 30(b)(6) Notice, dated May 25, 2012.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 20, 2012

New York, New York

By: *_/s/ Peter A. Sullivan_*

Peter A. Sullivan

John van Loben Sels (State Bar No. 201354)
**WANG, HARTMANN, GIBBS & CAULEY, P.L.C.**
2570 El Camino Real, Suite #440
Mountain View, CA 94040
Telephone: (650) 209-1230
jvanlobensels@whgclaw.com

Peter A. Sullivan (New York State Bar No. 2563039)
Ronald Abramson (New York State Bar No. 1457126)
**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
sullivan@hugheshubbard.com
abramson@hugheshubbard.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,**<br>Plaintiffs,<br><br>vs.<br><br>**QUALCOMM INCORPORATED, SNAPTRACK, INC., and NORMAN KRASNER,**<br>Defendants. | **CIVIL ACTION NO. 3:08-cv-01992-MMA-POR**<br><br>**NOTICE OF 30(b)(6) DEPOSITION AND REQUEST FOR PRODUCTION** |

TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Fed. R. Civ. P. 30(b)(6), on June 12, 2012, at 10:00 a.m., at Hughes Hubbard & Reed LLP, 350 South Grand Avenue, Los Angeles, California, 90071, plaintiffs will take the deposition of Qualcomm Incorporated ("Qualcomm") upon oral examination before a person authorized by law to administer oaths. The deposition will be recorded by stenographic means and may be recorded on videotape. If not completed on the date indicated, the deposition will be continued from day to day, Sundays and holidays excluded, until completed.

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Qualcomm is required to designate and produce one or more persons to testify on its behalf who are most knowledgeable about the following matters for the time period January 1, 1999 through the present, on a worldwide basis:

## DEFINITIONS

A. "QUALCOMM", "YOU" and "YOUR" shall mean and refer to defendant Qualcomm Incorporated; its present and former agents, employees, representatives, servants, associated or related entities, predecessors, successors, accountants, and attorneys; all other persons, corporations and organizations acting on its behalf; and any or all of the foregoing.

B. "COMPLAINT" means the Plaintiffs' FOURTH AMENDED COMPLAINT in the above-captioned litigation.

C. "LICENSE TYPE" shall mean any type of licensing arrangement distinguished by one or more of the following license characteristics: patents commonly licensed in a package with other patents; patents individually licensed, patents licensed together with other forms of intellectual property such as copyrights, trade secrets, know-how, or trademarks, patents licensed incidental to the sale of products or services, patents licensed under exclusive licenses, patents licenses under non-exclusive licenses, patents licensed to related parties, patents licensed to unrelated parties, patents licensed pursuant to cross-licenses, patents licensed as essential patents under an industry standard.

D. "PATENTS-IN-SUIT" shall mean each patent and/or patent application and/or PCT/foreign patent referred to in the COMPLAINT as well as all foreign counterparts, continuations, and continuations-in-part.

E. "PERIOD" shall mean January 1, 1999 through the close of discovery in this action.

F. "PERSON" shall mean any individual, corporation, partnership, joint venture, trust, unincorporated organization, limited liability company, estate, association, joint stock company, company, or other form of business or legal entity, or any United States, foreign or international, federal, state or local (or any subdivision thereof), agency, authority, bureau, commission, department or similar body or instrumentality thereof.

G. "SUBJECT LICENSING UNIT" shall mean any individual PATENT-IN-SUIT, or any group of patents, other intellectual property, products, or services that included any of the PATENTS-IN-SUIT, licensed by YOU to any PERSON.

**30(b)(6) TOPICS**

1. YOUR patent licensing policies, practices and procedures during the PERIOD, including without limitation, the bases and financial terms upon which YOU license, with respect to each of the LICENSE TYPES under which any of the PATENTS-IN-SUIT have been licensed or offered for license during such period.

2. Each SUBJECT LICENSING UNIT currently or formerly under license by YOU to any PERSON during the PERIOD;

3. The LICENSE TYPE under which each SUBJECT LICENSING UNIT is currently or was formerly under license by YOU to any PERSON during the PERIOD, and an identification of the licensee, date of license, terms of licensing, the consideration, and each item of intellectual property, products, or services other than the PATENTS-IN-SUIT included in such SUBJECT LICENSING UNIT;

4. YOUR gross revenues or other consideration by year for each SUBJECT LICENSING UNIT, for the PERIOD;

5. Any valuation of the PATENTS-IN-SUIT, including any valuation (i) determined by or for YOU in the course of business, (ii) reflected in your own records, or (iii) represented to licensees or potential licensees, as so determined, reflected or represented at any time during the PERIOD;

6. The portion of the gross revenues or other consideration for the respective SUBJECT LICENSING UNITS that YOU have identified for the PERIOD, which was attributed or is attributable to the PATENTS-IN-SUIT;

7. Identification of (i) any industry standards for which any of the PATENTS-IN-SUIT was proposed or accepted as an essential patent; (ii) which PATENTS-IN-SUIT were proposed for or included in such standards; and (iii) which of the SUBJECT LICENSING

UNITS that YOU have identified with respect to topic 2 above resulted from any PERSON taking a license to be able to practice any such standard;

8. In any instance during the PERIOD in which any of the PATENTS-IN-SUIT were licensed together with any patents or other intellectual property of any PERSON other than YOU, how gross revenues or other consideration resulting therefrom were allocated to YOU;

9. In any instance in which SUBJECT LICENSING UNITS were included in any cross-license, identification of the rights licensed to YOU pursuant to such cross license, and any valuations of such rights.

PLEASE TAKE FURTHER NOTICE that the deponent is commanded to bring to and produce at its deposition all documents that discuss, describe, pertain, refer or relate to the matters described in Schedule A attached hereto.

Dated: May 25, 2012.

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By *_/s/ Peter A. Sullivan_*
Peter A. Sullivan
Attorneys for Plaintiffs
Gabriel Technologies Corp.
and Trace Technologies, LLC

**SCHEDULE A**

INSTRUCTIONS

A. With respect to any DOCUMENT called for by this demand that YOU contend YOU are not required to produce because of any asserted privilege (which YOU do not waive), identify with particularity each such DOCUMENT and the privilege and any other basis YOU assert entitles YOU to withhold it.

B. If any DOCUMENT required to be produced by this demand has been destroyed, identify such DOCUMENT by (i) authors or preparers; (ii) addressees; (iii) indicated or blind copies; (iv) date; (v) subject matters; (vi) number of pages; (vii) attachments or appendices; (viii) all persons to whom it was distributed, shown or explained; (ix) dates of destruction; (x) manner of destruction; (xi) reasons for destruction; (xii) persons authorizing destruction; and (xiii) persons destroying the DOCUMENT.

**DOCUMENTS REQUESTED**

1. DOCUMENTS sufficient to show YOUR patent licensing policies, practices and procedures during the PERIOD, including without limitation, the bases and financial terms upon which YOU license, with respect to each of the LICENSE TYPES under which any of the PATENTS-IN-SUIT have been licensed or offered for license during such period.

2. DOCUMENTS sufficient to show each SUBJECT LICENSING UNIT currently or formerly under license by YOU to any PERSON during the PERIOD.

3. DOCUMENTS sufficient to show the LICENSE TYPE under which each SUBJECT LICENSING UNIT is currently or was formerly under license by YOU to any PERSON during the PERIOD, and an identification of the licensee, date of license, terms of licensing, the consideration, and each item of intellectual property, products, or services other than the PATENTS-IN-SUIT included in such SUBJECT LICENSING UNIT;

4. DOCUMENTS sufficient to show YOUR gross revenues or other consideration by year for each SUBJECT LICENSING UNIT, for the PERIOD;

5. DOCUMENTS sufficient to show any valuation of the PATENTS-IN-SUIT, including any valuation (i) determined by or for YOU in the course of business, (ii) reflected in

your own records, or (iii) represented to licensees or potential licensees, as so determined, reflected or represented at any time during the PERIOD;

6. DOCUMENTS sufficient to show the portion of the gross revenues or other consideration for the respective SUBJECT LICENSING UNITS that YOU have identified for the PERIOD, which was attributed or is attributable to the PATENTS-IN-SUIT;

7. DOCUMENTS sufficient to identify(i) any industry standards for which any of the PATENTS-IN-SUIT was proposed or accepted as an essential patent; (ii) which PATENTS-IN-SUIT were proposed for or included in such standards; and (iii) which of the SUBJECT LICENSING UNITS that YOU have identified with respect to topic 2 of the 30(b)(6) topics above resulted from any PERSON taking a license to be able to practice any such standard;

8. DOCUMENTS sufficient to show, for any instance during the PERIOD in which any of the PATENTS-IN-SUIT were licensed together with any patents or other intellectual property of any PERSON other than YOU, how gross revenues or other consideration resulting therefrom were allocated to YOU.

9. DOCUMENTS sufficient to show, for any instance in which SUBJECT LICENSING UNITS were included in any cross-license, identification of the rights licensed to YOU pursuant to such cross license, and any valuations of such rights.