UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GABRIEL TECHNOLOGIES CORPORATION, et al., | CASE NO. 08cv1992 AJB (MDD) |
|---|---|
| Plaintiffs, | ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE RE: DAMAGES DISCOVERY |
| v. | |
| QUALCOMM, INCORPORATED, et al., | [Re: ECF No. 266] |
| Defendants. | |

Background

Before the Court is the joint motion of the parties to resolve a discovery dispute. (ECF No. 266). Plaintiffs are seeking financial discovery regarding damages in connection with their surviving contract claims upon a theory of unjust enrichment. (ECF No. 266 at 6-8). Defendants assert that Plaintiffs are not entitled to this discovery because the Court has dismissed Plaintiffs' claim for unjust enrichment in its entirety. (ECF No. 266 at 9-11). Plaintiffs claim that despite the dismissal, they are entitled to claim damages for unjust enrichment in connection with the remaining contract claims in the case. (*Id.*). On June 15, 2012, this Court required the parties to submit supplemental briefing. The issue to be briefed was whether, considering the posture of this case, Plaintiffs may avail themselves of a

1  theory of unjust enrichment as a remedy to their remaining breach of contract claims.
2  (ECF No. 269).  Briefs were filed as required by the Court. (ECF Nos. 272, 274, 275).
3  In addition, on July 6, 2012, the Court requested further briefing on the issue of
4  whether the requested discovery would impose an undue burden or expense upon
5  Defendants.  (ECF No. 276).  Briefs on that issue also were filed as required by the
6  Court. (ECF Nos. 282, 284).

## Status of the Case

Plaintiffs' surviving claims include a claim for breach of the 2006 Amended and Restated License Agreement between Trace Technologies, LLC and Snaptrack, Inc.  That claim is limited to allegations that Snaptrack took ownership of Locate's patents, copyrights and other intellectual property rights and filed patent applications and patents without listing Locate as an assignee or Locate personnel as inventors. (ECF Nos. 53 at 28; 252 at 22).  Also surviving are Plaintiffs' claims for correction of inventorship pursuant to 35 U.S.C. § 256 (ECF No. 53 at 29); and, for declaratory judgment of ownership interest in patents pursuant to 28 U.S.C. § 2201. (ECF No. 53 at 29-30).

As to the latter claims, it does not appear that Plaintiffs would be entitled to any financial remedy.  Under 35 U.S.C. § 256, the only available remedies are correction, if the error in attribution was made without deceptive intent, or invalidity of the affected patents. Under 28 U.S.C. § 2201, declaratory relief is the sole remedy.  Accordingly, the question before the Court is whether Plaintiffs may obtain discovery of financial information from Defendants based upon their surviving contract claims.

## The Requested Discovery

In dispute are Plaintiffs' notice for deposition pursuant to Fed.R.Civ.P. 30(b)(6) and related requests for production of documents.  Plaintiffs identified nine topics in their Rule 30(b)(6) notice pertaining to Defendants' licensing, valuation and revenues for six patents owned by Defendants. Those patents, say Plaintiffs, were obtained or

1  filed by Defendants in violation of the License Agreement between the parties.

2      In summary, Plaintiffs' topic areas request deposition testimony and
3  documents reflecting:

4      1) the extent to which Defendants have licensed any of the six patents to
5      others, separately or in packages with other patents, and the nature of those
6      licenses;

7      2) the revenues received by Defendants for any licensing of any the six patents
8      or for patent packages including any of the six patents; and,

9      3) any valuation of the six patents by Defendants individually or as part of a
10     package.

11     Rather than assert specific objections, Defendants object to having to provide
12 any discovery in response to the requests. The essence of Defendants' argument is
13 that Plaintiffs cannot succeed on their breach of contract claim because it actually is
14 based upon the dismissed claims of theft of trade secrets. And, even if Plaintiffs did
15 prevail, financial remedies are not available because Plaintiffs' unjust enrichment
16 claim has been dismissed and any financial remedy for the breach of contract is based
17 upon a theory of unjust enrichment. Consequently, say Defendants, Plaintiffs are not
18 entitled to the requested discovery.

19     Plaintiffs assert that they are entitled to financial remedy in the event that
20 they prevail on their breach of contract claim and that a possible measure of damage
21 is the extent to which Defendants profited from the breach.

22     In addition to asserting that no damages discovery is warranted based upon
23 the posture of the case, Defendants assert that the production is unduly burdensome
24 as it would require Defendants to painstakingly parse hundreds of licensing
25 agreements and obtain permission from licensees to disclose the information.
26 Defendants assert that the burden is undue, in part, because of the likelihood that
27 Plaintiffs cannot prevail. (ECF No. 282).

28

1  Plaintiffs, however, disclaim that they are seeking any licensing agreements or
2 identities of licensees. Instead, Plaintiffs assert that they will be satisfied without
3 the production of any specific licenses or the identification of any licensees.

## Legal Standard

5  The Federal Rules of Civil Procedure generally allow for broad discovery,
6 authorizing parties to obtain discovery regarding "any nonprivileged matter that is
7 relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good
8 cause, the court may order discovery of any matter relevant to the subject matter
9 involved in the action." *Id.* Relevant information for discovery purposes includes any
10 information "reasonably calculated to lead to the discovery of admissible evidence,"
11 and need not be admissible at trial to be discoverable. *Id*. There is no requirement
12 that the information sought directly relate to a particular issue in the case. Rather,
13 relevance encompasses any matter that "bears on" or could reasonably lead to matter
14 that could bear on, any issue that is or may be presented in the case. *Oppenheimer*
15 *Fund, Inc. v. Sanders*, 437 U.S. 340, 354 (1978). District courts have broad discretion
16 to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732,
17 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit discovery
18 where the discovery sought is "unreasonably cumulative or duplicative, or can be
19 obtained from some other source that is more convenient, less burdensome, or less
20 expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits also should be imposed where the
21 burden or expense outweighs the likely benefits. *Id*.

## Discussion

23  Plaintiffs are entitled to a remedy in the event that they prevail on their
24 breach of contract claims. *See* Cal.Civ.Code §3300. California law, in general,
25 provides for unjust enrichment damages in contract claims. *See, e.g., Ajaxo, Inc. v.*
26 *E*Trade Group, Inc.,* 135 Cal.App.4th 21, 55-59 (Cal.Ct.App. 2005). In *Ajaxo,* the
27 Court of Appeals explained that the remedies for breach of contract include
28

1  "damages" and "restitution." The court explained that under California law the term
2  "restitution" is often synonymous with "unjust enrichment". *Id.* at 55-56.

3  Consequently, Plaintiffs are entitled to discovery regarding their theory of
4  recovery.  The contract claims in this case, limited though they may be, have survived
5  summary judgment.  Plaintiffs are entitled to pursue these claims and to pursue
6  damages as authorized by law.  The Court is mindful that a Judge of this Court has
7  opined that Plaintiffs' case is predicated upon trade secret theft and that all claims of
8  trade secret theft and unjust enrichment have been dismissed with prejudice.
9  Nonetheless, these limited contract claims have survived and some damages
10 discovery is warranted.

11 Defendants' claim of undue burden is based primarily upon Defendants'
12 assertion that Plaintiffs cannot prevail.  In addition, Defendants assert that culling
13 through numerous license agreements and notifying licensees, under the
14 circumstances, also is undue.  Defendants have not asserted that the process would
15 be expensive, only burdensome.  Inasmuch as Plaintiffs are not requiring the
16 production of any actual licenses or the identification of any licensees, some of
17 Defendants' concerns are alleviated.

18 Specific objections are not before the Court - only the general objection that
19 damages discovery is not warranted.  That objection by Defendants is
20 **OVERRULED**.  Plaintiffs are entitled to discovery on their theory of damages for the
21 remaining breach of contract claims.  To guide the process, the Court finds that
22 discovery in the three areas outlined above is appropriate.  Defendants are not
23 required to produce any licensing documents nor identify any licensees.  To the
24 extent that Defendants have documents that satisfy the requests, such documents
25 must be produced.  Defendants also must produce for deposition appropriate persons
26 to respond to proper questions consistent with this Order.

27 The Court will rule on specific objections that survive a meet and confer and
28

are presented in a joint motion.

## Conclusion

For the foregoing reasons, Defendants objection to providing any financial damages discovery to Plaintiffs is overruled.  Defendants must provide discovery as provided in this Order.

**IT IS SO ORDERED.**

DATED: August 2, 2012

Hon. Mitchell D. Dembin
U.S. Magistrate Judge