COOLEY LLP
STEVEN M. STRAUSS (99153) (sms@cooley.com)
JOHN S. KYLE (199196) (jkyle@cooley.com)
4401 Eastgate Mall
San Diego, California  92121
Telephone:      (858) 550-6000
Facsimile:       (858) 550-6420

TIMOTHY S. TETER (171451) (teterts@cooley.com)
JEFFREY S. KARR (186372) (jkarr@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:      (650) 843-5000
Facsimile:       (650) 857-0663

Attorneys for Defendants
QUALCOMM INCORPORATED, SNAPTRACK, INC. and
NORMAN KRASNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>　　　　　Defendants. | Case No.  08-cv-1992 AJB MDD<br><br>**DEFENDANTS QUALCOMM, INCORPORATED, SNAPTRACK INC., AND NORMAN KRASNER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER TO SUBMIT CERTAIN DOCUMENTS UNDER SEAL** |

## I. INTRODUCTION

Defendants Qualcomm Incorporated, SnapTrack, Inc. and Norman Krasner (collectively "Defendants") respectfully request that the Court seal portions of their Memorandum of Points and Authorities in Support of Motion for Summary Judgment ("Moving Brief") and certain exhibits to the Declaration of Timothy S. Teter In Support of Defendants' Motion For Summary Judgment ("Teter Declaration"), both filed on August 10, 2012.

## II. PROCEDURAL HISTORY.

On April 21, 2010, this Court issued a Protective Order [Dkt No. 67], the terms of which were stipulated to by the Parties in this matter.

This Protective Order defines as "Confidential" "any document, thing, or information (collectively "material") which contains trade secrets or other confidential research, development or commercial information." (Protective Order at 1:2-5.) The Protective Order prohibits the disclosure of Confidential materials except in certain enumerated circumstances. (*See id*. at 6:3-12:3.) Section 13 of the Protective Order requires all confidential materials to be filed with the Court under seal and requires any party wishing to file confidential materials under seal to seek leave of Court pursuant to Civil Local Rule 79.2. The Protective Order further states that "subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the proceeding will take place, after application by the affected party with appropriate notice to opposing counsel." (*Id*. at 19:9-12.)

## III. ARGUMENT

Defendants move to file under seal portions of the Moving Brief as well as Exhibits 2, 3, 12, 13, 14, 15, 20, 21, 22, 34, 39, 40, 41, 42, 43, 44, 45, and 48 to the Teter Declaration.

The evidence Defendants cite in the Moving Brief falls into two categories of Confidential information as contemplated by the Protective Order—confidential documents and confidential deposition testimony. With one exception, Exhibits 3, 12, 13, 14, 15, 20, 40 and 48 to the Teter Declaration are documents produced by Gabriel in this litigation, which Gabriel has designated as

Confidential pursuant to the Protective Order.[1]  Pursuant to Section 13 of that Protective Order, Defendants seek to file those exhibits under seal.  Defendants further seek to file the Moving Brief under seal and then to redact from it the facts or argument that discloses the content of the exhibits that are designated Confidential in a subsequent publicly-filed version.

Exhibits 2, 21, 22, 34, 39, 41, 42, 43, 44, and 45 to the Teter Declaration are excerpts from deposition transcripts that Gabriel has asserted should be treated as confidential and handled in accordance with the Protective Order.  Pursuant to Section 13 of that Protective Order, Defendants seek to file those exhibits under seal.  Defendants further seek to file the Moving Brief under seal and then to redact from it the facts or argument that discloses the content of the transcripts that are designated Confidential in a subsequent publicly-filed version.

### IV. CONCLUSION.

Based on the foregoing, Defendants respectfully requests that the Court issue an order permitting the filing under seal portions of the Moving Brief as well as Exhibits  2, 3, 12, 13, 14, 15, 20, 21, 22, 34, 39, 40, 41, 42, 43, 44, 45, and 48 to the Teter Declaration.  Defendants shall forthwith publicly file a redacted version of the Moving Brief.

Dated: August 10, 2012                COOLEY LLP


_____/s/ Jeffrey S. Karr_____
STEVEN M. STRAUSS (sms@cooley.com)
JEFFREY S. KARR (jkarr@cooley.com)
Attorneys for Defendants

764502 v1/SD

---

[1] The only exhibit designated by Qualcomm as Confidential is Exhibit 40, which is a communication between SnapTrack and its outside patent counsel regarding a draft patent application.