1  COOLEY LLP
   STEVEN M. STRAUSS (99153) (sms@cooley.com)
2  JOHN S. KYLE (199196) (jkyle@cooley.com)
   4401 Eastgate Mall
3  San Diego, California  92121
   Telephone:     (858) 550-6000
4  Facsimile:     (858) 550-6420

5  TIMOTHY S. TETER (171451) (teterts@cooley.com)
   JEFFREY S. KARR (186372) (jkarr@cooley.com)
6  Five Palo Alto Square
   3000 El Camino Real
7  Palo Alto, CA  94306-2155
   Telephone:     (650) 843-5000
8  Facsimile:     (650) 857-0663

9  Attorneys for Defendants
   QUALCOMM INCORPORATED, SNAPTRACK, INC. and
10 NORMAN KRASNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>            Plaintiffs,<br><br>    v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>            Defendants. | Case No.  08-cv-1992 AJB MDD<br><br>**DEFENDANTS QUALCOMM, INCORPORATED, SNAPTRACK INC., AND NORMAN KRASNER'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER TO SUBMIT CERTAIN DOCUMENTS UNDER SEAL** |

COOLEY LLP
ATTORNEYS AT LAW

MEMORANDUM ISO MOTION TO SEAL
08-CV-1992 AJB MDD

I.  **INTRODUCTION**

Defendants Qualcomm Incorporated, SnapTrack, Inc. and Norman Krasner (collectively "Defendants") respectfully request that the Court seal portions of their Memorandum of Points and Authorities in Support of *Daubert* Motion to Exclude Testimony and Expert Reports of Plaintiff's Experts Anant Sahai and Nenad Medvidovic ("Moving Brief") and certain exhibits to the Declaration of Declaration of Timothy S. Teter In Support of Defendants' *Daubert* Motion ("Teter Declaration"), both filed on August 10, 2012.

II.  **PROCEDURAL HISTORY.**

On April 21, 2010, this Court issued a Protective Order [Dkt No. 67], the terms of which were stipulated to by the Parties in this matter.

This Protective Order defines as "Confidential" "any document, thing, or information (collectively "material") which contains trade secrets or other confidential research, development or commercial information." (Protective Order at 1:2-5.) The Protective Order prohibits the disclosure of Confidential materials except in certain enumerated circumstances. (*See id*. at 6:3-12:3.) Section 13 of the Protective Order requires all confidential materials to be filed with the Court under seal and requires any party wishing to file confidential materials under seal to seek leave of Court pursuant to Civil Local Rule 79.2. The Protective Order further states that "subject to public policy, and further court order, nothing shall be filed under seal, and the court shall not be required to take any action, without separate prior order by the Judge before whom the proceeding will take place, after application by the affected party with appropriate notice to opposing counsel." (*Id*. at 19:9-12.)

III.  **ARGUMENT**

Defendants move to file under seal portions of the Moving Brief as well as Exhibits 1, 2, 3, and 4, to the Teter Declaration.

The evidence Defendants cite in the Moving Brief falls into two categories of Confidential information as contemplated by the Protective Order—confidential expert reports and confidential expert deposition testimony. Exhibits 1 and 3 to the Teter Declaration are the written reports of Plaintiffs' experts Anant Sahai and Nenad Medvidovic, respectively. Plaintiffs

designated both expert reports Confidential and subject to the Protective Order. Pursuant to Section 13 of that Protective Order, Defendants seek to file those reports under seal. Defendants further seek to file the Moving Brief under seal and then to redact from it all references to the text of those reports in a subsequent publicly-filed version.

Exhibits 2 and 4 are excerpts from the Sahai and Medvidovic deposition transcripts, respectively. Those transcripts have been designated as confidential and must be handled in accordance with the Protective Order. Pursuant to Section 13 of that Protective Order, Defendants seek to file those exhibits under seal. Defendants further seek to file the Moving Brief under seal and then to redact from it all facts derived from those transcripts in a subsequent publicly-filed version.

## IV. CONCLUSION.

Based on the foregoing, Defendants respectfully requests that the Court issue an order permitting the filing under seal portions of the Moving Brief as well as Exhibits 1, 2, 3, and 4 to the Teter Declaration. Defendants shall forthwith publicly file a redacted version of the Moving Brief.

Dated: August 10, 2012                           COOLEY LLP


                                                 _____/s/ Jeffrey S. Karr_____
                                                 STEVEN M. STRAUSS (sms@cooley.com)
                                                 JEFFREY S. KARR (jkarr@cooley.com)
                                                 Attorneys for Defendants