COOLEY LLP
STEVEN M. STRAUSS (99153) (sms@cooley.com)
JOHN S. KYLE (199196) (jkyle@cooley.com)
4401 Eastgate Mall
San Diego, California 92121
Telephone: (858) 550-6000
Facsimile: (858) 550-6420

TIMOTHY S. TETER (171451) (teterts@cooley.com)
JEFFREY S. KARR (186372) (jkarr@cooley.com)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155
Telephone: (650) 843-5000
Facsimile: (650) 857-0663

Attorneys for Defendants
QUALCOMM INCORPORATED, SNAPTRACK, INC. and
NORMAN KRASNER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>Defendants. | Case No. 08-cv-1992 AJB MDD<br><br>**DECLARATION OF JEFFREY S. KARR IN SUPPORT OF DEFENDANTS QUALCOMM, INCORPORATED, SNAPTRACK INC., AND NORMAN KRASNER'S MOTION FOR ATTORNEYS' FEES**<br><br>Date: November 30, 2012<br>Time: 1:30PM, Courtroom 12<br>Judge: Anthony J. Battaglia |

I, Jeffrey S. Karr, hereby declare as follows:

1.    I am an attorney licensed to practice law in the State of California, and I am admitted to practice before this Court. I am a partner in the law firm of Cooley LLP, attorneys of record for Defendants Qualcomm Incorporated, SnapTrack Inc., and Norman Krasner (collectively "Qualcomm"). I have personal knowledge of the facts set forth in this Declaration, and if called upon to testify I could and would testify competently thereto.

2.    I submit this declaration in support of Defendants' motion for attorneys' fees against Plaintiffs Gabriel Technologies Corp. and Trace Technologies, LLC and their counsel of record, Hughes Hubbard & Reed and Wang Hartmann Gibbs & Cauley.

3.    Attached hereto as Exhibit A is a true and correct copy of an excerpt of the transcript of the deposition of William Clise.

4.    Attached hereto as Exhibit B is a true and correct copy of a PeerMonitor Standard Rate Analysis comparing the fees generally charged by Cooley partners and associates to its peer group, which includes firms of more than 600 attorneys in Los Angeles, Silicon Valley, San Francisco, and San Diego. Peer Monitor is a service offered by Thomson Reuters. A description of the Peer Monitor service is available at (http://thomsonreuters.com/products_services/legal/legal_products/a-z/peer_monitor/).

5.    Attached hereto as Exhibit C is a true and correct copy of the AIPLA's Report of the Economic Survey analyzing the billing rates charged for intellectual property associates and partners at private firms in 2008. This Federal Circuit has affirmed a determination of reasonable rates that relied on a similar AIPLA survey. *See View Engineering, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 987-88 (Fed. Cir. 2000).

6.    Attached hereto as Exhibit D is a true and correct copy of a fee petition filed by Hughes Hubbard & Reed in a bankruptcy case. Exhibit C to the fee petition identifies the rates charged by Hughes Hubbard & Reed in that matter.

7.    Attached hereto as Exhibit E is a spreadsheet that includes a detailed description of the work performed by Cooley attorneys, paralegals and litigation support throughout this case. The descriptions in the attached report have, in most instances, been revised from what appears

on actual invoices to protect against the disclosure of attorney/client information, attorney work product, or other highly sensitive litigation strategies but still summarize the nature of the work, as well as the date of the work, so that the Court and counsel can evaluate the reasonableness of the work performed. The total fees reflected on the spreadsheet are $10,444,053.00.[1] However, based on information from Qualcomm, approximately $200,000 of the fees billed either have been or will be written off. Accordingly, Defendants are seeking recovery of $10,244,053.00. Of the fees incurred, $8,477,894.00 was incurred after Hughes Hubbard & Reed and Wang Hartmann Gibbs & Cauley appeared as Gabriel's counsel at the Rule 26(f) conference on March 15, 2010. Of the amount incurred after counsels' appearance, $5,514,684.70 was incurred before March 13, 2012, the date on which the Court granted the summary judgment motion on the trade secrets claim. Regardless of which counsel represented Gabriel at the time, the total fees incurred prior to March 13, 2012 was $7,479,843.70.

8.  Attached hereto as Exhibit F are the biographies of the attorneys at Cooley primarily responsible for the work on this case. Given the length of this case, Defendants have not submitted the biographies of every attorney or paralegal who participated in the matter. However, Defendants can provide that information at the Court's request.

9.  Attached hereto as Exhibit G is a true and correct copy of the invoices for the contract document review conducted by attorneys from Black Letter Discovery, Inc. The total amount of fees incurred for outside contract attorneys was $391,928.91.

10. Attached hereto as Exhibit H is a true and correct copy of the invoices received from H5, an outside search vendor retained by Qualcomm to automate the first level document review for potentially responsive documents. The total fees charged by H5, which Qualcomm contends should be recoverable, is $2,829,349.10.

11. In this case, Defendants' litigation counsel has spent 22,921.50 hours in the fours years of this litigation. The discovery and preparation necessary to defend the case was immense. Counsel made 106 requests of Qualcomm to interview witnesses and document custodians.

---

[1] Not all of the fees incurred to date have been paid yet, but, with the exceptions mentioned above, will be in due course.

1  Qualcomm collected approximately 12,000,000 paper and ESI records.  Defendants produced
2  approximately 1.2 million pages of documents to Plaintiffs.  Defendants prepared for, took and
3  defended 39 depositions in Seattle, WA, Omaha, NE, Los Angeles, CA, San Diego, CA, Palo
4  Alto, CA, San Francisco, CA, Tyler, TX, New York, NY, and Phoenix, AZ.  Among other things,
5  Defendants prepared and filed two motions to dismiss, two summary judgment motions, a motion
6  for a bond, and litigated the sufficiency of seven different trade secret designations.

7      I declare under penalty of perjury under the laws of the United States that the foregoing is
8  true and correct and that this declaration was executed on October 12, 2012 at Palo Alto,
9  California.

12                  */s/ Jeffrey S. Karr*
13                  Jeffrey S. Karr

COOLEY LLP
ATTORNEYS AT LAW
SAN DIEGO

3.

**KARR DECLARATION ISO MOTION FOR FEES**
**CASE NO. 08-CV-1992 AJB MDD**