UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL TECHNOLOGIES CORPORATION and TRACE TECHNOLOGIES, LLC,<br><br>          Plaintiff,<br>v.<br><br>QUALCOMM INCORPORATED, SNAPTRACK, INC. and NORMAN KRASNER,<br><br>          Defendants. | Civil No. 08cv1992 AJB (MDD)<br><br>ORDER DENYING WHGC'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 373) |

Before the Court is Non-Party Wang, Hartman, Gibbs & Cauley, PLC's ("WHGC") Motion for Reconsideration, (Doc. No. 373), of the Court's previous order on Defendants' Motion for Attorneys Fees.  In that order, the Court granted in part and denied in part Defendants' Motion for Attorneys' Fees and imposed sanctions against WHGC in the amount of $64,316.50 to be awarded to Defendants as attorneys' fees. (Doc. No. 372.)  WHGC seeks reconsideration of the Court's order, specifically with regard to the amount of the award.  Having reviewed WHGC's Motion for Reconsideration, the Court finds opposition briefs are not required under the circumstances.  Moreover, pursuant to Civil Local Rule 7.1.d.1, the Court finds the motion suitable for determination on the papers and without oral argument.  For the reasons set forth below, WHGC's Motion for Reconsideration is DENIED.

## *Background*

On October 12, 2012, Defendants filed a Motion for Attorneys' Fees as against Plaintiffs, Plaintiffs' lead counsel Hughes, Hubbard & Reed, and Plaintiffs' local counsel WHGC. (Doc. No. 332.) Prior to the Court ruling upon Defendants' Motion, Defendants entered into a settlement agreement with Hughes, Hubbard & Reed. (*See* Doc. No. 366.) Accordingly, the Court considered Defendants' Motion for Attorneys' Fees solely with regard to Plaintiffs and WHGC. Following oral argument by the parties, the Court concluded that attorneys' fees were warranted under the circumstances and imposed sanctions in the form of attorneys' fees against both Plaintiffs and WHGC.

With regard to WHGC, Defendants asked that WHGC be held jointly and severally liable for $13,465,331.01, the total amount of attorneys' fees requested. Defendants asked the Court to utilize Rule 11 of the Federal Rules of Civil Procedure, or alternatively exercise its inherent authority, to impose sanctions against WHGC for its participation in the case. Under Rule 11 of the Federal Rules of Civil Procedure, attorneys owe a duty to the Court to certify that all pleadings are legally tenable and well-grounded in fact. *See* Fed. R .Civ. P. 11; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 41 (1991). Pursuant to Rule 11(b), attorneys must perform "an inquiry reasonable under the circumstances" to ensure that they have reason to believe that their legal contentions are "warranted by existing law" and that their factual contentions either "have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation." Fed. R. Civ. P. 11(b).

In light of this obligation, the Court concluded that WHGC had failed to perform an inquiry reasonable under the circumstances despite its serving in the more limited role of local counsel. (Doc. No. 371 at 18-19.) While acknowledging that the reasonable inquiry required for local counsel under Rule 11 may not be the same as that required for lead counsel in many situations, the Court nevertheless concluded that WHGC's continued filings with the Court following Judge Anello's bond order was unreasonable under the circumstances. In the bond order, Judge Anello warned of the substantial deficiencies in Plaintiffs' case and clearly indicated that Plaintiffs' claims were likely unmeritorious, lacked any significant evidentiary support, and appeared to be brought in bad faith. (*Id.* at 19 (citing Doc. No. 110 at 22).) "Although WHGC may have justifiably relied upon Plaintiffs' and [lead counsel]'s representations as support for its filings prior to Judge Anello's bond order," the Court found

that WHGC "offered no justification for its decision to continue filing documents on Plaintiffs' behalf" following Judge Anello's bond order. (*Id.*) Accordingly, the Court determined that "[a]t that point in time, WHGC's obligation under Rule 11 increased as it thereafter became unreasonable to rely on the representations of Plaintiffs and lead counsel when filing documents with the Court." (*Id.*) Thus, the Court found sanctions were warranted under Rule 11.

With regard to the appropriate amount of Rule 11 sanctions, Defendants' requested that WHGC be held jointly and severally liable for the entire amount of Defendants' attorneys' fees; however, the Court found this request excessive based on the nature of WHGC's actions and their limited role as local counsel. In the Court's view, it "appeared that WHGC initially performed a reasonable inquiry under the circumstances, and the basis for finding a Rule 11 violation arises only after the issuance of Judge Anello's bond order." (*Id.* at 20.) Therefore, the Court considered limiting WHGC's joint and several liability to those fees billed by Defendants' following the bond order, but again concluded that this award would be excessive under the circumstances. (*Id.*) Accordingly, the Court searched for an alternative amount that would be more proportionate to WHGC's violation and also serve to deter repetition of the conduct or comparable conduct by others similarly situated. (*Id.* (citing Fed. R. Civ. P. 11(c)(1), (2)).) Ultimately, the Court settled upon an alternative suggested by Defendants at the hearing regarding their Motion for Attorneys' Fees. Referencing the total amount billed by WHGC for their service as local counsel up to that point, Defendants suggested that the Court impose sanctions in the amount of $64,316.50, which would, in essence, prevent WHGC from realizing a profit for its services as local counsel in this case.[1] The Court agreed, finding the suggested amount sufficient to deter local counsel from filing documents without performing a reasonable inquiry under the circumstances, but less excessive than an award based upon Defendants' attorneys' fees incurred following Judge Anello's order. Accordingly, the Court imposed Rule 11 sanctions against WHGC in the amount of $64,316.50 to be awarded to Defendants' as attorneys' fees.

---

[1] WHGC notes that it previously reported the total fee billed to Plaintiffs from the time of WHGC's retention as $64,316.50 in error, and the correct number is $64,416.50. (WHGC Mot., Doc. No. 373 at 2 n. 2.) The Court finds this difference to be *de minimis* under the circumstances and will, therefore, continue to reference the $64,316.50 amount as it reflects the Rule 11 sanctions imposed in the Court's previous order. Additionally, the Court declines to amend its previous order in order to reflect such a slight difference in the amount.

### *Legal Standard*

Federal Rule of Civil Procedure 60 provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).  Although a district court may reconsider its decision for any reason it deems sufficient, generally a motion for reconsideration "is appropriate if the district court: (1) is presented with newly discovered evidence; (2) committed clear error or the initial decision was manifestly unjust; or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Hydranautics v. FilmTec Corp.*, 306 F. Supp. 2d 958, 968 (S.D. Cal. 2003). Whether to grant or deny a motion for reconsideration is in the sound discretion of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000)).

### *Analysis*

WHGC asks that the Court reconsider its previous imposition of sanctions in the amount of $64,316.50.  WHGC argues that Defendants made a surprise request for disgorgement of WHGC's fees at the hearing, and that WHGC had no notice that their fees were to be at issue prior to that point. As such, WHGC contends that it did not have the opportunity to produce evidence regarding WHGC's billing, specifically the amount Plaintiffs have actually paid to WHGC and the amount of the fees that WHGC billed following Judge Anello's bond order as opposed to the total billed.  Accordingly, WHGC contends that the Court should reconsider the amount awarded previously for the following reasons: (1) While WHGC has billed Plaintiffs $64,316.50 for its services through September 28, 2012, WHGC offers evidence that Plaintiffs have only paid WHGC $53,562.07 for its legal fees as of February 28, 2013; and (2) Insomuch as the Court determined that WHGC's actions following the September 20, 2010 bond order violated Rule 11, WHGC offers evidence that only $32,335.25 was billed following that order.  Based on this evidence, WHGC asks that the Court lower the original amount imposed in order to reflect WHGC's actual profit received for its services following Judge Anello's bond order.

As an initial matter, the Court disagrees with WHGC's characterization of the situation as a disgorgement of profits requested by Defendants. As WHGC notes, Defendants sought to impose joint and several liability against WHGC as to the entirety of the requested $13,465,331.01. It was only when the Court asked the Defendants what they thought WHGC's fair share of that amount might be that Defendants suggested WHGC might alternatively pay the $64,316.50 that they had billed thus far in the case. (*See* WHGC Mot. at 6-10 (referring to the hearing transcript).) Defendants noted that this amount would be more fair under the circumstances as it would prevent WHGC from realizing a profit based on their participation in the case. (*Id.*) WHGC construes Defendants' comments at the hearing as a belated request for disgorgement of profits; however, Defendants simply articulated an alternative basis for imposing an appropriate amount for sanctions in response to the Court's questions regarding the fairness of imposing $13,465,331.01 in sanctions as to local counsel. As such, the previous award of $64,316.50 does not reflect a strict disgorgement of profits award as characterized by WHGC, but rather the discretionary imposition of sanctions pursuant to Rule 11. Further, the court clearly intended billing as an appropriate measure.

With regard to WHGC's contention that the Court should reconsider the amount awarded in light of the actual amount of profit made by WHGC for its service in the case, the Court finds this argument unpersuasive. Regardless of whether Plaintiffs have yet to pay the entirety of the $64,316.50 owed, WHGC has a legal right to pursue payment as to the remaining amount. Despite WHGC's assertion that they will likely never be fully paid, the Court cannot determine with any certainty that WHGC will not recover this amount from Plaintiffs in the future. As noted in its previous order, imposing sanctions in the amount of $64,316.50 would, "in essence, prevent WHGC from realizing a profit for its services as local counsel in this case." Insomuch as WHGC maintains the potential to realize a total profit of $64,316.50, the Court need not reconsider the amount of the previous award on the basis of Plaintiffs' limited payment up to this point.

Similarly, the Court is unpersuaded by WHGC's argument that the sanctions imposed should be limited to those fees billed by WHGC after Judge Anello's bond order. WHGC makes this argument based upon the Court's determination that WHGC's actions prior to the bond order were not unreasonable, and it was only those filings made after entry of the bond order that violated Rule 11. WHGC

contends that, "to the extent that the Court intended that WHGC disgorge fees paid for work WHGC performed after the September 20, 2010 Bond Order," the amount awarded should be limited to those fees incurred thereafter. (WHGC Mot., Doc. No. 373 at 8.) However, as noted above, the award was not intended to serve as a strict disgorgement of WHGC's profits. Rather, the Court fashioned a reasonable method of imposing an amount for sanctions that would serve the following dual purposes: (1) The amount should be significant enough to deter local counsel from filing documents without performing a reasonable inquiry under the circumstances; and (2) The amount should also reflect WHGC's more limited role in the case and the nature of the violation. (Doc. No. 371 at 20.) In light of these considerations, the Court concluded that tying the sanctions to the total amount billed by WHGC would effectively serve both purposes without being excessive under the circumstances.[2] WHGC has not offered any evidence that alters the Court's previous conclusion. Accordingly, WHGC's request for reconsideration with regard to limiting the award to WHGC's fees billed following Judge Anello's bond order is denied.

### *Conclusion*

In sum, the Court finds no reason to disturb its previous ruling. Accordingly, WHGC's Motion for Reconsideration is hereby DENIED. (Doc. No. 373.) As such, WHGC will pay $64,316.50 to Defendants within 60 days of the Court's previous order. (*See* Doc. No. 371.)

IT IS SO ORDERED.

DATED: February 13, 2013

Hon. Anthony J. Battaglia
U.S. District Judge

---

[2] Moreover, WHGC's argument ignores the fact that the most natural remedy in this situation would have been to impose sanctions in the form of attorneys' fees incurred by Defendants that directly resulted from WHGC's Rule 11 violations. As noted in its previous order, the Court weighed this option, but ultimately found the imposition of $12,401,014.51 (the ultimate award) in sanctions excessive under the circumstances and opted to impose a significantly lower amount related to WHGC's involvement in the case, rather than arbitrarily fixing an amount on some percentage basis. The amount of the sanction is .005 percent of the harm caused to the Defendant. The Court finds that proportionate and appropriate under the facts.